IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROL CHESEMORE, DANIEL DONKLE,
THOMAS GIECK, MARTIN ROBBINS and
NANNETTE STOFLET, on behalf of
themselves, Individually, and on behalf of all
others similarly situated,

                                    ORDER

                Plaintiffs,

                                    09-cv-413-vis[1]

    v.

ALLIANCE HOLDINGS, INC., A.H.I., INC.,
DAVID B. FENKELL, PAMELA KLUTE,
JAMES MASTRANGELO, STEPHEN W.
PAGELOW, JEFFREY A. SEEFELDT,
ALPHA INVESTMENT CONSULTING
GROUP, LLC and JOHN MICHAEL MAIER,

                Defendants,

    and

TRACHTE BUILDING SYSTEMS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
and ALLIANCE HOLDINGS, INC.

---

[1] The parties have declined the jurisdiction of the magistrate judge. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the case temporarily to resolve the parties' current disputes.

EMPLOYEE STOCK OWNERSHIP PLAN,

                Nominal Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed class action brought under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461. After defendants Alliance Holdings, Inc., David B. Fenkell, Eric M. Lynn, James Mastrangelo, Stephen W. Pagelow, Jeffrey A. Seefeldt, and filed motions to dismiss in this case, dkts. ## 17, 18 and 39, plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck and Martin Robbins filed an amended complaint, adding a plaintiff (Nannette Stoflet) and several defendants (A.H.L., Inc., Alpha Investment Consulting Group, LLC and John Michael Maier) and removing one defendant (Eric M. Lynn)and changing their theories of liability for certain defendants. Generally, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Thus, defendants' motions to dismiss plaintiffs' original complaint, dkts. ## 17, 18 and 39 are DENIED as moot, even though some of the claims at issue in the first motions to dismiss have been included in the amended complaint.

      I anticipate that defendants will seek dismissal of the amended complaint. Indeed, they are seeking guidance regarding whether the court would prefer that they simply

2

supplement the original motions or file new motions with new briefs. Dkt. #86. A supplement will do; there is no need to repeat what has already been said in new briefs. However, in their supplement, defendants should make it clear that they are seeking dismissal of the amended complaint and incorporate by reference their earlier arguments.

Plaintiffs and the new defendants have agreed to waive the standard deadlines for service and for filing a responsive pleading and have agreed upon a deadline of March 1, 2010 for the new defendants to file an answer or otherwise respond to the amended complaint. That request for a change in deadlines, dkt. #87, will be GRANTED. Because it is likely that the new defendants will also file motions to dismiss, the original defendants may have until March 1, 2010 in which to move for dismissal and supplement their original arguments for dismissal.

ORDER

IT IS ORDERED that newly added defendants A.H.L., Inc., Alpha Investment Consulting Group, LLC and John Michael Maier may have until March 1, 2010, in which to file an answer or responsive motion and original defendants Alliance Holdings, Inc., David B. Fenkell, Eric M. Lynn, James Mastrangelo, Stephen W. Pagelow, Jeffrey A. Seefeldt, may have until the same day, March 1, 2010, in which to move for dismissal and supplement

their original arguments for dismissal.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4