IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL DONKLE,
THOMAS GIECK, MARTIN ROBBINS and
NANNETTE STOFLET, on behalf of themselves,
individually, and on behalf of all others similarly
situated,

       Plaintiffs,       OPINION AND ORDER
 v.
                       09-cv-413-wmc

ALLIANCE HOLDINGS, INC., A.H.I., INC.,
AH TRANSITION CORP., DAVID B. FENKELL,
PAMELA KLUTE, JAMES MASTRANGELO, and
JEFFREY A. SEEFELDT,

       Defendants,

 and

TRACHTE BUILDING SYSTEMS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
and ALLIANCE HOLDINGS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN,

       Nominal Defendants.

---

  In its opinion on liability, the court did not expressly address the affirmative defenses pled by defendants. Since these defenses were at least alluded to generally at trial, it does so here. The Alpha Defendant's affirmative defenses are moot in light of the court's finding that they were not liable. Laches and standing were the only affirmative defenses adequately raised by the Alliance Defendants or the Trachte Trustee Defendants

1

in their summary judgment materials or at trial.[1] The court finds that defendants failed to prove their laches defenses by a preponderance of the evidence, and their remaining affirmative defenses were waived.

Laches was the only affirmative defense raised substantively by the Trachte Trustee Defendants or the Alliance Defendants.[2] As the defendants' evidence was the same and neither specifically argued that their laches defenses differ, the court addresses them together.

The statute of limitations for claims of breach of fiduciary duty under ERISA is six years after the breach or "three years after the earliest date on which the plaintiff had actual knowledge of the breach." 29 U.S.C. § 1113. Defendants' fiduciary breaches occurred in connection with the Transaction on August 29, 2007, and plaintiffs filed this action on June 30, 2009. Even assuming plaintiffs knew the essential facts constituting the breach on August 29, 2007, they still filed suit well within the statute of limitations. *Martin v. Consultants & Admin., Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992) (defining "actual knowledge" as knowledge of "essential facts of the transaction or conduct

---

[1] The court will resolve the Alliance Defendants' standing defense in its remedies opinion, as well as the Trachte Trustee Defendants' cross claim against the Alliance Defendants.

[2] In their laches defenses, defendants simultaneously pled that plaintiff's claims were barred by the doctrine of estoppel or waiver (Alliance Def.'s Answer (dkt. #261) ¶ 303; Trachte Def.'s Answer (dkt. #258) at 7), but neither has proven that plaintiffs expressly waived any rights or engaged in any affirmative conduct that defendants could have reasonably relied upon.

constituting the violation").

Even so, the Seventh Circuit has found that the doctrine of laches can restrict legal or equitable claims that are otherwise timely under ERISA. *Teamsters & Emp'r Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 881 (7th Cir. 2002). Laches applies when the "plaintiff has waited for an unreasonable length of time to assert his claim and the defendant has been prejudiced by the delay." *Horbach v. Kaczmarek*, 288 F.3d 969, 973 (7th Cir. 2002).[3]

Defendants have not proven prejudice or that plaintiffs' delay was unreasonable. First, they have not shown that plaintiffs two-year delay impaired their ability to defend the lawsuit. For instance, they have not shown that they were unable to call witnesses or that key documents were lost. *Smith v. Caterpillar*, Inc., 338 F.3d 730, 734-35 (7th Cir. 2003). Even memory problems witnesses may have experienced fell well within the normal bounds of what one might expect in any civil trial involving a complex commercial transaction. *Id*.

Defendants' primary theory of prejudice is that plaintiffs waited two years to file suit in order to see whether the transaction ultimately benefitted them and, as a result, defendants' damages were substantially increased. Although laches "applies to protect a

---

[3] In *Gorman Bros.*, the Seventh Circuit also explained that laches is "the mirror image of equitable estoppel," 283 F.3d at 881, making it unclear whether laches, like equitable estoppel, requires proof that the plaintiff engaged in affirmative conduct and the defendant reasonably relied on that conduct. *See Cent. States, Se. and Sw. Areas Pension Fund v. Kroger Co.*, 2003 WL 1720023, 8-9 (N.D. Ill. 2003). Any uncertainty is irrelevant here, however, because defendants have not met their burden of proof on even the basic elements for laches (as explained in the text above).

defendant . . . from unfairly accentuated damages occasioned only by a plaintiff's unreasonable delays," *Lingenfelter v. Keystone Consol. Indus., Inc.*, 691 F.2d 339, 342 (7th Cir. 1982), defendants have not proven an unreasonable delay impacted the damage award. On the contrary, that award will be based on reasonably foreseeable damages, not those caused by unforeseeable, future events, like the 2008 recession. In any event, any prejudice is no different from that faced by any defendant sued within the statutory period and plaintiffs sued well within the statutory period.

The court agrees that by delaying suit by two years plaintiffs enjoyed a "tails I win, heads you lose" period,[4] but it is not prepared to say that period of time is so long that plaintiffs are not entitled to damages, any more than would be an accident victim who waits to see if he recovers before deciding whether to bring suit or a party who tries to mitigate the damages of a breach of contract before suing. Similarly, Congress decided that a plaintiff may bring a breach of fiduciary claim three years after it obtains actual knowledge of the breach. An injured party should not be faulted for waiting a reasonable period until the extent of its injuries becomes less uncertain before incurring the certain expense of litigation, not only for themselves, but for opposing parties and the court. Given the complexity of the transaction here -- as well as their reasonable reliance on new

---

[4] More accurately, this was a "tails *we* win, heads you lose" period, since a rebound in Trachte's value would have benefitted defendants also. The Trachte Trustee Defendants held stock in Trachte as participants in the new Trachte ESOP, Alliance's seller's note from its sale of Trachte would be more likely to be repaid, and all of the defendants would have benefited because their exposure to suit would have declined.

Trachte's leadership, however misguided it proved to be -- a two-year delay in bringing suit is not unreasonable.

ORDER

IT IS ORDERED that plaintiffs are entitled to judgment on all of the affirmative defenses alleged in the Answer by Defendants James Mastrangelo, Jeffrey Seefeldt and Pamela Klute (dkt. #258) and the Answer by Defendants A.H.I., Inc., Alliance Holdings, Inc. and David Fenkell (dkt. #261), except its standing defense which the court will resolve in the remedies opinion.

Dated this 31st day of May, 2013.

BY THE COURT:

/s/

_____
William M. Conley
District Judge