IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                      Plaintiffs,                  OPINION AND ORDER

v.

                                                   09-cv-413-wmc

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                      Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                      Cross Claimants,

v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                      Cross Defendants.

---

      In this ERISA action, the court has resolved all pending claims save one, a relatively-recent claim that defendant Karen Fenkell is a gratuitous transferee under ERISA § 502(a)(3). Before the court are currently two, unrelated motions. In the first

motion, Karen Fenkell moves to dismiss this remaining claim against her (dkt. #803), which the court will deny and set the claim on an expedited track to final judgment. In the second motion, nominal defendant Alliance Holdings, Inc. Employee Stock Ownership Plan ("Alliance ESOP") moves for clarification of the court's June 4, 2013, opinion and order on the appropriate remedies in this case. (Dkt. #799.) Having reviewed Alliance ESOP's motion and respective responses by plaintiffs and defendant David Fenkell (dkt. ##812, 815),[1] the court will amend its remedies order to allow class members the option of receiving their respective allocations of the $7.8 million cash award from the alliance ESOP in cash or Alliance stock. If any members select stock, the court will appoint an independent fiduciary to value their stock and manage the stock allocation. Finally, in addition to addressing these two motions, the court would like the parties' input as to whether it should direct entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) on all claims except for the remaining claim against Karen Fenkell.

OPINION

I.  Karen Fenkell's Motion to Dismiss

The court previously granted plaintiffs leave to amend their complaint to add principal defendant David Fenkell's wife, Karen Fenkell, as a defendant and to propose a new cause of action, Count XVI, alleging that Karen Fenkell is liable as a gratuitous transferee of phantom stock plan proceeds. (7/25/12 Opinion & Order (dkt. #736).)[2]

---

[1] Alliance ESOP also filed a motion for leave to file a reply brief (dkt. #816), which the court grants.

[2] *Chesemore v. Alliance Holdings, Inc.*, 284 F.R.D. 416 (W.D. Wis. 2012).

Plaintiffs allege that on August 30, 2007, defendant David Fenkell's $2,896,100 payment from the Phantom Stock Plan for Alliance Employees was deposited into an account jointly held in the name of David Fenkell and his wife Karen Fenkell. (3d Am. Compl. (dkt. #747) ¶ 300.) Plaintiffs further allege that between August 31 and October 31, 2007, all of the monies in that jointly-held account were transferred to accounts held solely in the name of Karen Fenkell and that she neither paid nor provided anything of tangible value to David Fenkell in exchange for the transfer of those funds. (*Id.* at ¶¶ 301-04.) Because the court previously found the payment of phantom stock to David Fenkell violated ERISA and entered judgment against him, requiring in part that he disgorge this payment, plaintiffs claim Karen Fenkell must do the same pursuant to ERISA § 502(a)(3).

Karen Fenkell moves to dismiss the complaint against her, based on several arguments, some of which were already raised in opposition to plaintiffs' motion for leave to amend. (Dkt. #803.) *First*, Ms. Fenkell argues that "[p]laintiffs made a significant and fatal error . . . by attaching as Exhibit A to their Motion for Leave to Amend the Complaint the "Second Amended Class Action Complaint" (Rec. Doc. 690-1) and not the Third Amended Class Action Complaint (Rec. Doc. 747)." (Def.'s Br. (dkt. #804) 8.) This argument is meritless. Plaintiffs filed the correct complaint once they discovered the error. (Dkt. #747.) Moreover, the parties briefed the motion for leave to amend the correct complaint, and the court issued an order on that motion relying on plaintiffs' redlined document illustrating the proposed changes to the Second Amended

3

Complaint. (Dkt. #690-2.) Moreover, defendant was also able to file her present motion to dismiss without any prejudice caused by plaintiffs' clerical error.

