IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL DONKLE,
THOMAS GIECK, MARTIN ROBBINS and
NANNETTE STOFLET, on behalf of themselves,
individually, and on behalf of all others similarly
situated,

                Plaintiffs,                          OPINION AND ORDER

    v.

                                                          09-cv-413-wmc

ALLIANCE HOLDINGS, INC., A.H.I., INC.,
AH TRANSITION CORP., DAVID B. FENKELL,
PAMELA KLUTE, JAMES MASTRANGELO,
JEFFREY A. SEEFELDT and KAREN FENKELL,

                Defendants,

    and

TRACHTE BUILDING SYSTEMS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
and ALLIANCE HOLDINGS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN,

                Nominal Defendants.

---

Plaintiffs move for an order that "David Fenkell's Alliance ESOP account be used to satisfy the award against him in the court's remedies decision." (Dkt. #855). In doing so, plaintiffs invoke a seemingly straightforward exception to ERISA's protection from alienation of employee pension plan benefits for "any offset of a participant's benefits provided under [the] plan against an amount that the participant is ordered to pay to the plan if the order or requirement arises . . . under a civil judgment." 29 U.S.C. § 1056(d)(4). Defendant David B. Fenkell essentially concedes that the court's remedy

1

decision requires that he pay $7,803,543 to the Alliance ESOP on a joint and several basis to the other Alliance defendants. Nevertheless, Fenkell posits two reasons why his participant benefits are not subject to alienation in the manner that plaintiffs request, at least not at this time. (Dkt. #863.) As the court finds neither reason precludes the application of Fenkell's Alliance ESOP account to satisfy his obligations in this case, plaintiffs' motion will be granted in part as set forth below.

Defendant Fenkell's principal argument is that any order to offset must arise under a final civil judgment, which has not yet been entered. That is easily addressed. As Mr. Fenkell is well aware, the court has already noted that there is little reason not to enter partial summary judgment against all defendants, save Mrs. Fenkell, who continues to dispute the last factual issue before this court: whether she can be required to return funds misappropriated by her husband and provided to her without consideration. Indeed, the court recently asked the parties to brief whether partial summary judgment is appropriate at this point. The court only decided to delay entry of partial summary judgment because the case is so close to complete resolution either by agreement or court trial set for March 10, 2014. Still, this is no reason for the court not to act now under its equitable powers to preliminarily enjoin nominal defendant Alliance ESOP from disposing of Fenkell's benefits under its Plan, thus thwarting the satisfaction of a final judgment out of Fenkell's interest in that ESOP.

Defendant also disputes the form that any interim equitable remedy may take, contending that the offset of his participant benefits in the Alliance ESOP could only be

2

accomplished through a writ of attachment pursuant to Chapter 811 of the Wisconsin Statutes. Since the court's authority to enjoin the taking of assets has nothing to do with the issuance of a writ of attachment under Wisconsin law, but rather pursuant to Fed. R. Civ. P. 65, there appears no basis for Fenkell's contention. Indeed, this case is well past the stage where a pre-judgment writ of attachment is necessary given that Fenkell's legal rights have already been fully adjudicated. Plus, Chapter 811 only applies to the attachment of property located in Wisconsin, and the assets of the Alliance ESOP do not to the court's knowledge even reside in this state.

Plaintiffs argue at the opposite extreme, urging the court to enter what would amount to a permanent injunction, requiring the immediate disgorgement of Fenkell's pension benefits by the Alliance ESOP. This remedy is also flawed in that it not only contemplates entry of a final judgment, but execution of that judgment before defendant Fenkell has been given an opportunity to post a bond on appeal or to pay the judgment out of other funds, either of which may be preferable given the potential tax consequences on Fenkell of satisfying any judgment against him out of his ESOP benefits.

Having adjudicated to a certainty plaintiffs' right to offset Fenkell's benefits to pay the Plan pursuant to final judgment, and considering the possibility, however remote, that Fenkell may direct the Alliance ESOP (or the Plan might independently choose) to release those funds to himself or others in a manner that will frustrate ultimate satisfaction of a judgment in the manner contemplated by § 1056(d)(4), the court agrees that the Alliance ESOP should be preliminarily enjoined from transferring any of David Fenkell's benefits

provided under its Plan in order to maintain the status quo pending anticipation of entry of a final judgment and order of execution authorizing the application of Fenkell's participant benefits to satisfy the judgment against him in the amount of $7,803,543.

ORDER

IT IS ORDERED THAT:

1) plaintiffs' motion for an order that David Fenkell's Alliance ESOP account be used to satisfy the order against him in the court's remedies decision (dkt. #855) is GRANTED IN PART AND DENIED IN PART as set forth above; and

2) nominal defendant Alliance Holdings, Inc. Employee Stock Ownership Plan is preliminary enjoined from releasing any benefits belonging to David Fenkell in the amount of $7,803,543.

Entered this 28th day of January, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge