*Chesemore, et al. v. Alliance Holdings, Inc., et al.,* 3:09-cv-00413-wmc
Agreement between Plaintiffs and Trachte Building Systems, Inc. ("Trachte") and the
Trachte Building Systems, Inc. Employee Stock Ownership Plan ("Trachte ESOP")

WHEREAS, Plaintiffs in the above litigation, on behalf of themselves, and a Class of participants and beneficiaries in the Trachte Building Systems, Inc. Employee Stock Ownership Plan ("Trachte ESOP") and a Subclass of participants and beneficiaries in the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust ("Alliance ESOP"), asserted claims against David Fenkell and his wife Karen Fenkell in connection with their receipt of $2,896,000 received in phantom stock proceeds as part of the August 29, 2007 Transaction (the "Phantom Stock Plan Proceeds);

WHEREAS, in an October 16, 2013 Order (D.E. # 824), the United States District Court for the Western District of Wisconsin, among other things, (1) concluded that as part of the relief in this litigation "Defendant [David] Fenkell shall restore to Trachte Building Systems, Inc. the $2,896,000 received in phantom stock proceeds as part of the August 29, 2007 Transaction, provided Trachte restores Fenkell's phantom stock plan in return" and (2) permitted Plaintiffs to proceed with their claim against Defendant Karen Fenkell;

WHEREAS, on November 29, 2013, Plaintiffs, on behalf of the Subclass and Class, entered into a Partial Settlement Term Sheet (the "Fenkell Defendants Settlement Term Sheet") with Defendants David Fenkell and Karen Fenkell ("the Fenkell Defendants"), setting forth the terms and conditions of an agreement to settle the claims regarding the Phantom Stock Proceeds, including the payment of $1,800,000 by the Fenkell Defendants (the "Fenkell Defendants Settlement Payment");

WHEREAS, the terms of the Fenkell Defendants Settlement Term Sheet are conditioned upon the Court approving the provisions of the Fenkell Defendants Settlement Term Sheet under Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable and adequate on behalf of the Subclass and Class originally certified by the Court;.

WHEREAS, the provisions of the Fenkell Defendants Settlement Term Sheet are contingent upon the *Chesemore* Plaintiffs reaching agreement with Trachte Building Systems, Inc. ("Trachte") regarding all of the following: (1) the allocation between the *Chesemore* Plaintiffs and Trachte of the Fenkell Defendants Settlement Proceeds, (2) an amount to be paid to Class Counsel in attorneys' fees and expenses out of the Fenkell Defendants Settlement Proceeds, and (3) Trachte's agreement that Fenkell Defendants Settlement Term Sheet resolves all claims by Trachte against the Fenkell Defendants as to the Phantom Stock Plan Claims;

WHEREAS, the terms of the Fenkell Defendants Settlement Term Sheet are contingent upon Trachte agreeing and executing a Final Settlement Agreement and agreeing to release the Fenkell Defendants substantially in the form of the release set forth as follows:

(a) the *Chesemore* Plaintiffs, Trachte, and the Subclass will release David Fenkell *solely* with respect to the $2,896,000 that David Fenkell received in Phantom Stock Plan Proceeds in the August 29, 2007, transaction, the transfer of any

1849585.2

portion of those proceeds to his wife, Karen Fenkell, and any claim for attorneys' fees or expenses related solely to or incurred specifically in pursuit of the claims against Karen Fenkell (the "Phantom Stock Claims").

(b) The *Chesemore* Plaintiffs, Trachte, the Class, and the Subclass will release Karen Fenkell from the Phantom Stock Claims and any other claims that were brought or could have been brought against Karen Fenkell in the Litigation related to her receipt of the Phantom Stock Proceeds.

(c) The Final Approval Order of the Fenkell Defendants Settlement will contain a dismissal with prejudice of the Phantom Stock Claims against David Fenkell and the claims brought against Karen Fenkell pursuant to the Third Amended Class Action Complaint.

