IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                Plaintiffs,

   v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                Cross Claimants,

   v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                Cross Defendants.

ORDER

09-cv-413-wmc

---

      Before the court is plaintiffs' motion for preliminary approval of settlement agreement. (Dkt. #876.) The court held a hearing on that motion at which all parties appeared via counsel. Appearing in person for plaintiffs were Robert Barton and Andrew

Erlandson. Also appearing in person for defendants David and Karen Fenkell were Douglas Rubel and David Johanson. All other parties appeared by phone as follows: Alliance Defendants by Charles Jackson; Trachte Defendants by Charles Wolf; defendant Alliance ESOP by Lars Golumbic; defendant Stephen Pagelow by Alan Silver and Alliance ESOP Trustee Barbie Spears appeared personally.

At the hearing, the court orally granted plaintiffs' motion for preliminary approval, approved a draft class notice of partial settlement, ruled on other motions raised by the parties, and ruled on objections asserted by parties in writing, as well as certain oral objections that essentially repeated those previously asserted by counsel for David and Karen Fenkell in writing. The court sets forth the substance of its rulings in this order.

### A. Preliminary Approval

1. Based upon the court's review of plaintiffs' motion and all papers submitted in connection with the motion, the court will grant preliminary approval of the partial settlement.

2. The court concludes that at this preliminary stage, the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Specifically, the court finds that the proposed settlement appears "fair, reasonable, and adequate." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 986 (7th Cir. 2002).

3. More specifically, the court finds that (a) the settlement figures and other provisions falls well within a reasonable range; (b) the settlement factors in defendants' ability to pay; (c) the settlement take into account the complexity, expense and duration of further litigation, including an appeal; (d) the settlement resulted out of arms-length negotiations; and (e) at this advanced stage of litigation, plaintiffs were well equipped to evaluate the merits of their case.

4. The assistance of Judge Anderson with respect to the settlement with the Alliance defendants reinforces the court's finding that the proposed settlement is non-collusive.

5. While the court is satisfied that the settlement is facially reasonable, it intends to scrutinize class counsel's application for attorneys' fees when the time comes for its final approval. Class counsel are put on notice that the court may use their hourly billing records and billing rates as a factor in determining an appropriate fee award.

### B. Class Notice and Settlement Procedure

1. The court approves plaintiffs' revised class notice and class questionnaire (dkt. #886-1) with modifications to sections 14 and 20 described during the hearing regarding the filing and service of class members objections.

2. The content of the notice fully complies with due process and Fed. R. Civ. P. 23.

3. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an

> appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

4. Subject to the changes to sections 14 and 20, the court finds the revised notice satisfies each of these requirements and adequately put class members on notice of the proposed settlements. Specifically, the notice describes the terms of the partial settlement, instructs class members about their rights and options under that settlement, adequately informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

5. The court will, therefore, approve the following settlement procedure and timeline:

   a) On or before February 28, 2014, defendants shall provide notices and materials required by CAFA, 28 U.S.C. § 1715(b).

   b) On or before March 4, 2014, Trachte ESOP will provide class member data to class counsel in electronic form and Alliance ESOP will provide or confirm subclass member data in electronic form.

   c) Notice should be issued to the class members no earlier than March 21, 2014, and no later than March 31, 2014, *unless* (a) counsel for plaintiffs, Trachte defendants, and Pagelow fail to stipulate to issuance of the notice as approved by this court; or (b) the parties reach a global settlement of this matter. In either case, plaintiffs shall have ten days to file a revised notice and all other parties shall have ten days to file objections to the revised notice. If a revised

4

notice is required, then the court will reset the remaining settlement deadlines, including the fairness hearing.

d) On or before April 30, 2014, class counsel shall file a declaration to the court confirming compliance with notice procedures.

e) On or before May 3, 2014, class counsel shall file a motion for attorney's fees and costs and a motion for service award for class representative.

f) Class members shall have until May 18, 2014, to review the terms of the settlement, return the questionnaire (for subclass members), or object.

g) On or before June 3, 2014, plaintiffs shall file a motion for final approval of the class action settlement.

h) The court will hold a fairness hearing on the class action settlement on June 17, 2014, at 1:00 p.m.

ORDER

IT IS ORDER that:

1) plaintiffs' motion for approval of proposed notice and questionnaire to class members (dkt. #830) is DENIED AS MOOT;

2) plaintiffs' motion for preliminary approval of settlement agreement (dkt. #876) is GRANTED;

3) plaintiffs' motion to clarify and modify the definition of the class and subclass (dkt. #879) is RESERVED, pending Stephen Pagelow's response, now **due on or before March 4, 2014**;

4) defendants AHI, Inc., AH Transition Corporation, and Alliance Holdings, Inc.'s motion to adopt changes to the proposed class notice (dkt. #881) is DENIED AS MOOT; and

5) defendants David and Karen Fenkells' motion for court-ordered, mandatory settlement conference (dkt. #883) is DENIED.

IT IS ORDERED this 18th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge
