## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| CAROL CHESEMORE,  DANIEL DONKLE, THOMAS GIECK, MARTIN ROBBINS, and NANNETTE STOFLET, on behalf of themselves, Individually, and on Behalf of All Others Similarly Situated, |  |
| Plaintiffs, |  |
| v. |  |
| ALLIANCE HOLDINGS, INC., DAVID B. FENKELL, KAREN FENKELL, A.H.I INC., AH TRANSITION CORP., PAMELA KLUTE, JAMES MASTRANGELO, STEPHEN  W. PAGELOW, and JEFFREY A. SEEFELDT, ALPHA INVESTMENT CONSULTING GROUP, LLC and JOHN MICHAEL MAIER, | Judge William M. Conley   Magistrate Judge Stephen L. Crocker   Case No. 09-CV-00413 |
| Defendants, |  |
| and | **CLASS ACTION SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS & DEFENDANTS JAMES MASTRANGELO, JEFFREY SEEFELDT, PAMELA KLUTE  AND STEPHEN PAGELOW** |
| TRACHTE BUILDING SYSTEMS, INC. EMPLOYEE STOCK OWNERSHIP PLAN and ALLIANCE HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, |  |
| Nominal Defendants. |  |

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................... 1

II.    RECITALS ............................................................................................. 1

III.   DEFINITIONS ........................................................................................ 7

IV.    REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT ............. 11

V.     SETTLEMENT CLASS ........................................................................... 14

VI.    CLASS NOTICE .................................................................................... 14

VII.   SETTLEMENT FUND ............................................................................ 16

VIII.  DISTRIBUTIONS FROM THE SETTLEMENT FUND.............................. 16

IX.    ATTORNEYS' FEES, ExPENSES & SERVICE AWARD ........................... 19

X.     SETTLEMENT ADMINISTRATION ........................................................ 20

XI.    NON-CASH SETTLEMENT CONSIDERATION BY SETTLING
       DEFENDANTS ...................................................................................... 21

XII.   APPROVAL OF THE SETTLEMENT....................................................... 23

XIII.  RELEASES ............................................................................................ 24

XIV.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ............. 32

XV.    EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION ..................... 33

XVI.   MISCELLANEOUS PROVISIONS........................................................... 34

-i-

## I.    INTRODUCTION

Subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement ("Settlement Agreement") is made and entered into by, between and among Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet (collectively "Plaintiffs"), on behalf of themselves, individually, and on behalf of the certified Class and Defendants James Mastrangelo, Jeffrey Seefeldt, and Pamela Klute (the "Trustee Defendants"), and Defendant Stephen Pagelow (collectively with the Trustee Defendants, the "Settling Defendants") to settle the claims against the Settling Defendants and only the Settling Defendants, in *Chesemore et al. v. Alliance Holdings, Inc. et al.,* No. 09-cv-413 (W.D. Wis.) on, and subject to, the terms and conditions below.

## II.    RECITALS

WHEREAS, on June 30, 2009, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, and Martin Robbins filed a Class Action Complaint in the United States District Court for the Western District of Wisconsin on behalf of themselves and a class of participants and beneficiaries in the Trachte Building Systems, Inc. Employee Stock Ownership Plan ("Trachte ESOP"), asserting claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA") for alleged violations in connection with the 2007 sale of Trachte Building Systems, Inc. ("Trachte") to the Trachte ESOP ("the 2007 Transaction");

WHEREAS, on August 31, 2009, the Trustee Defendants and Defendant Pagelow, respectively, filed Motions to Dismiss Plaintiffs' Class Action Complaint;

WHEREAS, on October 5, 2009, the Alliance Defendants filed a Motion to Dismiss Plaintiffs' Class Action Complaint;

WHEREAS, on January 25, 2010, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet filed an Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP, including, inter alia, claims against Defendants Alpha Investment Consulting Group, LLC and John Michael Maier ("the Alpha Defendants");

WHEREAS, on March 1, 2010, the Alliance Defendants, the Trustee Defendants and Defendant Pagelow, respectively, filed Motions to Dismiss Plaintiffs' Amended Class Action Complaint;

WHEREAS, on February 17, 2011, the Court granted Defendant A.H.I.'s motion to dismiss and dismissed two of Plaintiffs' three theories of liability in Count I against Defendant Alliance. The Court denied Defendants' Motions to Dismiss in all other respects;

WHEREAS, on March 17, 2011, Plaintiffs filed a Motion for Class Certification;

WHEREAS, on May 27, 2011, Plaintiffs filed a Second Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP;

WHEREAS, on May 27, 2011, the Court ordered bifurcated trials on liability and equitable relief;

WHEREAS, on June 27, 2011, Defendants, respectively, filed Motions for Summary Judgment and Plaintiffs filed Motions for Partial Summary Judgment;

WHEREAS, on September 22, 2011, the Court granted Plaintiffs' Motion for Class Certification, creating a Class and Subclass, appointing Plaintiffs as representatives of the Class

-2-

and the Subclass, and appointing the law firms of Cohen, Milstein, Sellers & Toll, PLLC and Hurley, Burish & Stanton, S.C. as Class Counsel;

WHEREAS, on October 6, 2011, the Court held an oral argument on the Parties cross-motions for Summary Judgment, and at that hearing, among other things, orally granted Defendant Pagelow's Motion for Summary Judgment, denied the Alpha Defendants' and the Trustee Defendants' Motions for Summary Judgment, and granted in part and denied in part both the Alliance Defendants Motion for Summary Judgment and certain of the Plaintiffs' Motions for Partial Summary Judgment;

WHEREAS, from October 11, 2011 through October 19, 2011, the Court held the Phase One Liability Trial;

WHEREAS, on March 28, 2012, the Court memorialized a number of rulings made from the bench on October 6, 2011, including granting of Defendant Pagelow's Motion for Summary Judgment on all counts, denying the Alpha Defendants' and the Trustee Defendants' Motions for Summary Judgment, and granting in part and denying in part both the Alliance Defendants Motion for Summary Judgment and the Plaintiffs' Motion for Partial Summary Judgment;

WHEREAS, on July 24, 2012, the Court issued its Opinion and Order on the Phase One Liability Trial, holding that the Alliance Defendants and the Trustee Defendants breached their fiduciary duties in connection with the 2007 Transaction, and that, accordingly, the Plaintiffs may proceed to the Phase Two Relief Trial against the these Defendants, but dismissing all claims against the Alpha Defendants;

