*Chesemore v. Alliance Holdings, Inc.* No. 3:09-cv-00413-wmc (W.D. Wis.)
**Settlement Term Sheet Between Plaintiffs and Alpha Investment Consulting Group and John Michael Maier (collectively the "Alpha Defendants")**

WHEREAS, on October 6, 2011, the Court held oral argument on the Parties' cross-motions for Summary Judgment, and at that hearing, among other things, denied the Alpha Defendants' Motion for Summary Judgment, and granted Plaintiffs' Motion for Partial Summary Judgment with respect to the Alpha Defendants;

WHEREAS, the Court held the Phase One Liability Trial from October 11, 2011 through October 19, 2011;

WHEREAS, on March 28, 2012, the Court memorialized a number of rulings made from the bench on October 6, 2011, including denying the Alpha Defendants' Motion for Summary Judgment, and granting Plaintiffs' Motion for Partial Summary Judgment with respect to the Alpha Defendants;

WHEREAS, on July 24, 2012, the Court issued its Opinion and Order on the Phase One Liability Trial, holding that the Alliance Defendants and the Trustee Defendants breached their fiduciary duties in connection with the 2007 Transaction, but dismissing all claims against the Alpha Defendants;

WHEREAS Class Counsel represents that, absent this settlement, Plaintiffs, on behalf of themselves and the Class, would appeal the dismissal of the Alpha Defendants;

WHEREAS counsel for the Alpha Defendants represent that upon entry of judgment in this case, the Alpha Defendants would seek the costs of defending this Litigation pursuant to Rule 54(d) which could be up to $40,000.00;

WHEREAS Defendant John Michael Maier represents that his personal non-exempt assets (i.e. assets minus liabilities in excess of the homestead exemption and other exemptions under Wisconsin law and/or federal law that protect certain types of a debtor's property and assets from creditor collection actions and exclusive of retirement plan and IRA accounts) do not exceed $ 50,000.00, after payment of a current tax liability;

WHEREAS Alpha Investment Consulting Group ("Alpha") represents that it has provided Class Counsel with a true and correct copy of its balance sheet as of December 31, 2013 and that balance sheet correctly and accurately reflects that Alpha had assets of less than $6,100 and liabilities of more than $23,000 as of December 31, 2013 and that its financial situation has not materially improved since December 31, 2013;

WHEREAS the Alpha Defendants represent that they collectively have had non-exempt assets not in excess of $100,000 since the commencement of this Litigation;

WHEREAS the Alpha Defendants and counsel for the Alpha Defendants represent that the only insurance policy for which there is any potential for insurance coverage of the claims asserted in this Litigation against the Alpha Defendants is Chubb Policy No. 8207 6630, which had a policy limit of $2 million and which contains multiple exclusions from coverage that are arguably applicable to the claims against the Alpha Defendants in this Litigation, including exclusions for claims related to the Alpha Defendants acting as an investment advisor and for claims related to the Alpha Defendants acting as a fiduciary of an ESOP, and that in any event, at least $ 902,000.00 has been expended on the costs of defense of this litigation by the Alpha Defendants;

WHEREAS Class Counsel and Plaintiffs have relied on the foregoing representations in deciding to enter into this settlement on behalf of the Class;

WHEREAS each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below:

IT IS HEREBY AGREED BY Plaintiffs, on behalf of themselves and the certified Class, and the Alpha Defendants to settle the claims against these Defendants in *Chesemore v. Alliance Holdings* No. 09-cv-413 (W.D. Wis.) ("Trachte ESOP Litigation") on the following terms which will be incorporated into a Final Settlement Agreement after execution of this Agreement in Principle:

1. This agreement is subject to the conclusion of a mutually acceptable formal settlement agreement and approval by the Court pursuant to Rule 23.

2. This agreement is also conditioned upon the final approval of the settlement with all other Defendants (exclusive of any claim for attorneys' fees and expenses against David Fenkell) and the exhaustion of all appeals of those settlements; in the event that any of those settlements do not become final, either Class Counsel or counsel for the Alpha Defendants may choose to withdraw from this Settlement.

