*Chesemore v. Alliance Holdings, Inc.* No. 3:09-cv-00413-wmc (W.D. Wis.)
**Partial Settlement Term Sheet With David B. Fenkell**
**Regarding Claims Against David B. Fenkell's Alliance ESOP Account**

WHEREAS, in its October 16, 2013, Order (D.E. 824), the United States District Court for the Western District of Wisconsin (Conley, J.) (the "Court") ordered in *Chesemore, et al. v. Alliance Holdings*, *Inc. et al.*, No. 3:09-cv-00413-wmc (the "Litigation"), among other things, that Defendants Alliance Holdings, Inc., A.H.I., Inc., and AH Transition Corporation (collectively, the "Alliance Entities") and David B. Fenkell ("David Fenkell") were jointly and severally liable to restore to the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust (the "Alliance ESOP") the sum of $7,803,543, plus prejudgment interest, which shall be distributed in cash according to the accounts of the members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29, 2007, with the exclusion of defendants Mastrangelo, Seefeldt and Klute (collectively, the "Trustee Defendants"), unless any member of the class should elect to receive their *pro rata* share in stock in lieu of cash, in which case the stock allocation shall be made by an independent fiduciary as set forth above;

WHEREAS, Plaintiffs filed a motion requesting the Court to order that David Fenkell's Alliance ESOP account could be used to satisfy the award against David Fenkell with respect to the Subclass;

WHEREAS, in its January 29, 2014, Order (D.E. 866), the Court ordered, among other things, that the "Alliance ESOP should be preliminarily enjoined from transferring any of David Fenkell's benefits provided under its Plan in order to maintain the status quo pending anticipation of entry of a final judgment and order of execution authorizing the application of [David] Fenkell's participating benefits to satisfy the judgment against him in the amount of $7,803,543";

WHEREAS, David Fenkell states that he intends to appeal the Court's January 29, 2014, Order (D.E. 866) as well as the Court's October 16, 2013, Order (D.E. 824), among other appeals;

WHEREAS, Defendant David Fenkell has provided Class Counsel with a copy of his account in the Alliance ESOP as of December 31, 2012, that reflects a fair market value of $502,619.91, according to the valuation dated December 31, 2012;

IT IS HEREBY AGREED by and between Plaintiffs on behalf of themselves and the Subclass, and David Fenkell and his current spouse, Karen G. Fenkell (collectively "the Fenkells"), to resolve Plaintiffs' claims against David Fenkell solely up to the amount in his Alliance ESOP account – but not including any claims for attorneys' fees, expenses or costs based on such claims– on the following terms and conditions which will be incorporated into a Final Settlement Agreement after execution of this Partial Settlement Term Sheet Regarding Claims Against David B. Fenkell's Alliance ESOP Account (this "Settlement" or this "Settlement Term Sheet"):

1.  **Court Approval.**  The settlement reflected by this Settlement Term Sheet is conditioned upon the Court approving this Settlement under Federal Rule of Civil Procedure 23 as fair, reasonable and adequate on behalf of both the Subclass and Class originally certified by the

1

Court, and as amended by the Court (DE 897). Exclusion of the Trustee Defendants, Stephen Pagelow, and their beneficiaries from the Class, Subclass and this Settlement is a material condition of this Settlement.

    (a)    As soon as reasonably practicable after execution of this Settlement Term Sheet, Class Counsel and David Fenkell will cooperate in preparing a Final Settlement Agreement with respect to the subject matter of this Settlement Term Sheet.

    (b)    Either before or after the Final Settlement Agreement is executed, Class Counsel will prepare a motion for preliminary approval of this Settlement and all parties will cooperate to have this Settlement approved by the Court.

    (c)    After preliminary approval of the Final Settlement Agreement is granted, Notice of the Final Settlement Agreement and Plaintiffs' proposed Plan of Allocation of the Final Settlement Agreement proceeds will be provided to the Class. To the extent electronic notification (*e.g.*, e-mail) is available and approved by the Court, notice may be provided by electronic means, and Class Counsel will attempt to provide Notice and other settlement-related communications by electronic means.

    (d)    Karen G. Fenkell will bear fifty percent (50%) of the costs of providing notice to the Class, which will be paid with funds other than the Final Settlement Agreement proceeds. In the event that Karen Fenkell fails to pay 50% of the costs of notice to the Class, such obligation may be enforceable against either of the Fenkells. The Fenkells will not oppose Class Counsel's request to coordinate Notice of this Settlement with the Notice of other settlements.

2.    **Settlement Proceeds.**

    (a)    Within ten (10) business days after the execution of this Settlement Term Sheet, the sum of $375,000.00 (the "Settlement Amount"), in cash, will be paid by Karen G. Fenkell into an escrow account at Eagle Bank on terms which will be substantially similar to the escrow agreement established for the Trachte Phantom Stock Plan Proceeds Settlement by and among Plaintiffs, on behalf of the Subclass, and Karen G. Fenkell (the "Settlement Payment").

    (b)    Within thirty (30) days of the earlier of issuance of (i) the valuation of Alliance Holdings, Inc. and AH Transition Corporation stock as of December 31, 2013, or (ii) a statement indicating that the fair market value of David Fenkell's Alliance ESOP account as of December 31, 2013, to the extent that the fair market value of the assets in David Fenkell's ESOP account as of December 31, 2013, is greater than $502,619.91, Karen G. Fenkell will pay an amount equal to the excess of the fair market value of David Fenkell's Alliance ESOP account over $502,619.91, based on the December 31, 2013 valuation.

    (c)    In the event that the Court refuses to grant either preliminary approval or final approval of this Settlement, the amount in the Escrow Account minus any

reasonable expenses incurred (including any necessary reserve for taxes or tax preparation) will be returned as instructed by the Fenkells' counsel within ten (10) business days of a written request by the Fenkell's counsel.

