UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROL CHESEMORE, DANIEL DONKLE, THOMAS GIECK, MARTIN ROBBINS, and NANNETTE STOFLET, on behalf of themselves, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLIANCE HOLDINGS, INC., DAVID B. FENKELL, KAREN FENKELL, A.H.I., INC., AH TRANSITION CORP., PAMELA KLUTE, JAMES MASTRANGELO, STEPHEN W. PAGELOW, JEFFREY A. SEEFELDT, ALPHA INVESTMENT CONSULTING GROUP, LLC, and JOHN MICHAEL MAIER,<br><br>    Defendants,<br><br>and<br><br>TRACHTE BUILDING SYSTEMS, INC. EMPLOYEE STOCK OWNERSHIP PLAN and ALLIANCE HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>    Nominal Defendants. | Judge William Conley<br><br>Magistrate Judge Stephen L. Crocker<br><br>Case No. 09-CV-00413 |

## **DECLARATION OF GARY GREENWALD**

I, Gary D. Greenwald, hereby declare pursuant to 28 U.S.C. § 1746 under the law of the United States as follows:

1.    I am a member in good standing of the State Bar of Arizona and the State Bar of Ohio, and I am a partner of Keller Rohrback LLC in its Phoenix office. I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently to the facts stated herein.

2.    I am a 1971 graduate of the Ohio State College of Law and have practiced in the field of complex business litigation for over 40 years. During that period, I have been admitted

pro hac vice as lead counsel or co-lead counsel in Federal District Court venues in more than eleven states.

3. I was a founding member of Shayne & Greenwald, PLC ("S&G") in Columbus, Ohio, and managed its litigation department until the dissolution of the firm in late 2006. Thereafter, I joined the law firm of Keller Rohrback in Phoenix, Arizona, and have been with that firm and its successor in interest since that time.

4. I have practiced for over 21 years in the highly specialized field of ERISA law, with almost 18 of those years handling litigation involving employee stock ownership plans ("ESOPs"). I have served as lead counsel or co-lead counsel for ESOP participants in litigation involving breach of fiduciary duty and prohibited transactions in District Courts in the states of New York, New Jersey, Ohio, Illinois, Missouri, Oregon, California, Louisiana, Mississippi, and North Dakota.

5. I have personally tried five ESOP cases to conclusion and obtained a judgment for the ESOP participants in four of those cases: *Henry v. Champlain Enterprises* (N.D.N.Y. 2004), rev'd on appeal; *Roberts v. Tausig* (N.D. Ohio 2000); *Shephard v. Dorsa* (C.D. Cal. 1997); and *Mohler v. Unger* (W.D. Ohio 1995). I also represented an ESOP in California in *Johnson v. Couturier* (E.D. Cal. 2005) – a case which resulted in numerous reported decisions over a four-year period, including a decision before the Ninth Circuit Court of Appeals in 2009 upholding a grant of a preliminary injunction (572 F.3d 1067).

6. I have also served as an expert witness and national speaker at ESOP conventions on the subject of ESOP fiduciary litigation.

7. I am familiar with the facts and decisions in the *Chesemore v. Alliance Holdings, Inc.* litigation, as I have spent considerable time reviewing and discussing this case at conferences related to ESOP fiduciary litigation like the National Center for Employee

Ownership Conference, a non-profit organization providing information and research on employee stock plans.

8. ERISA is a complex statute and the ESOP area of ERISA is particularly complex in that it often involves issues of prohibited transactions, valuation of closely held corporations, and circumstances where the Plan fiduciaries are also the controlling officers, directors, and shareholders. ESOP cases can be uniquely expensive to litigate on behalf of participants because they require valuation experts at a minimum and frequently also require a fiduciary expert.

9. I understand that this case involved multiple defendants, a complicated multi-party transaction, extensive fact and expert discovery, motion practice, and two trials. As such, this action is a prime example of the complexity and difficulties encountered in an ESOP case.

10. Because of the complexity of ERISA, the issues involved in the cases, and the need for extensive research in order to have a reasonable working knowledge of ERISA, there are a small number of attorneys regularly involved in representation of participants in ERISA fiduciary breach actions.

11. Among the handful of firms that handle significant large scale or class actions under ERISA, even fewer attorneys have the knowledge, expertise and experience and are willing to assume the risks of representing participants in actions involving ESOPs holding privately held employer stock. To my knowledge, there are only three firms nationwide that handle cases involving ESOPs holding privately-held employer stock on behalf of participants on a regular basis – Keller Rohrback, Lewis Feinberg, and Cohen Milstein. Even among those firms, only a handful of the attorneys in those firms have any significant experience litigating those cases.

12. Litigation of cases challenging the valuation of privately-held stock usually requires the attorney to have some familiarity and sophistication not only with fiduciary practice, but also valuation principles. Representation of participants in an ESOP valuation case

frequently involve a significant amount of discovery – of the fiduciaries of the ESOP, the valuation firms performing the ESOP appraisals, management of the company, and frequently the outside lenders – mostly of persons who either are defendants or are aligned with the defendants. Such discovery is expensive. The participants in such cases frequently do not have funds to finance the discovery and as practical matter, plaintiff's counsel assumes the risk of never being compensated not only for its time, but as a practical matter, never being able to recoup expenses. By contrast, defendants are usually represented by large firms which are well compensated on a current basis.

13.   I am personally familiar with the work and qualifications of the Cohen Milstein firm, and particularly attorneys R. Joseph Barton and Bruce F. Rinaldi. I worked with Mr. Barton and Mr. Rinaldi in the *Hans v. Tharaldson* litigation, a case in which I represented the class of current-employee participants and they represented the class of former employee-participants challenging an ESOP's purchase of privately-held employer stock. The *Tharaldson* case, which was probably less factually-complicated than the *Trachte* case, required over 50 depositions and plaintiffs retained four experts. The case was settled shortly before trial after years of vigorously contested litigation, and resulted in a significant recovery to the Plan.

14.   During the course of the *Tharaldson* litigation, I had significant opportunities to observe both the written work product and oral presentations by Mr. Barton and Mr. Rinaldi, including their direct examination and cross-examination of witnesses at a five-day evidentiary *Daubert* hearing. Based on my direct experience working with these lawyers and this firm, it is my opinion that they are among the highest qualified of ERISA plaintiff-side class action firms and attorneys.

15.   Based on my extensive experience, I am familiar with attorney fee awards in ESOP cases around the country and the market rate for services in ESOP cases. Fee awards compensate attorneys for the risk of not prevailing, as well as for the attorneys' expertise and

advocacy, and their willingness to take cases on a contingent fee basis, including carrying expenses and the inevitable delays in receiving any compensation, and the results ultimately obtained.

16.     It is my understanding that Plaintiffs seek the following hourly rates: $775 for Karen L. Handorf (partner, practice group head); $635 for R. Joseph Barton (partner, 2000 grad); $530 for Monya Bunch (associate, 2004 grad); $415 for Mary J. Bortscheller (associate, 2010 grad); and $250 for paralegal work.  These rates are well in line with the rates charged by Keller Rohrback in litigating ERISA and ESOP cases.  My current hourly rate is $750 per hour. [Although we do not have attorneys in our office who have practiced for the same number of years as Mr. Barton, their rates would be $625 to $650 under our rate schedule.]  We have been awarded fees based on those rates.  I believe that Plaintiffs' requested rates for their attorneys are very reasonable given their expertise in this highly specialized area of the law, and the high quality of their work.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief

Executed in Phoenix, Arizona, on June 10, 2014.

_____
Gary D. Greenwald