*Second*, Ms. Fenkell argues that plaintiffs' pleading against her falls short because they fail to allege that the funds in question are "*currently* traceable to the August 2007 Transaction." (Def.'s Br. (dkt. #804) 9.) Defendant fails to point to any case law, or develop any argument, in support of her position that plaintiffs must allege or prove that the funds in her control are currently traceable to the August 2007 Transaction. Plaintiffs have alleged -- indeed, there appears to be no dispute -- that the funds from the August 2007 transaction were transferred to Karen Fenkell in October 2007. (*See* 3d Am. Compl. (dkt. #747) ¶ 300; Alliance Defs.' Phase 2 Trial Br. (dkt. #660) 34-35 ("[T]he funds are no longer in [David Fenkell's] possession, but instead are in the possession of his wife, in a bank account held solely in her name.").) These allegations are sufficient to support plaintiffs' claim that Karen Fenkell is liable as a gratuitous transferee pursuant to ERISA § 502(a)(3). 29 U.S.C. § 1132.

*Third*, defendant argues that the claim is barred by the applicable statute of limitations. In its prior order granting leave to amend, the court reserved a definitive ruling as to the applicable statute of limitations and whether plaintiffs' claim against Karen Fenkell was untimely. (7/25/12 Order (dkt. #736) 9.) Fenkell contends that plaintiffs' claim is barred by Pennsylvania's two-year statute of limitations for "an action taking, detaining or injuring personal property, including actions for specific recovery thereof." (Def.'s Br. (dkt. #804) 14 (quoting 48 Pa.C.S. § 5524(3)).) For this statute of limitations to apply, however, the following four propositions must be correct: (1)

4

ERISA does not provide a statute of limitations for a claim against a gratuitous transferee; (2) this court should look to Pennsylvania law for an applicable statute of limitations; (3) Pennsylvania's two-year statute of limitations for the recovery of property is most applicable; *and* (4) the discovery rule does not save plaintiffs' claim because they could have discovered the transfer before May 2010 with the exercise of proper diligence.

Whether plaintiff's claim falls within ERISA's general six-year statute of limitations is a close question. Section 413 of the Act provides in relevant part:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
>
> **(1)** six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> **(2)** three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Section 413 expressly covers obligations or violations of Part IV of the Act, while the claim asserted against Fenkell under ERISA § 502(a)(3) is found in Part V. As the court previously explained and plaintiffs now emphasize, however, ERISA § 502(a)(3) provides a mechanism for pursuing equitable relief for *other* ERISA violations. *Chesemore v. Alliance Holdings, Inc.*, 770 F. Supp. 2d 950, 978 (W.D. Wis. 2011). Plaintiffs argue, therefore, that the equitable claim against Karen Fenkell still arises under the breach of

fiduciary duty defined in Part IV of ERISA and, in turn, the six-year statute of limitations set forth in ERISA § 413 applies. (Pls.' Opp'n (dkt. #818 15-16.) In further support, plaintiffs cite to cases where courts applied the statute of limitations in ERISA § 413 to claims for equitable relief against non-fiduciaries. *See, e.g.*, *Landwehr v. DuPree*, 72 F.3d 726, 732 (9th Cir. 1995) (applying ERISA § 413's statute of limitations to § 502(a)(3) claim against non-fiduciary); *Solis v. Couturier*, No. 2:08-cv-02732-RRB-GGH, 2009 WL 1748724, at *2 (E.D. Cal. June 19, 2009) ("Suits brought under § 502(a)(2) for violations of a fiduciary duty under ERISA § 406 (29 U.S.C. § 1106) are therefore subject to the statute of limitations in § 413."). In response, defendant cite to a Northern District of Illinois case rejecting this argument, finding that a claim against a "party to a prohibited transaction" pursuant to ERISA § 502(a)(3) did not fall within Part IV of ERISA, and concluding, therefore, that the limitations period in ERISA § 413 did not apply. *Beachum v. Rockford Prods. Corp.*, No. 01 C 50134, 2004 WL 432328, at *1 (N.D. Ill. Feb. 6, 2004).