WHEREAS Trachte and the current fiduciaries of the Trachte ESOP have been provided a copy of the Fenkell Defendants Settlement Term Sheet and have indicated that the terms appear to be reasonable;

WHEREAS Class Counsel has advised counsel for Trachte, representatives of Trachte and the Trachte ESOP, that if no agreement were to be reached or the case were to proceed on appeal, they would seek to have the entirety of the award of any claims as to the Phantom Stock Proceeds awarded to the Subclass;

WHEREAS Class Counsel has advised counsel for Trachte that even if the entirety of the Phantom Stock Proceeds were ultimately awarded to Trachte, Class Counsel would seek an award of attorneys' fees of one-third of the Phantom Stock Proceeds plus an amount for reimbursement of expenses;

IT IS HEREBY AGREED by and between the Plaintiffs on behalf of themselves and the certified Class and Subclass, Trachte, and Nominal Defendant Trachte ESOP (collectively, the "Parties") to resolve any claims regarding division of the Fenkell Defendants Settlement Proceeds and related attorneys' fees paid to Class Counsel, on the following terms and conditions:

1. **Conditions of this Agreement:** This Agreement is conditioned upon each of the following:

    (a) The Fenkell Defendants fulfilling each of the terms of the Fenkell Defendants Settlement Term Sheet;

    (b) Plaintiffs, on behalf of the Class and Subclass, Trachte and the Trachte ESOP entering into a Final Settlement Agreement with the Fenkell Defendants consistent with the Fenkell Defendants Settlement Term Sheet and the terms in this Agreement;

    (c)    The Court approving the provisions of the Fenkell Defendants Settlement Term Sheet under Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable and adequate on behalf of both the Class and Subclass and that approval not having been reversed or modified on any appeal or the time for appeal having expired.

In the event that each and every of the above conditions are not met, any of the parties to this Agreement may withdraw from this Agreement by giving written notice of the withdrawal to all other parties' undersigned representatives.

2.    **Terms of the Final Settlement Agreement:** Subject to the conditions set forth in this Agreement and in the Fenkell Defendants Settlement Term Sheet, Trachte, and as necessary, the Trachte ESOP, will agree to settle the claims against the Fenkell Defendants with respect to Phantom Stock Proceeds on the terms outlined in the Fenkell Defendants Settlement Term Sheet. In addition to terms set forth in the Fenkell Defendants Settlement Term Sheet, the Final Settlement Agreement will contain the following terms:

    (a)    The Fenkell Defendants will agree to release any claims they may have against Trachte or the Trachte ESOP or the Trachte ESOP trustees, including any claims related with respect to the $2,896,000 the Fenkell Defendants received in Phantom Stock Plan Proceeds or the return of any units of Phantom Stock as contemplated by the October 16, 2013 Order;

    (b)    Trachte will release any claims against Plaintiffs or Class Counsel related to the filing of this Litigation;

    (c)    Trachte and the Trachte ESOP will take no position on Class Counsel's request for attorneys' fees or expenses from the Fenkell Defendants Settlement Proceeds that is allocated to the Class pursuant to this Agreement and will cooperate, as necessary, with respect to any necessary approval of the attorneys' fees and expenses to be paid out of the Fenkell Defendants Settlement Proceeds.

3.    **Allocation of Fenkell Defendants Settlement Proceeds:**

    a.    The Settlement Proceeds shall consist of the Fenkell Defendants' Settlement Payment plus any earnings thereon, but minus any expenses incurred while the funds were in Escrow.

    b.    After the Court has entered Final Judgment approving the Partial Settlement with the Fenkell Defendants Settlement pursuant to Rule 23 and either the time for appeals have expired or all appeals have been dismissed and approval has been sustained on appeal, the Settlement Proceeds (before deduction of any attorneys' fees or reimbursement of expenses) will split evenly between the Trachte and the SubClass.