WHEREAS, from July 25, 2012 through July 30, 2012, the Court held the Phase Two Relief Trial;

-3-

WHEREAS, on August 23, 2012, the Plaintiffs filed a Third Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP, including, *inter alia*, claims against Defendant Karen Fenkell;

WHEREAS, on September 28, 2012, the Parties engaged in mediation before Magistrate Judge Peter A. Oppeneer, but did not reach a final settlement;

WHEREAS, the Plaintiffs and the Settling Defendants reached and executed an Agreement in Principle on May 27, 2013, which set forth the general terms on which the Plaintiffs would settle their claims against the Settling Defendants, and contemplated, *inter alia,* the parties entering into a formal Settlement Agreement to be submitted to the Court for approval;

WHEREAS, on June 4, 2013, the Court issued its Opinion and Order on the Phase Two Relief Trial, and on page 37 and 38 of that Order, among other things, ordered, (1) the Alliance Defendants "jointly and severally to restore to the Alliance ESOP $7,803,543 plus prejudgment interest, which shall be allocated to the accounts of the members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29, 2007, with exclusion of the [Trustee Defendants]," (2) Defendant Fenkell to "restore to Trachte Building Systems Inc., the $2,896,000 he received in connection as part of [the 2007 Transaction], if Trachte will agree to restore Fenkell's phantom stock plan" and (3) the Trustee Defendants to "pay to the Trachte ESOP $6,473,856.82 plus prejudgment interest which shall be allocated to the class members' accounts according to their current shares as of the date of this judgment, with the exclusion of

-4-

the [Trustee Defendants]", and (4) the Alliance Defendants to "indemnify [the Trustee Defendants] for any compensatory relief they are required to pay;"

WHEREAS, as a result of factual investigation and legal research conducted by Class Counsel concerning the claims in the Complaint against the Settling Defendants, Class Counsel have concluded that the terms of this Settlement are fair, reasonable, adequate and in the best interests of the Class, and have agreed to settle the Action on the terms set forth herein after considering: (i) the benefits that the Class will receive from the Settlement; (ii) the risks, difficulties, costs, and delays involved in the litigation, including prosecution through appeals; (iii) the specific risks and costs inherent in continued prosecution of Plaintiffs' claims against these Settling Defendants in light of their limited resources and assets; and (iv) the desirability of permitting Settlement to be consummated as provided herein;

WHEREAS, Defendants James Mastrangelo, Jeffrey Seefeldt and Pamela Klute (collectively, the "Trustee Defendants") represent that in the aggregate, their personal non-exempt assets (i.e., assets minus liabilities in excess of the homestead exemption and other exemptions under Wisconsin law and/or federal law that protect certain types of a debtor's property and assets from creditor collection actions and exclusive of retirement plan and IRA accounts) do not exceed $900,000;

WHEREAS, the Trustee Defendants' counsel represent that Chubb has represented that there is $3.5 million or less remaining in insurance coverage for the claims asserted against the Settling Defendants in this litigation;

WHEREAS, Class Counsel represent that Magistrate Judge Oppeneer has stated that Chubb has represented to him that there is $3.5 million or less in insurance remaining in insurance coverage for the claims asserted against the Settling Defendants in this litigation;

WHEREAS, Class Counsel and the Plaintiffs have relied on the foregoing representations in deciding to enter into this settlement on behalf of the Class;

WHEREAS, the Parties intend this Settlement Agreement to be a final and complete resolution of all claims against the Settling Defendants in this litigation;

WHEREAS, this Settlement Agreement compromises Claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defenses;

WHEREAS, the Parties agree that the terms of this Settlement Agreement were negotiated in good faith and at arm's length by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel;

WHEREAS, the Parties believe that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class as a whole; that this Settlement Agreement provides substantial benefits to the proposed Settlement Class and the Class and Subclass members; and that settlement of this litigation on the terms set forth in this Settlement Agreement is in the best interests of the Proposed Settlement Class and the Class and Subclass members;

WHEREAS, each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below:

-6-

1858527.2

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby mutually agree as follows:

## III.   DEFINITIONS

As used in this Settlement Agreement, the following terms have the following meanings, unless a section or subsection of this Settlement Agreement specifically provides otherwise:

1.     The "2007 Transaction" means the transaction described in the Complaint with the Trachte ESOP occurring on or about August 29, 2007.

2.     "Action" or "Litigation" means *Chesemore, et al. v. Alliance Holdings, Inc. et al.,* No. 09-cv-413, filed in the United States District Court for the Western District of Wisconsin.

3.     "Alliance Defendants" means the Alliance Entities and the Fenkell Defendants.

4.     "Alliance Entities" means Defendants Alliance Holdings, Inc., A.H.I., Inc. ("AHI"), AH Transition Corporation ("AH Transition"),

5.     "Alliance ESOP" means the Alliance Holdings, Inc. Employee Stock Ownership Plan.

6.     "Agreement in Principle" means the Agreement that the Parties executed on May 27, 2013.

7.     "Chubb" means the Chubb Group of Insurance Companies.

8.     "Claims" means any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or

-7-

equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known, unknown, or unsuspected in law or equity, as well as of any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise arising out of the 2007 Transaction.

9.      "Class" means the Class certified under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) by the District Court's Order on September 22, 2011.

10.     "Class Counsel" means Cohen Milstein Sellers & Toll, P.L.L.C. and Hurley, Burish & Stanton, S.C.

11.     "Class Notice" means the Notice of Pendency of Class Action and Proposed Class Settlement, substantially in the form attached hereto as Exhibit A.

12.     "Class Representatives" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

13.     "Defendants" means anyone named as a Defendant in the Third Amended Complaint.

14.     "District Court" means the United States District Court for the Western District of Wisconsin.

15.     "Effective Date of Settlement" means the date defined in Part XII, section 3.

16.     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq.

17.     "Escrow Agent" means the person or entity designated by Lead Class Counsel to hold the Settlement Fund until the Effective Date.

18.     "Fenkell Defendants" mean David B. Fenkell and Karen Fenkell.

-8-

19.     "Final Approval and Fairness Hearing" means a hearing by the District Court to (a) review this Settlement Agreement and determine whether the Court should give final approval to this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (b) consider any timely objections to this Settlement Agreement, and all responses by the Parties; (c) consider the request for attorneys' fees and expenses submitted by Class Counsel; and (d) consider the Class Representatives' requests for a Service Award.