3. The Alpha Defendants will provide adequate written statements under oath about their assets and liabilities (including exempt assets and that there are no affiliates or subsidiaries of Alpha), and provide supporting documentation to be agreed-upon necessary to verify such representations. John Maier will also provide his Pre-Marital Property Agreement and Abridgement of Pre-Marital Property Agreement. The Alpha Defendants, by their signatures below and as will be set forth in the parties' formal settlement agreement, acknowledge that Plaintiffs and Class Counsel, on behalf of the Class, consider the statements by the Alpha Defendants to be material representations in deciding to enter into this settlement. The above written statements and materials will be provided to Class Counsel on an attorneys' eyes only basis. Such statement and materials will be provided to the District Court under seal if requested by the Court or to any other person whom the Court orders.

4. The Alpha Defendants will confirm in the parties' formal settlement agreement all of the following: (a) the identity of the only insurance policies of which they are aware that could potentially cover the claims asserted by the Plaintiffs and on behalf of the Class in the Trachte ESOP Litigation; (b) identify the exclusions on which Chubb has relied for its reservation of rights; (c) that the Alpha Defendants are unaware of any other insurance policies that provide potential coverage for the claims that have been or could have been asserted by the Plaintiffs themselves or on behalf of the Class in this litigation; (d) neither Trachte, the Trachte ESOP, nor any other Defendant, has paid any of the Alpha Defendants' attorneys' fees or expenses in this litigation; and (e) that no other person (other than Chubb) has agreed to indemnify or reimburse the Alpha Defendants for any fees, expenses or to satisfy any judgment. The Alpha Defendants, by their signatures below and as will be set forth in the parties' formal settlement agreement, acknowledge that Plaintiffs and the Class consider these statements to be material representations that Plaintiffs and Class Counsel are relying upon in deciding to enter into this Settlement.

5. The Alpha Defendants and all principals of Alpha will agree that none of them will ever serve as a fiduciary of any ERISA-covered plan sponsored by Trachte or any of the Alliance Entities.

6. The Alpha Defendants will release or assign to Plaintiffs, at Class Counsel's option, any claims that the Alpha Defendants have against any other Defendants in the Trachte ESOP Litigation (including the Alliance Entities, the Alliance ESOP, the Fenkells, the Trachte Trustee Defendants and Pagelow), as well as against Trachte or the Trachte ESOP.

7. The Alpha Defendants will waive any right to seek indemnification or contribution from Trachte or the Trachte ESOP or any other Defendant (except to the extent that such claims have been assigned to Plaintiffs or the Class).

8. The formal settlement agreement will provide the Alpha Defendants with a release from liability for claims that the Class has or could have asserted against the Alpha Defendants in the Trachte ESOP Litigation related to the 2007 Transaction.

9. The Alpha Defendants will release all claims against Plaintiffs, any member of the Class as well as any claims against Class Counsel, including, but not limited to, any right to seek an award of attorneys' fees or costs.

10. The Alpha Defendants will not take any position (a) that interferes with the approval of any settlements with any other Defendant, (b) on any motion by Plaintiffs for an award of attorneys' fees or expenses against any other Defendant or (c) on Class Counsel's request for fees or expenses.

Dated: March 28, 2014

R. Joseph Barton
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934
jbarton@cohenmilstein.com
khandorf@cohenmilstein.com
mbunch@cohenmilstein.com

Andrew W. Erlandson
**Hurley, Burish & Stanton, S.C.**
33 East Main Street, Suite 400
Madison, WI 53703
(608) 257-0945 Telephone
(608) 257-5764 Facsimile
mstanton@hbslawfirm.com
aerlandson@hbslawfirm.com

*Counsel for the Class*

Dated: MARCH 28, 2014

James J. Convery
**Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.**
515 North State Street
Suite 2800
Chicago, IL 60654
312-467-9800
312-467-9479 (fax)
jconvery@lanermuchin.com

*Counsel for the Alpha Defendants*