3. **Partial Release.**

   (a) As part of the Final Settlement Agreement, Plaintiffs will release David Fenkell solely with respect to Plaintiffs' claim that amounts in David Fenkell's account in the Alliance ESOP should be applied in order to satisfy David Fenkell's liability set forth in the Court's October 16, 2013, Order.  As such, it is contemplated that the Final Settlement Agreement will resolve Plaintiffs' claims against David Fenkell up to the amount in his Alliance ESOP account.  The Court's Final Approval Order of the Final Settlement Agreement will contain a dismissal of Plaintiffs' claims with prejudice solely against David Fenkell's account in the Alliance ESOP, and will expressly provide that any claims for relief above that amount or any award of attorneys' fees, expenses or costs are not included.

   (b) Nothing in this Settlement Term Sheet or the Final Settlement Agreement will release any other claims, remedies or relief that Plaintiffs, their predecessors in interest, or their assignees have against David Fenkell.  The Final Approval Order will specifically provide that no other claims against David Fenkell have been dismissed and that no other claims or relief has been settled or compromised as a result of this Settlement, including the claims for which the Court has found that David Fenkell is jointly liable with the Alliance Entities and the claims for indemnification as set forth in the Court's October 16th Order, which Plaintiffs' have agreed to assign to Alliance Holdings, Inc. as part of Plaintiffs' settlement with the Alliance Entities (and which assignment David Fenkell contests).

   (c) No claim for an award of attorneys' fees, expenses and/or costs against David Fenkell is being released by this Settlement Term Sheet and any claims for attorneys' fees, expenses or costs are specifically being retained by Plaintiffs and/or Class Counsel except for any claim for attorneys' fees, expenses or costs that were previously released as set forth in the Notice of Partial Settlement, dated November 29, 2013 (D.E. 849).

   (d) The Fenkells will release Plaintiffs, the Class and the Subclass from any claims related to the Litigation, including any claims for attorneys' fees, costs, expenses or sanctions relating to the filing, commencement, prosecution or settlement of this litigation

   (e) At Class Counsel's option, the Fenkells will either assign to Plaintiffs any claims that they may have against the Alpha Defendants (*i.e.*, John Michael Maier and Alpha Investment Consulting), the Trustee Defendants and Stephen W. Pagelow or release any such claims that they have against the Alpha Defendants, the Trustee Defendants or Mr. Pagelow.

3

(f) The Fenkells' releases of claims against Plaintiffs pursuant to Paragraph 3(d) of this Settlement Term Sheet or the Fenkells' assignment of claims to Plaintiffs pursuant to Paragraph 3(e) of this Settlement Term Sheet are not intended to impede or impair the Fenkells' ability to do any of the following:  (1) challenge the validity of the assignment of any claims by Plaintiffs, on behalf of the Class or Subclass, to the Alliance Entities or any others; (2) defend against any assigned claims or any claims that have not been released in the Litigation, including any claims held by Plaintiffs or any other defendants, and any and all defenses, counterclaims, crossclaims and/or third-party claims that the Fenkells may have and have not been released; (3) challenge any claim or motion for an award of attorneys' fees and/or expenses filed by Plaintiffs (except as provided in Paragraph 9 of this Settlement Term Sheet); (4) appeal any judgments and/or orders that the Court has issued in the past or will issue in the Litigation other than ((A) any orders approving any settlement between Plaintiffs and the Fenkell Defendants, or (B) any orders to the extent that they concern claims that the Fenkell Defendants have agreed to settle, release or assign.

4. **Allocation of Proceeds.**  The Settlement Amount shall be allocated to members of the Subclass pursuant to a plan of allocation to be submitted by Class Counsel to the Court for approval and which shall be subject to modification by the Court.  The Fenkells will not have any input on the method or plan of allocation.

5. **Tax Benefits.**  The Fenkells will not take any action that impedes payment of the Settlement Amount in a manner that enables the Subclass to obtain tax favorable treatment of the proceeds of the Settlement Payment, including by making the Settlement Payment to a qualified retirement plan.  The Final Settlement Agreement will provide that the Fenkells are not making any representations regarding and the Subclass is not relying upon representations regarding any tax advice from David Fenkell related to the Settlement Payment.

6. **Waiver of Any Right to Receive the Settlement Payment.**  Neither David Fenkell, Karen G. Fenkell, nor any of their beneficiaries will receive, either directly or through allocations to their Alliance ESOP accounts, if any, any of the Settlement Payment.  To the extent that any portion of the Settlement Payment is paid into the Alliance ESOP or some other qualified retirement plan, David Fenkell and any other person who receives a release in this Settlement Term Sheet or the Final Settlement Agreement agree not to receive any allocation of any amount from the Settlement Payment and will obtain an authorization from any current spouse or other beneficiary necessary to forego any such allocation (unless consent from a non-spousal beneficiary is not possible).

7. **Attorneys' Fees.**  The Fenkells will not take any position on Class Counsel's request for attorneys' fees or expenses to the extent that any such fees or expenses are paid out of the proceeds of the Settlement Payment.

March 28, 2014

By: _____
R. Joseph Barton
COHEN MILSTEIN
 SELLERS & TOLL, PLLC
1100 New York Avenue, Suite 500
Washington D.C. 20005
*On Behalf of & As Counsel for
Plaintiffs & the Subclass*

March 28, 2014

By: _____
David B. Fenkell

By: _____
Karen G. Fenkell

*Approved as to Form*:

By: _____
David R. Johanson
Douglas A. Rubel
Jackson Lewis P.C.
725 South Figueroa Street, 25th Floor
Los Angeles, CA 90017

*Counsel for the Fenkells*

5