The court need not resolve this split in authority because defendant fails to demonstrate that this court should look beyond Wisconsin law for an appropriate limitations period, even assuming ERISA does not provide the applicable statute of limitations.[3] As the Seventh Circuit has instructed, where ERISA does not provide a statute of limitations, the court is to look to the forum state, here Wisconsin, as a

---

[3] The court also need not reach the issue of whether the discovery rule delayed accrual, thereby making plaintiffs' claim timely under the two-year Pennsylvania statute of limitations asserted by defendant. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (explaining that the "discovery rule" "is read into statutes of limitations in federal-question cases (even when those statutes of limitations are borrowed from state law) in the absence of a contrary directive from Congress").

"starting point." *Berger v. AXA Network LLC*, 459 F.3d 804, 813 (7th Cir. 2006). "If another state with a significant connection to the parties and to the transaction has a limitations period that is more compatible with the federal policies underlying the federal cause of action, that state's limitations law ought to be employed because it furthers, more than any other option, the intent of Congress when it created the underlying right." *Id.*

Fenkell posits two arguments in favor of a Pennsylvania statute of limitations applying to the claim asserted against her: (1) the Alliance ESOP plan document selects Pennsylvania law as the controlling law; and (2) Karen Fenkell is a resident of Pennsylvania. The first argument was rejected by the Seventh Circuit in *Berger*: if the claim does not arise out of the plan document itself, then a choice of law provision does not control. 459 F.3d at 814 n.15. That leaves Ms. Fenkell's and her fund's connections to Pennsylvania. Defendant has failed to explain how applying the statute of limitations from the state where she resides supports "the intent of Congress when it created the underlying rights." *Id.* at 813.

To the contrary, this claim seeks equitable relief based on David Fenkell's receipt of approximately $2.9 million after cashing in phantom stock options in violation of his fiduciary duties to the named plaintiffs and other class members, all of whom are either located in Wisconsin or have a connection to this state. Moreover, the transactions surrounding David Fenkell's breach of certain fiduciary duties were governed by Wisconsin law and arose out of the sale of Trachte Building Systems, Inc., a Wisconsin

company.  As such, Wisconsin has a significant relationship to the parties and to the transaction underlying the entire lawsuit.

The statute of limitations for actions seeking to recover personal property under Wisconsin law, which appears analogous to the Pennsylvania statute of limitations proposed by defendant, is six years.  Wis. Stat. § 893.35.  Other Wisconsin statute of limitations, which may be appropriate to the claim asserted here, provide at least six years within which to bring a claim.  *See* Wis. Stat. § 893.50 (10 years for all personal actions on any contract not limited by the chapter or any other law of this state); Wis. Stat. 893.93 (6 years for miscellaneous actions, *e.g.*, an action upon a liability created by statute when a different limitation is not prescribed by law); Wis. Stat. § 893.51 (6 years for wrongful taking of personal property).

Plaintiffs' motion for leave to amend their complaint to assert this claim against Karen Fenkell was filed on May 3, 2012.  Even assuming that the date of transfer, October 2007, started the clock running for statute of limitations purposes -- as opposed to the much later date of discovery -- plaintiffs' claim against Karen Fenkell is timely.  Moreover, plaintiffs' delay in discovering the transferred funds appears reasonable to the court for reasons previously explained.  (7/25/12 Op. & Order (dkt. #736); *also available at Chesemore*, 242 F.R.D. at 418.)  At the very least, whether plaintiffs should have discovered the transfer sooner is a question of fact, not appropriate for determination on a motion to dismiss.  *See Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 719 (7th Cir. 1994).