    c. Out of the amount of the Fenkell Defendants Settlement Proceeds to be paid to Trachte, Class Counsel shall be entitled to deduct and be paid 30% of the Settlement Proceeds for attorneys' fees plus be reimbursed for expenses (not to exceed $25,000) incurred in prosecuting the claims against Karen Fenkell and necessary to finalize the Partial Settlement with the Fenkell Defendants.

    d. Out of the amount of the Fenkell Defendants Settlement Proceeds to be paid to the SubClass, Class Counsel will be entitled to seek an award of attorneys' fees and reimbursement of other expenses from the Court in an amount to be awarded by the Court. Neither Trachte nor the Trachte ESOP will take any position on Class Counsel's request for attorneys fees or reimbursement of expenses.

4. **Alliance Sellers Note:** In the event that Plaintiffs receive as consideration of a settlement with Alliance the subordinated promissory note dated August 29, 2007, payable to A.H.I. Inc., in the amount of $4,370,000 (the "Alliance Sellers' Note"), and to the extent that Plaintiffs and Class Counsel believe it is consistent with their duties to the Class, Class Counsel intend to recommend to the Court that the Alliance Sellers Note be transferred to the Trachte ESOP to be held in trust for the benefit of the Class (and no proceeds will be used or distributed to any of the persons named as defendants or any of their beneficiaries).

5. **Approval By the Court:** To the extent that Plaintiffs or Class Counsel need to have this Agreement approved by the Court, Trachte and the Trachte ESOP will cooperate in having this Agreement approved.

February 7, 2014

By: _____  
R. Joseph Barton  
COHEN MILSTEIN  
    SELLERS & TOLL, PLLC  
1100 New York Avenue, Suite 500  
Washington D.C. 20005  

*On Behalf of & As Counsel for Plaintiffs, the Class & the Subclass*

By: _____  
Jeff Burbach  
On behalf of Trachte  
    Building Systems, Inc.

By: _____  
Richard Joseph, Managing Director  
Alerus Financial, N.A.  
As Trustee For and On behalf of the Trachte ESOP

    c. Out of the amount of the Fenkell Defendants Settlement Proceeds to be paid to Trachte, Class Counsel shall be entitled to deduct and be paid 30% of the Settlement Proceeds for attorneys' fees plus be reimbursed for expenses (not to exceed $25,000) incurred in prosecuting the claims against Karen Fenkell and necessary to finalize the Partial Settlement with the Fenkell Defendants.

    d. Out of the amount of the Fenkell Defendants Settlement Proceeds to be paid to the SubClass, Class Counsel will be entitled to seek an award of attorneys' fees and reimbursement of other expenses from the Court in an amount to be awarded by the Court. Neither Trachte nor the Trachte ESOP will take any position on Class Counsel's request for attorneys fees or reimbursement of expenses.

4. **Alliance Sellers Note:** In the event that Plaintiffs receive as consideration of a settlement with Alliance the subordinated promissory note dated August 29, 2007, payable to A.H.I. Inc., in the amount of $4,370,000 (the "Alliance Sellers' Note"), and to the extent that Plaintiffs and Class Counsel believe it is consistent with their duties to the Class, Class Counsel intend to recommend to the Court that the Alliance Sellers Note be transferred to the Trachte ESOP to be held in trust for the benefit of the Class (and no proceeds will be used or distributed to any of the persons named as defendants or any of their beneficiaries).

5. **Approval By the Court:** To the extent that Plaintiffs or Class Counsel need to have this Agreement approved by the Court, Trachte and the Trachte ESOP will cooperate in having this Agreement approved.

February 7, 2014

By: _____
R. Joseph Barton
COHEN MILSTEIN
SELLERS & TOLL, PLLC
1100 New York Avenue, Suite 500
Washington D.C. 20005

*On Behalf of & As Counsel for Plaintiffs, the Class & the Subclass*

By: _____
Jeff Burbach
On behalf of Trachte
Building Systems, Inc.

By: _____
Richard Joseph, Managing Director
Alerus Financial, N.A.
As Trustee For and On behalf of the
Trachte ESOP

4