20.     "Final Approval Date" means the date upon which the District Court enters an order granting final approval of the Settlement Agreement.

21.     "Final Judgment" or "Final Approval Order" means the District Court's Final Order and entry of judgment finally approving this Settlement and dismissing the Action as to the Settling Defendants.

22.     "Lead Class Counsel" means Cohen Milstein Sellers & Toll PLLC.

23.     "Non-Settling Defendants" mean any of the Defendants other that the Settling Defendants, including Alliance Holdings, Inc., A.H.I., Inc., AH Transition Corp., Alpha Investment Consulting Group, LLC, John Michael Maier, David B. Fenkell and Karen Fenkell.

24.     "Pagelow" means Defendant Stephen W. Pagelow.

25.     "Parties" or "Settling Parties" mean Plaintiffs and each member of the Class, and Settling Defendants.

26.     "Plaintiffs" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

27.     "Plan of Allocation" means the Plan of Allocation approved by the District Court as contemplated by, and described in Section VIII.4.

-9-

28.    "Preliminary Approval" means the order from the District Court granting the motion for preliminary approval of the Settlement set forth in Section XII.

29.    "Released Persons" means any person who receives a release by any party to this Agreement.

30.    "Seller's Note" means the additional consideration Defendant Pagelow received, in the form of a subordinated promissory note of $1,300,000, for 92.5360 common shares of Trachte stock held by Pagelow and received in connection with the 2007 Transaction.

31.     "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement, including any exhibits attached hereto.

32.    "Settlement Class" means members of the Class, except for those persons who have agreed herein to be excluded from the Class.

33.    "Settlement Class Representatives" means the Class Representatives and Plaintiffs.

34.    "Settlement Fund" means the payment of $3.25 million made by or on behalf of the Settling Defendants plus any interest or income earned thereon.

35.    "Settlement Administrator" means the Administrator that will be responsible for administering the Settlement Fund.

36.    "Settling Defendants" means the "Trustee Defendants" and Steven Pagelow.

37.    "Settling Parties" means the Settling Defendants and Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet, on behalf of themselves, individually, and on behalf of the certified Class.

-10-

38.    "Subclass" means the Subclass certified under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) by the District Court's Order on September 22, 2011 defined as "All persons who were participants or beneficiaries of the Alliance ESOP at the time of the 2007 Transaction and whose accounts were transferred to the Trachte ESOP on or about August 29, 2007 as part of the 2007 Transaction."

39.    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the nature of excise, withholding, ad valorem, stamp, transfer, value added, or gains taxes; license, registration and documentation fees; and customs' duties, tariffs, and similar charges.

40.    "Trachte" means Trachte Building Systems, Inc.

41.    "Trachte ESOP" or "the Plan" means the Trachte Building Systems, Inc. Employee Stock Ownership Plan established in 2007.

42.    "Trustee Defendants" mean Pamela Klute, James Mastrangelo, and Jeffrey A. Seefeldt.

1858527.2

## IV.   REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT

1.   **Statements of Assets and Liabilities of the Trustee Defendants**. As a material condition of this Settlement, the Trustee Defendants have provided Class Counsel (on an attorneys' eyes-only basis) with written statements under oath disclosing their assets and liabilities (including exempt assets and those of their current spouses).

     a.   The Trustee Defendants acknowledge that Plaintiffs and Class Counsel, on behalf of the Class, consider the statements by the Trustee Defendants, and the representation that their collective non-exempt assets are $900,000 or less, to be material representations in deciding to enter into this Settlement Agreement and that Plaintiffs and Class Counsel would not have agreed to enter into this Settlement or recommend this Settlement to be approved by the Court if the foregoing statements and representations were not materially true.

     b.   The individual written financial statements of the Trustee Defendants' assets and liabilities have been provided to Class Counsel on an attorneys' eyes only basis, but may be provided to the District Court under seal if requested by the Court or will be produced to any other person whom the District Court orders on the conditions specified by the District Court.

2.   **Representations Regarding Insurance Coverage**.  As a material condition of this Settlement, the Settling Defendants make the following representations regarding the availability of insurance coverage or their indemnification concerning the claims against them in this Litigation:

-12-

a. The only insurance policies of which the Settling Defendants are aware that cover the claims against the Settling Defendants asserted by the Plaintiffs and on behalf of the Class in this litigation are (1) Chubb Group of Insurance Policy No. 81732200, for $5,000,000 and (2) Chubb Group of Insurance Companies Policy No. 8208-8865, for $2,000,000, and they are unaware of any other insurance policies that provide potential coverage for the claims against the Settling Defendants that have been or could have been asserted by the Plaintiffs themselves or on behalf of the Class in this Action;

b. To the best of the Settling Defendants' knowledge and information, the amount of total insurance available to satisfy the claims against the Settling Defendants in this Action was $7 million at the initiation of this litigation;

c. To the best of the Settling Defendants' knowledge and information, the amount of insurance remaining to satisfy the claims against the Settling Defendants is $3.5 million or less;

d. Neither Trachte, the Trachte ESOP, nor any other Defendant, has paid any of their attorneys' fees or expenses in this Action (except for amounts subject to the deductible under the policies); and

e. No person (other than Chubb) has agreed to indemnify or reimburse the Settling Defendants for any fees, expenses or agreed to indemnify them or satisfy any judgment.

3. The Settling Defendants acknowledge that Plaintiffs and Class Counsel consider the statements contained in this Section to be material representations which have induced

Plaintiffs and Class Counsel to enter into this Settlement Agreement on behalf of the Class and to recommend that the Court approve this Settlement on behalf of the Class.

## V.   SETTLEMENT CLASS

1.   The Settlement Class will be the Class certified by the District Court under Federal Rules of Civil Procedure 23(b)(1) and (b)(2), in the Court's Order of September 22, 2011, defined as follows (except for the Excluded Persons set forth below):

> Participants in the Trachte ESOP at any time from August 29, 2007 to the present who had an account or received an allocation which they did not subsequently forfeit under the terms of the Plan and the beneficiaries of such participants,

2.   The following persons shall be excluded from the Settlement Class: the Settling Defendants and their beneficiaries, any fiduciary of the Trachte ESOP or the Alliance ESOP during the 2007 Transaction and any member of the immediate family of, the legal representatives of, heirs, successors or assigns of any excluded persons (the "Excluded Persons").