8

*Fourth*, defendant argues that plaintiffs' claim should be barred by the doctrine of laches. Laches applies when the "plaintiff has waited for an unreasonable length of time to assert his claim and the defendant has been prejudiced by the delay." *Horbach v. Kaczmarkek*, 288 F.3d 969, 973 (7th Cir. 2002). As explained in the court's prior order granting plaintiffs leave to amend their complaint, plaintiffs did not wait an unreasonable length of time in filing the present action, especially given plaintiffs' reasonable attempts to discover the location of David Fenkell's phantom stock proceeds. Even if the delay were somehow unreasonable, defendant has failed to explain how she was prejudiced by the delay.[4]

*Finally*, buried in a footnote, defendant Fenkell asks this court to reconsider its interpretation of *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 590 U.S. 238 (2000), that "knowledge -- whether actual or constructive -- of the existence of some fiduciary duty and breach of same is *only* required if the transferee of the trusts proceeds purchased them for some value . . . . In other words, to pursue a claim against a gratuitous transferee, such as Karen Fenkell, an allegation or proof of knowing participation does not appear to be required." (Def.'s Br. (dkt. #804 13 n.2 (quoting 7/25/12 Order (dkt. #736) 10 & 10 n.5).) In support, defendant also argues once again that by permitting plaintiffs to add a claim for gratuitous transfer by late amendment unfairly prejudiced her.

---

[4] Ms. Fenkell may well have hoped the transfer of almost $2.9 million from a jointly-held account to her solely held account would protect it from being reclaimed, but had no reason to believe it would not be challenged in this or a separate lawsuit once discovered.

As for this court's interpretation of the standard of proof required in *Harris*, defendant has failed to articulate any reason why this court's original interpretation was incorrect. As to whether Karen Fenkell was prejudiced by the late amendment, this is a *separate* issue and one already addressed by the court in its order granting plaintiffs' leave to amend their complaint. (7/25/12 Order (dkt. #736) 10-11.)[5]

## II. Motion for Clarification

Also pending before the court is nominal defendant Alliance ESOP's motion for clarification, which asks whether "allocation to the applicable participants' accounts of a contribution in the form of Alliance Holdings Inc. common stock independently valued in the amount of $7,803,543 plus prejudgment interest would satisfy the ESOP's obligations under the Order." (Alliance ESOP's Mot. (dkt. #799) 1.) This question is understandable given language in the Trust Agreement permitting the ESOP to receive contributions in the form of Alliance stock or cash. Alliance ESOP also explains that if stock is permitted, its current trustee and fiduciary, Barbie Spear, would retain a third party to value the stock.

In response, plaintiffs contend that Spear is biased and the court should appoint an independent fiduciary to manage the reinstatement process. Moreover, plaintiffs

---

[5] For the first time in her reply brief, Fenkell also argues that plaintiffs' claim falls outside "appropriate equitable relief." (Def.'s Reply (dkt. #819) 7.) This court generally will not consider arguments raised for the first time in a reply brief. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). Even if considered, the court would reject defendant's strained interpretation of the scope of such relief.

contend that class members should be given the option of receiving their respective distributions in either cash or stock, because (1) cash is simpler, and (2) it better reflects class members' likely position in July 2013, but for defendants' violations of ERISA. As plaintiffs explain, had the stock been contributed to the class members' accounts timely, class members would have had an opportunity to divest themselves from their Alliance holdings some years ago. If the court were *not* to allow this cash option, then plaintiffs also identify certain conditions for valuing stock and restoring it to the class members' accounts.[6]

In reply, the Alliance ESOP does not object to the request that this court appoint an independent fiduciary, but argues that cash payments in lieu of stock are not an appropriate remedy because it would "entangle the distinct concepts of *contributions to* participants' ESOP accounts and *distributions from* participants' ESOP accounts." (Alliance ESOP's Reply (dkt. #817) 3 (emphasis in original).) The Alliance ESOP appears to mischaracterize plaintiffs' argument. Plaintiffs are not arguing that cash is appropriate here because the Trust Agreement allowed for cash contributions, rather they are arguing that if the class members had maintained the Alliance stock owing to them at the time of Trachte's sale to the newly-formed Trachte ESOP, then by this point in time, most (if not all) would have divested that stock and received cash distributions.[7]

---

[6] Defendant David Fenkell also filed a response to the Alliance ESOP's motion for clarification. He agrees with plaintiffs that Spear is biased and joins in their request that the court appoint an independent fiduciary, but argues that contributions of Alliance stock are appropriate under the court's remedies award.