3.   The Settling Defendants will not object to or oppose final certification of the Settlement Class.

## VI.   CLASS NOTICE

1.   Upon the District Court's preliminary approval of this Settlement Agreement, Class Counsel will be responsible for providing Class Notice to the Class as directed by the Court and will be entitled to withdraw monies from the Settlement Fund before the Effective Date to pay for the costs and expenses in providing Class Notice.

2.   The Class Notice will contain a brief description of the claims advanced by the Class, a summary of the terms of the proposed settlement, and a notice of a fairness hearing to be

-14-

held pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in a form to be agreed to by the Parties, subject to modification by the Court.

     3.     Class Notice shall be provided to each individual member of the Class as follows (or another manner ordered by the District Court):

     (a)     electronic notice to all known members of the Class for whom electronic information is available; and

     (b)     direct notice by First Class Mail to all known Class Members for whom electronic notice is unavailable but for whom physical mailing address information is available.

     4.     Notice of the Settlement, will also be given to the Class by posting the Class Notice on a website maintained by Lead Class Counsel and/or the Settlement Administrator. Class Counsel will maintain the website from at least the date upon which Notice is mailed until distribution of the Settlement Funds.

     5.     In the sole discretion of Class Counsel, Class Counsel may hire a Settlement Administrator to provide Class Notice to members of the Class or otherwise assist with the administration of the Settlement.  The Settling Defendants shall reasonably cooperate with the Settlement Administrator, by providing any information in their custody or control for each known member of the Class (including but not limited to the names and last known addresses) within 10 days of Plaintiffs filing a motion for Preliminary Approval.

     6.     All costs and expenses for provision of Class Notice, including the costs to retain a Settlement Administrator will be an expense paid out of the Settlement Fund, to the extent not paid for out of other Settlements, and Class Counsel may withdraw monies to pay such expenses out of the Settlement Fund prior to the Final Approval Date.

-15-

## VII.    SETTLEMENT FUND

1.    **Payment of Cash Settlement Amount into Escrow Account.**  A payment of $3.25 million (the "Cash Settlement Amount") shall be made by Chubb, on behalf of the Trustee Defendants, into an escrow account on the following timeframes:

(a)    One Hundred Thousand Dollars ($100,000) was deposited into an Escrow Account at Eagle Bank in August 2013 ; and

(b)    The remaining $3.15 million shall be deposited into the Escrow Account within thirty (30) days after the District Court granted preliminary approval of this Settlement.

2.    **The Settlement Fund**:  The Cash Settlement Amount plus any interest or other earnings will constitute the Settlement Fund.

3.    **Management of the Settlement Fund**:  Until distribution in a manner authorized by the Court, the Settlement Fund will be held in an escrow account for which the Escrow Agent will act on the  instruction of Class Counsel  except as otherwise authorized in this Agreement, or  as ordered by the District Court.  Counsel for Settling Defendants will not have have any responsibility for the management or investment of the Settlement Fund.

4.    **Qualified Settlement Fund:** The Cash Settlement Amount placed in the escrow account is intended by the Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1.

## VIII.  DISTRIBUTIONS FROM THE SETTLEMENT FUND

1.    **Administration Expenses Before the Effective Date:** Prior to the Effective Date, Class Counsel will be authorized to pay from the Escrow Account any and all costs or

-16-

expenses related to providing Class Notice in a manner directed by the Court up to $100,000. Class Counsel will be authorized to pay from the Escrow Account actual or estimated taxes on any income earned on the funds in the escrow account and all related costs and expenses upon notice to counsel for the Settling Defendants. Any dispute regarding the reasonableness of any expense incurred, paid or owing will be adjudicated by the District Court, but in no event will the Parties cause or allow the Settlement Fund to fail to make a tax payment in a timely manner.

2. **Attorneys' Fees, Expenses/Costs and Service Awards:**   Pursuant to the deadline set by the District Court and prior to the time that members of the Class have to object to any such award Class Counsel may file any motion with the District Court requesting the payment of attorneys' fees, reimbursement of litigation expenses and costs, and/or service awards to the Settlement Class Representatives from the Settlement Fund, which shall be paid out of the Settlement Fund  on or after the Effective Date of Settlement but before Distribution to the Class.

3. **Expenses After the Effective Date**: Following the Effective Date, Class Counsel, with the approval of the Court, will be authorized to establish a reserve from the Settlement Fund to pay any taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes, filing of tax returns or other costs of administration of the Settlement.

4. **Distribution of the Settlement Fund to the Class**: The Settlement Fund will be distributed to Class Members after the payment of any award of attorneys' fees, reimbursement of any expenses, any Service Awards to the Class Representatives, the deduction of any expenses

-17-

for Class Notice or administration of the Settlement, the payment of any taxes or tax-related expenses and the creation of any reserve for future expenses (as described above) as follows:

(a)      Class Counsel will submit a proposed Plan of Allocation to the District Court as the recommended method of determining and distributing the proceeds of the Settlement Fund (net of attorneys' fees and expenses approved by the District Court) to members of the Settlement Class. At Class Counsel's option, subject to any Order by the Court, Class Counsel may submit a Plan of Allocation prior to the Final Approval and Fairness Hearing or after Final Judgment so long as the Class is provided Notice of the proposed Plan of Allocation.

(b)      The Settling Defendants shall have no input and shall take no position on the Plan of Allocation, the method of allocation, or the distribution of the Settlement Fund;

(c)      In the event that the proposed Plan of Allocation is rejected or modified by the District Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement;

(d)      The Plan of Allocation will exclude the Settling Defendants (and their beneficiaries) from receiving any distribution or allocations from this Settlement Fund; and

(e)      The Settling Defendants shall cooperate with Class Counsel and use their best efforts to obtain the cooperation of any non-party (including Trachte) to enable the Class to obtain tax benefits for this settlement so that the net proceeds of this settlement

-18-

can be paid through a qualified retirement plan, if distribution through a qualified

retirement plan is in the best interests of the Class, in the judgment of Class Counsel and

as determined by the Court.

## IX.   ATTORNEYS' FEES, EXPENSES & SERVICE AWARD

1.   **Plaintiffs' Attorneys' Fees & Reimbursement of Expenses**:  Class Counsel will

be entitled to seek an award of attorneys' fees and reimbursement of expenses/costs from the

Settlement Fund subject to and in an amount determined by the Court.   Any award of attorneys'

fees or reimbursement of expenses to Plaintiffs or Class Counsel related to this Settlement will

be paid out of the Settlement Fund.  Nothing in this Agreement will be construed to limit any

ability of Plaintiffs or Class Counsel to seek an award of attorneys' fees or reimbursement of

expenses or costs from any Non-Settling Defendants.

2.   **Service Award**.  Class Counsel will be entitled to seek a Service Award to be

paid out of the Settlement Fund for Plaintiffs in recognition of their service and/or for

reimbursement of their time and expenses subject to the approval of and in an amount to be

determined by the Court.

3.   **Settling Defendants' Non-Opposition:** The Settling Defendants shall not take

any position on any request by Plaintiffs or Class Counsel for any award of attorneys' fees,

reimbursement of expenses or Service Awards.

4.   **Non-Materiality of Award of Attorneys' Fees, Reimbursement of Expenses**
**or Service Award to Settlement.**  In the event that the District Court refuses to award attorneys'

fees, allow any reimbursement of expenses/costs or permit a service award, in whole or in part,

or any such award is rejected on appeal, such rejection or modification will not constitute a

-19-

material modification of this Settlement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement.

     5.    **Timing of Payment of Attorneys' Fees, Expenses and Service Award.**  In the event that the Court grants any request for attorneys' fees, reimbursement of expenses or a service award as part of or at the same time as Final Judgment, disbursement of such payments may be made on the Effective Date.  In the event that there is no appeal of the Final Judgment of the Settlement, but an appeal solely of an award of attorneys' fees, reimbursement of expenses or any service award, Class Counsel will be entitled to a disbursement from the Settlement Fund of such amount of attorneys' fees and/or such amount of expenses/costs as to which there is no objection.

     6.    **Settling Defendants' Attorneys' Fees & Expenses**.  Settling Defendants will bear their own attorneys' fees, expenses and costs in this Case.

**X.**    **SETTLEMENT ADMINISTRATION**

     1.    Class Counsel, at its option, may use a Settlement Administrator to administer the Settlement.  Settling Defendants will have no input on the selection of the Settlement Administrator.

     2.    As determined by the Class Counsel, the Settlement Administrator may undertake the following tasks to administer this Settlement Fund consistent with the terms of this Settlement and the Plan of Allocation as approved by the District Court:  (a) sending the Class Notice to the Class Members in a manner consistent with any applicable District Court order; (b) providing Counsel for the Parties with copies of all written objections to the Settlement Agreement; (c) responding to questions from Class members; (d) establishing and managing a

-20-

Qualified Settlement Fund and Bank Account after the Effective Date of Settlement; (e) coordinating any distribution, including with the Trustee or administrator of the ESOP; and (f) any other responsibilities assigned by Class Counsel related to administration of the Settlement and consistent with the orders of the Court.

## XI.   NON-CASH SETTLEMENT CONSIDERATION BY SETTLING DEFENDANTS

1.    **Assignment of Claims:**  Upon the Effective Date of Settlement, the Settling Defendants shall and do assign to Plaintiffs and the Class any claim or right that the Settling Defendants have asserted or could assert for contribution, indemnity, or any other claim or right relating to, or arising out of the 2007 Transaction, against any Non-Settling Defendant (including any Nominal Defendant).

2.    **Waiver of Other Claims for Contribution or Indemnity:**  Except to the extent that the Settling Defendants have assigned their claims to Plaintiffs and the Class, the Settling Defendants hereby waive any right, whether in law, contract or otherwise, to seek indemnification or contribution from (a) Trachte, (b) the Trachte ESOP or (c) any other Defendant.

-21-

3.      **Forfeiture of Rights to Receive Proceeds From This Settlement:**  The Settling Defendants (and any of their beneficiaries) will not, either directly or through allocations to their ESOP accounts, receive any of the proceeds from this Settlement. To the extent that any portion of the Settlement Fund is paid into the Alliance ESOP or the Trachte ESOP or some other qualified retirement plan, any Defendant or other person who receives a release in this Settlement shall not receive any allocation of any amount from this Settlement and, to the extent necessary to effectuate this Section, shall obtain an authorization from any current spouse or other beneficiary necessary to forego any such allocation (unless obtaining such consent from a non-spousal beneficiary is not possible);

4.      **Forfeiture of Rights to Receive Proceeds of Other Settlement**.  The Settling Defendants agree that neither they nor their beneficiaries will receive a distribution or allocation from any portion of any settlement between Plaintiffs and/or the Class and any other Defendant. To the extent that any portion of any settlement with any other Defendant is paid into the Alliance ESOP or the Trachte ESOP or some other qualified retirement plan, the Settling Defendants and any other Released Persons shall not receive any allocation of any amount from such Settlement and shall, to the extent necessary to effectuate this Section, obtain an authorization from any current spouse or other beneficiary necessary to forego any such allocation (unless obtaining such consent from a non-spousal beneficiary is not possible);

5.      **Cancellation/Assignment of Defendant Pagelow's Seller's Note**.  Upon the Effective Date of Settlement, Defendant Pagelow will either, at Class Counsel's direction, cancel or assign to the Class, the Subordinated Promissory Note that he received in connection with the 2007 Transaction, in the amount of $1,300,000, including any accrued interest or costs of

-22-

collection.  Defendant Pagelow will deliver the Sellers' Note to Class Counsel or at Class

Counsel's request, to the Trachte ESOP, and will take any other steps necessary to make such

cancellation or assignment effective, including by, at Class Counsel's request, executing a Note

Cancellation or assignment of the Note.

6.     **Agreement Not to Serve as Fiduciaries.** The Trustee Defendants agree that none

of them will ever again serve as a fiduciary of any employee benefit plan sponsored by Trachte

that is subject to ERISA.

## XII.    APPROVAL OF THE SETTLEMENT

1.     **Preliminary Approval of the Settlement:**   On behalf of Plaintiffs and the Class,

Class Counsel will file a motion seeking preliminary approval of the Settlement pursuant to Rule

23(e) ("Preliminary Approval Motion"). The Preliminary Approval Motion will seek and the

proposed Preliminary Approval Order will provide for, among other things: (a) preliminary

approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e); (b) approval of the

Notice to members of the Class; (c) a deadline by which all objections to the Settlement must be

made; (d) a deadline for the filing of briefs in support of the Settlement; (e) a deadline for Class

Counsel's application for Fee Award, Service Awards, and Expense Award; and (f) a date for the

Final Approval and Fairness Hearing.  Settling Defendants either will not oppose this motion or

will join in this motion.

2.     **Final Approval of the Settlement:**   If the Court preliminarily approves this

Settlement, on behalf of Plaintiffs and the Class, Class Counsel will file a motion requesting that

the District Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) (the

"Final Approval Motion").  Settling Defendants will either join in or not oppose the Final

-23-

Approval Motion. The Final Approval Motion will seek and proposed Final Approval Order will

provide for, among other things: (a) Final.Approval of the Settlement Agreement, pursuant to

Fed. R. Civ. P. 23(e); (b) Entry of Final Judgment as to the Settling Parties in this Action; and (c)

the District Court's retention and continuing jurisdiction pending implementation, interpretation,

administration, and consummation of the Settlement.  At the time of the Final Approval Motion,

Plaintiffs may at their option, but are not required to also seek (a) approval of a Plan of

Distribution and Allocation and (b) approval of an award of Fees, Expenses and/or Service

Award to the Class Representatives,

   **3.**  **Effective Date of Settlement:** The Effective Date of Settlement shall

occur only when each of the following events has occurred and shall be the date on which the

last (in time) of the following events occurs: (a) each and every Condition in this Settlement

Agreement has been satisfied or waived; (b) the District Court has entered a Preliminary

Approval Order; and (c) the District Court has entered a Final Order, and (c) the time for appeal

of the Final Order has expired (if no appeal is filed) or  all appeals have been concluded with the

affirmance of the Final Order approving this Settlement Agreement.

## XIII.  RELEASES

  1.  **Release by Plaintiffs & the Class:**  Upon the Effective Date, Plaintiffs and each

member of the Class shall be deemed to have, and by operation of the Final Order shall have,

fully, finally, and forever released, relinquished, and discharged the Settling Defendants and their

heirs, representatives, successors, assigns, insurers, employees, agents, and officers,  from each

and every Claim or Unknown Claim against the Settling Defendants relating to the 2007

Transaction that has been asserted or could have been asserted in this Action, including any

-24-

claims for attorney's fees, costs or expenses, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise insofar as the Claim or Unknown Claim relates to the 2007 Transaction, except to the extent that such claim can serve as the basis of claim for indemnity or contribution or otherwise that has been assigned by the Settling Defendants to Plaintiffs as part of this Agreement.

2.      **Release By Defendants:**  Upon the Effective Date, the Settling Defendants shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiffs, each member of the Class, and Class Counsel from each and every Claim or Unknown Claim, including any claims for attorney's fees, costs, expenses or sanctions, relating to the filing, commencement, prosecution or settlement of this Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

3.      **Pierringer-Style Release; Scope of Release; Subsequent Judgment.**  Plaintiffs, for themselves and on behalf of the members of the Class, expressly intend to release the Settling Defendants (and their heirs, representatives, successors, assigns, insurers, and agents) from all liability, accrued or unaccrued, known or unknown, on account of any and all claims, demands and causes of action for all injuries, losses and damages arising from or relating to the 2007 Transaction, to the full extent of the liability of the Settling Defendants.  In furnishing the release set forth in section XIII.1, the Settling Parties understand and agree to all of the following:

-25-

(a)      This release is intended to release in full only the Settling Defendants, and except to the extent herein provided, Plaintiffs and the Class expressly reserve the balance of their entire cause of action, as well as any claims and rights assigned hereunder (including any and all claims for indemnification, contribution or otherwise against the Non-Settling Defendants that have been assigned to Plaintiffs and the Class as part of this Settlement), or any other claim of whatever kind or nature not released, discharged, credited or satisfied hereby, which they may now have or hereafter have against any Non-Settling Defendant or any other person;

(b)      Plaintiffs and the Class agree to indemnify and hold harmless the Settling Defendants from any claims for contribution or indemnity – except for any claims by any Non-Settling Defendant based on any contract (written or oral), agreement, promise, representation or estoppel -- made by any Non-Settling Defendants adjudged liable with the Settling Defendants for conduct related to the 2007 Transaction, including any claim for attorney's fees asserted by Plaintiffs and/or the Class in any further litigation of any claims arising from or relating to the 2007 Transaction, as set forth in this Section, to the extent and only to the extent that any Settling Defendant has been or is determined to be liable to any Non-Settling Defendant for that portion or percentage of any judgment against any Non-Settling Defendant (which is final and for which all appeals have been exhausted).

-26-

(c)      After the Effective Date, Plaintiffs, for themselves and on behalf of the Class, agree that any judgment by Plaintiffs against any Non-Settling Defendant (which is final and for which all appeals have been exhausted) rendered in favor of the Class shall be deemed satisfied to the extent and only to the extent that any Settling Defendant has been or is determined to be liable to any Non-Settling Defendant for that portion or percentage of such judgment.  To the extent necessary to enforce this Agreement, a copy of this Agreement may be filed with the District Court, and without further notice, the District Court may enter an order that such judgment shall be deemed satisfied to the extent, and only to the extent, that any Settling Defendant has been determined to be liable to any Non-Settling Defendant for such judgment or portion thereof.   Any judgment or portion of a judgment otherwise assessed against or allocated to a Non-Settling Defendant, which the Settling Defendants or their insurers are not required to pay (on behalf of the Settling Defendants), is not in any way satisfied or released by this Agreement, and Plaintiffs may attempt to execute on any judgment or portion of a judgment which is solely collectible from any Non-Settling Defendant without recourse against any Settling Defendant.

-27-

(d)      In the event that Class Counsel pursues any claim against any Non-Settling Defendant who asserts any claims for contribution or indemnity against any Settling Defendant as a result of its conduct in the 2007 Transaction (but excluding any state or federal law claims by any Non-Settling Defendant based on any contract, agreement, promise, representation or estoppel), Class Counsel will litigate and defend that Settling Defendants' rights for the sole and limited purpose of attempting to defeat any claims for contribution or indemnity by any Non-Settling Defendant with respect to any judgment which Plaintiffs and the Class obtain against any Non-Settling Defendant, so long as the Non-Settling Defendants' claim(s) are (1) filed in this District Court or (2) filed in some other District Court and the Settling Defendant(s) have first moved unsuccessfully to have the Action transferred to this District Court, subject to the following conditions:

(i)      The Settling Defendants shall have no obligation to pay any attorneys' fees, expenses or costs incurred by Class Counsel in such litigation and Class Counsel shall not represent or state that they represent the Settling Defendants except solely as required in court proceedings pursuant to this section (or to enforce other rights assigned under this Agreement).   To the extent an assignment is necessary to authorize or enable Class Counsel to defend the interests of the Settling Defendants or their insurers in any proceeding relating to contribution or indemnification, the Settling Defendants will execute and deliver to Plaintiffs such an assignment.

-28-

(ii)     To the extent that the Settling Defendants retain attorneys of their choice to enter their appearance in any subsequent proceeding, including any involving contribution or indemnification issues, Plaintiffs, the Class and Class Counsel shall have no obligation for the payment of any of the fees, expenses and costs of such attorneys as those shall be the sole obligation of the Settling Defendants, and Plaintiffs and Class Counsel shall be held harmless from the payment of any such attorneys' fees, expenses and costs by the Settling Defendants. Further, Plaintiffs shall have no obligation to pay, reimburse or hold the Settling Defendants or their insurers harmless from any attorneys' fees, expenses and costs incurred by any Non-Settling Defendant at any time which are paid by the Settling Defendants or their insurers.

(iii)     In the event that any Non-Settling Defendant files any action against a Settling Defendant arising from or related in any way to the 2007 Transaction for which any Settling Defendant believes that Class Counsel has the obligation to defend under this Agreement, that Settling Defendant will provide to Class Counsel notice of the action and a copy of the Complaint (or similar document initiating any such action) within 7 days of service and Settling Defendants will cooperate with Class Counsel throughout the litigation in identifying, defending, exercising, asserting or prosecuting any rights or counterclaims that any of the Settling Defendants have against the Non-Settling Defendants; otherwise, Class Counsel's obligation to defend as set forth in this Section shall be voidable at the option of Class Counsel.

(iv)    Settling Defendants will not institute any action against any Non-Settling Defendants without the written consent of Class Counsel; otherwise, Class Counsel's obligation to defend and any obligation to indemnify shall be voidable at the option of Class Counsel.

(v)     To the extent not otherwise assigned in this Agreement, Settling Defendants will and hereby do assign any claims that they may have, including the right to compromise those claims and the proceeds from any such claims, against any Non-Settling Defendants to Plaintiffs and the Class, and the recovery or settlement of those claims may be distributed to the Class and/or used to pay Class Counsel's fees or expenses;

(e)     Plaintiffs, the Class and Class Counsel's obligation in Section 3(b)-(d) will cease on behalf of any Settling Defendant with respect to any Non-Settling Defendant at the earlier of (i) the time that Non-Settling Defendant signs a release of claims related to or arising out of the 2007 Transaction as to the Settling Defendant(s) or (ii) the time at which any Settling Defendant refuses to sign a release of any and all claims arising out of or related to the 2007 Transaction against any Non-Settling Defendant where the Non-Settling Defendant has agreed to or signed a release of claims against that Settling Defendant arising out of or related to the 2007 Transaction.   Any obligation by Plaintiffs, the Class and Class Counsel in Section 3(b)-(d) to any Settling Defendant with respect to the Alliance Entities will cease in the event that and at that time that the following has occurred: (i) a Settlement with the Alliance Entities contains a provision, substantially similar to the one in the Settlement Term Sheet between

-30-

Plaintiffs and the Alliance Entities, requiring the Alliance Entities to release claims against any such Settling Defendant, (ii) either the Alliance Entities release any and all claims they may have against the Settling Defendants as Part of the Final Settlement or Plaintiffs will release any such claims assigned to them by the Alliance Entities, and (iii) Final Judgment is entered approving such settlement between Plaintiffs and the Alliance Entities.

(f)     Any obligation by Plaintiffs, the Class and Class Counsel in Section 3(b)-(d) to any Settling Defendant with respect to Defendant Fenkell will cease in the event that a Settlement with the Alliance Entities contains a provision, substantially similar to the one in the Settlement Term Sheet between Plaintiffs and the Alliance Entities, requiring one or more of the Alliance Entities to defend, indemnify and hold harmless the Trustee Defendants and Pagelow, in any litigation to enforce the judgment against Fenkell, as well as against any claims asserted by Fenkell against the assigning parties in any other litigation and upon entry of Final Judgment approving such settlement between Plaintiffs and the Alliance Entities.

(g)     Except as provided herein, neither this Agreement nor the releases therein shall serve to release, discharge or otherwise diminish any of rights, claims, causes of action, or lawsuits by Plaintiffs or the Class against any Non-Settling Defendant (including any rights, claims or causes of action assigned under this Agreement), and those rights, claims causes of action and lawsuits are expressly reserved by Plaintiffs and the Class.

-31-

4.     **Non-Released Claims.**  Notwithstanding the foregoing or any other language in this Settlement Agreement, the Settling Parties are not releasing Claims to enforce this Settlement Agreement.  Notwithstanding any language in this Section or any other language in this Settlement Agreement, Plaintiffs are not releasing Claims based on the representations made by any of the Settling Defendants set forth in Section II (Recitals) or in Section IV (Representations and Conditions of Settlement).  Nothing in this Settlement Agreement shall be interpreted to or does release any claims by Plaintiffs or the Class against any Defendant other than the Settling Defendants.   Nothing in this Settlement Agreement shall be interpreted to or does release any claims that have been assigned to Plaintiffs or the Class by the Settling Defendants as part of this Agreement.

## XIV.  ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

1.     Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the filing of the Preliminary Approval Motion, Settling Defendants, at their own expense, shall prepare and provide notices and materials required by CAFA, as set forth in 28 U.S.C. § 1715(b)(1)-(8), to the Attorney General of the United States and the Attorneys General of all states in which any members of the Class reside or any other Appropriate Federal Official or Appropriate State Official identified by the Court ("the Appropriate State and Federal Officials").

2.     At the time that the Preliminary Approval Motion is filed, Settling Defendants will identify to the best of their knowledge and ability, the states in which any Class members reside.  In the Final Approval Order, the Settling Parties will request that the Court determine that the Attorney General of the United States and the Attorneys General of the states in which

-32-

the Settling Defendants have identified as being the residence of the members of the Class are the Appropriate Federal and State Officials pursuant to CAFA, 28 U.S.C. § 1715(a) & (b).

3.    Settling Defendants will provide Class Counsel with a copy of the notice and materials that the Settling Defendants sent to the Appropriate Federal and State Officials.

4.    In accordance with CAFA, 28 U.S.C. § 1715(d), the Settling Parties will request that the Court set the Final Approval Hearing for the later of sixty (60) days from the date on which Notice was provided to Class Members or ninety (90) days from the date on which Defendants are required to provide notice under 28 U.S.C. § 1715(b) and Paragraph XII § 1.

## XV.    EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

1.    In the event that the District Court refuses to grant Preliminary Approval or enter the Final Approval Order or approval of the Settlement is reversed on appeal, either Class Counsel or Settling Defendants may void this Settlement so long as the Party exercising such right provides written notice to counsel for all other Parties to the Settlement, which notice shall be delivered within 14 days of the order that such Party relies upon in exercising its rights under this Section.

2.    In the event that the District Court refuses to grant the Final Approval Motion or the Final Approval Order is reversed on appeal and one of the Settling Parties exercises its right to withdraw from the Settlement within the time specified above,  (a) the Settlement Fund (including any interest/earnings, but less than any amount paid or owing for taxes or other expenses incurred in connection with administering the Settlement, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator) shall be returned to Chubb within thirty (30) days; (b) the Settling Parties will not be released from the

-33-

claims asserted in this Action, and (c) both this Agreement and the Agreement in Principle shall

be void *ab initio*, and (d) the Parties' positions, rights and responsibilities shall be as if neither

this Agreement nor the Agreement in Principle ever existed.

## XVI.   MISCELLANEOUS PROVISIONS

1.     **No Party Is the Drafter:**  This Settlement Agreement is drafted by all Parties,

and is the result of arm's-length negotiations between competent legal counsel; therefore, it shall

not be construed more strictly against one party than any other.

2.     **Headings:**  The headings in this Settlement Agreement are used for purposes of

convenience and ease of reference only and are not meant to have any legal effect, nor are they

intended to influence the construction of this Settlement Agreement in any way.

3.     **Good Faith:**  The Settling Parties acknowledge that it is their intent to

consummate this Settlement.  They agree to exercise their best efforts and to act in good faith to

cooperate to the extent necessary to effectuate and implement all terms and conditions of this

Settlement Agreement.

4.     **Exhibits:**  All of the exhibits attached hereto and identified herein are hereby

incorporated by reference as though fully set forth herein.

5.     **Modification:**  This Settlement Agreement may be amended or modified only by

written instrument signed by, or on behalf of, all Settling Parties affected by the amendment or

their successors in interest.

6.     **Representations:**  This Settlement Agreement constitutes the entire agreement

among the Settling Parties related to the Settlement, and no representations, warranties or

inducements have been made to any Party concerning this Settlement Agreement or the

-34-

Agreement in Principle, other than (a) the representations, warranties, and covenants contained and memorialized in the Recitals of this Agreement, Sections IV and XI of this Agreement and (b) those representations, warranties, and covenants set forth in the Agreement in Principle, all of which shall be incorporated as set forth herein.  In the event of any conflict between this Settlement Agreement and the Agreement in Principle, this Settlement Agreement shall control.

7.      **Authorization:** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective parties he or she represents.

8.      **Counterparts:**  This Settlement Agreement may be executed in one or more original counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.      **Binding Effect:**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party shall operate to relieve such party of its obligations hereunder.

10.     **Governing Law:**  All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Wisconsin without regard to its rules of conflicts of law, to the extent not preempted by ERISA, and in accordance with the laws of the United States.

11.     **Waiver:** The waiver of one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other breach of this Settlement Agreement.

-35-

1858527.2

The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or Counsel for that party, or orally on the record in court proceedings.

12.     **Continuing Jurisdiction:** The Settling Parties agree to submit to the jurisdiction of the District Court regarding any disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement.   Any and all disputes related to this Settlement that are not satisfactorily resolved by the Settling Parties shall be submitted to the District Court for resolution.  The Final Approval Order will provide that the District Court will have continuing jurisdiction over this Settlement.

13.     **Extensions:** The Settling Parties reserve the right, subject to the District Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

14.     **Notice:** Whenever this Settlement Agreement provides for notice to be given to the Parties, such notice shall be served on the Parties through their respective Counsel listed on the signature page of this Agreement.

15.     **No Admission of Liability:** Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement, or the Settlement, even if this Settlement Agreement is canceled or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any Settled Claims, or of any wrongdoing, negligence, misrepresentation, breach of any duty, violation or liability of the Settling Defendants; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Claims asserted by Plaintiffs and members of the Class; or (c) is, may be

-36-

deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Party hereto in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including in this Action.  This Settlement Agreement and Settlement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the Settlement, or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

16. **Final and Complete Resolution:**  The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between the Settling Parties with respect to this Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have caused this Class Action Settlement Agreement to be executed by them or their duly authorized Counsel, on the dates set forth below.

-37-

Dated: March 10 2014:

R. Joseph Barton
Karen L. Handorf
Monya M. Bunch
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934
(202) 408-4600
Fax: (202) 408-4699
jbarton@cohenmilstein.com
khandorf@cohenmilstein.com
mbunch@cohenmilstein.com

Andrew W. Erlandson
**Hurley, Burish & Stanton, S.C.**
33 East Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
Fax: (608) 257-5764
aerlandson@hbslawfirm.com

*Counsel for the Class*

Dated: March 8 , 2014:

Charles B. Wolf,
Patrick W. Spangler,
**Vedder Price P.C.**
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Fax: (312) 609-5005
cwolf@vedderprice.com
pspangler@vedderprice.com

Lynn M. Stathas
**Reinhart Boerner Van Deuren S.C.**
22 East Mifflin Street, Suite 600
Madison, WI 53703
(608) 229-2205
Fax: (608) 229-2100
lstathas@reinhartlaw.com
kpeterson@reinhartlaw.com

*Counsel for the Trustee Defendants and the Trachte ESOP*

Dated: March 7 , 2014

Alan I. Silver
Kevin P. Hickey
Jonathan Paul Norrie
**BASSFORD REMELE,** *A Professional Association*
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
Phone: (612) 333-3000
Fax: (612) 333-8829
asilver@bassford.com
khickey@bassford.com
jnorrie@bassford.com

-38-

1858527.2

*Counsel for Defendant Stephen Pagelow*

-39-

1858527.2