[7] Whether distributions would normally occur over some period of time (*see* Alliance ESOP's Reply (dkt. #817) 5), is of no great import, because this remedy does not reflect

Accordingly, the court agrees that each class member should be given the option of receiving his or her respective allotment in cash or Alliance stock. On or before October 30, 2013, plaintiffs should serve and file a proposed notice to class members, explaining these options and providing them 30 days to submit their choice. Defendants shall file any responses to plaintiffs' proposed notice on or before November 15, 2013. If all of the class members select cash, the parties' request to appoint an independent fiduciary to value the stock appears moot. If not, the court will ask both plaintiffs' counsel and counsel for the Alliance ESPO trustees to name a valuation expert and direct them to choose jointly an independent fiduciary to manage the reinstatement process for those class members electing stock.

## III. Rule 54(b) Judgment

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Here, the court has already decided all issues of liability and the appropriate remedy as to all claims and all of the principal parties. Plaintiff's remaining claim against Karen Fenkell is wholly tangential to those claims and will not affect them regardless of

---

"normal" conditions, but rather the unusual conditions caused by defendants' misconduct.

the outcome. Finding no just reason for further delay of judgment as to all the other claims, the court is inclined to direct the clerk of court to enter judgment as follows:

1. Defendants Stephen W. Pagelow, Alpha Investment Consulting Group, LLC and John Michael Maier are dismissed with prejudice.

2. Defendants Alliance Holdings, Inc., David B. Fenkell, A.H.I., Inc. and AH Transition Corporation are jointly and severally liable to restore to the Alliance ESOP $7,803,543 plus prejudgment interest, which shall in turn be distributed in cash according to the accounts of the members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29, 2007, with the exclusion of defendants Mastrangelo, Seefeldt and Klute unless any member of the class should elect to receive their pro rata share in stock in lieu of cash, in which case the stock allocution shall be made by an independent fiduciary as set forth above.

3. Defendant Fenkell shall restore to Trachte Building Systems, Inc. the $2,896,000 received in phantom stock proceeds as part of the August 29, 2007 Transaction, provided Trachte restores Fenkell's phantom stock plan in return.

4. Defendants Mastrangelo, Seefeldt and Klute shall pay to the Trachte ESOP $6,473,856.82 plus prejudgment interest, which shall be allocated to the class members' accounts according to their current shares as of the date of this judgment, with the exclusion of defendants Mastrangelo, Seefeldt and Klute.

5. Defendants Alliance and Fenkell shall indemnify defendants Mastrangelo, Seefeldt and Klute for any compensatory relief they are required to pay.

6. Defendant Fenkell shall be barred from continuing as trustee of the Alliance ESOP.

Before doing so, the court will seek the parties' input on: (1) whether the court should enter final judgment pursuant to Rule 54(b) on all claims save the one still pending against Karen Fenkell; and (2) whether the proposed judgment described above is correct and complete.

ORDER

IT IS ORDERED that:

1) Defendant Karen Fenkell's motion to dismiss (dkt. #803) is DENIED;

2) The court will hold a telephonic conference on October 23, 2013, at 9:00 a.m. to set a schedule for plaintiffs' claim against Karen Fenkell, plaintiffs to initiate the call to the court;

3) Nominal defendant Alliance Holdings, Inc. Employee Stock Ownership Plan's ("Alliance ESOP") motion for clarification of the court's June 4, 2013, opinion and order on the appropriate remedies in this case (dkt. #799) is GRANTED IN PART AND DENIED IN PART as described above;

4) Defendant Alliance ESOP's motion for leave to file a reply brief (dkt. #816) is GRANTED;

5) On or before October 30, 2013, plaintiffs shall submit to the court a proposed notice to class members describing the cash or stock option as set forth above. Defendants shall have until November 15, 2013 to respond with any objections to the proposed notice; and

6) On or before October 29, 2013, the parties shall submit briefs responding to the court's proposed entry of judgment pursuant to Fed. R. Civ. P. 54(b).

Entered this 15th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge