# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE,  DANIEL
DONKLE, THOMAS GIECK, MARTIN
ROBBINS, and NANNETTE STOFLET, on
behalf of themselves, Individually, and on
Behalf of All Others Similarly Situated,

     Plaintiffs,

     v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, KAREN FENKELL, A.H.I INC.,
AH TRANSITION CORP., PAMELA
KLUTE, JAMES MASTRANGELO,
STEPHEN  W. PAGELOW, and JEFFREY
A. SEEFELDT, ALPHA INVESTMENT
CONSULTING GROUP, LLC and JOHN
MICHAEL MAIER,

     Defendants,

and

TRACHTE BUILDING SYSTEMS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
and ALLIANCE HOLDINGS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
AND TRUST,

     Nominal Defendants.

Judge William M. Conley

Magistrate Judge Stephen L. Crocker

Case No. 09-CV-00413

**CLASS ACTION
SETTLEMENT AGREEMENT
BETWEEN PLAINTIFFS AND
DEFENDANTS ALPHA INVESTMENT
CONSULTING GROUP, LLC &
JOHN MICHAEL MAIER**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   RECITALS ........................................................................................................... 1

III.  DEFINITIONS ..................................................................................................... 5

IV.   REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT ................................. 9

V.    SETTLEMENT CLASS ......................................................................................... 12

VI.   CLASS NOTICE ................................................................................................. 13

VII.  ATTORNEYS' FEES, ExPENSES & SERVICE AWARD ............................................ 13

VIII. NON-CASH SETTLEMENT CONSIDERATION BY ALPHA DEFENDANTS .......... 14

IX.   APPROVAL OF THE SETTLEMENT ..................................................................... 15

X.    RELEASES ......................................................................................................... 16

XI.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ............... 17

XII.  EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION ..................... 18

XIII. MISCELLANEOUS PROVISIONS ......................................................................... 19

1901099.1

## I.    INTRODUCTION

Subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement ("Settlement Agreement") is made and entered into by, between and among Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet (collectively "Plaintiffs"), on behalf of themselves, individually, and on behalf of the certified Class and Defendants Alpha Investment Consulting Group, LLC and John Michael Maier (collectively, "the Alpha Defendants") to settle the claims against the Alpha Defendants and only the Alpha Defendants, in *Chesemore et al. v. Alliance Holdings, Inc. et al.*, No. 09-cv-413 (W.D. Wis.) on, and subject to, the terms and conditions below.

## II.    RECITALS

WHEREAS, on June 30, 2009, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, and Martin Robbins filed a Class Action Complaint in the United States District Court for the Western District of Wisconsin on behalf of themselves and a class of participants and beneficiaries in the Trachte Building Systems, Inc. Employee Stock Ownership Plan ("Trachte ESOP"), asserting claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA") for alleged violations in connection with the 2007 sale of Trachte Building Systems, Inc. ("Trachte") to the Trachte Building Systems, Inc. Employee Stock Ownership Plan ("the 2007 Transaction");

WHEREAS, on January 25, 2010, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet filed an Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP, including claims against Defendants Alpha Investment Consulting Group, LLC and John Michael Maier (collectively, "the Alpha Defendants");

WHEREAS, on March 1, 2010 the Alpha Defendants filed their Answer to the Amended Complaint;

WHEREAS, on March 17, 2011, Plaintiffs filed a Motion for Class Certification, which the Alpha Defendants opposed;

WHEREAS, on May 27, 2011, the Court ordered bifurcated trials on liability and equitable relief;

WHEREAS, on June 27, 2011, the Alpha Defendants filed a Motion for Summary Judgment, and Plaintiffs filed Motions for Partial Summary Judgment which included a request for a determination that the Alpha Defendants were fiduciaries of the Trachte ESOP;

WHEREAS, on September 22, 2011, the Court granted Plaintiffs' Motion for Class Certification, certified a Class and a Subclass, and appointed Plaintiffs as representatives of the Class and the Subclass, and the law firms of Cohen, Milstein, Sellers & Toll, PLLC, and Hurley, Burish & Stanton, S.C. as Class Counsel;

WHEREAS, on October 6, 2011, the Court held an oral argument on the Parties' cross-motions for Summary Judgment, and at that hearing, among other things, orally denied the Alpha Defendants' Motions for Summary Judgment, and granted the Plaintiffs' Motions for Partial Summary Judgment that the Alpha Defendants were fiduciaries of the Trachte ESOP;

WHEREAS, from October 11, 2011 through October 19, 2011, the Court held the Phase One Liability Trial;

WHEREAS, on March 28, 2012, the Court memorialized a number of rulings made from the bench on October 6, 2011, including denying the Alpha Defendants' and granting Plaintiffs' Motion for Partial Summary Judgment that the Alpha Defendants were fiduciaries;

-2-

WHEREAS, on July 24, 2012, the Court issued its Opinion and Order on the Phase One Liability Trial, holding that the Alliance Defendants and the Trustee Defendants breached their fiduciary duties in connection with the 2007 Transaction, and that, accordingly, Plaintiffs may proceed to the Phase Two Relief Trial against these Defendants, but dismissing all claims against the Alpha Defendants;

WHEREAS, from July 25, 2012 through July 30, 2012, the Court held the Phase Two Relief Trial;

WHEREAS, on September 28, 2012, the Parties engaged in mediation before Magistrate Judge Peter A. Oppeneer, but did not reach a final settlement;

WHEREAS Plaintiffs and the Trustee Defendants reached and executed an agreement in principle on May 27, 2013, which set forth the general terms on which Plaintiffs would settle their claims against the Trustee Defendants;

WHEREAS, on June 4, 2013, the Court issued its Opinion and Order on the Phase Two Relief Trial, and, among other things, ordered, (1) the Alliance Defendants "jointly and severally to restore to the Alliance ESOP $7,803,543 plus prejudgment interest, which shall be allocated to the accounts of the members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29, 2007, with exclusion of the [Trustee Defendants]," (2) Defendant Fenkell to "restore to Trachte Building Systems Inc., the $2,896,000 he received in connection as part of [the 2007 Transaction], if Trachte will agree to restore Fenkell's phantom stock plan" and (3) the Trustee Defendants to "pay to the Trachte ESOP $6,473,856.82 plus prejudgment interest which shall be allocated to the class members' accounts according to their current shares as of the date of this judgment, with the exclusion of the [Trustee Defendants]", and (4) the Alliance

-3-

Defendants to "indemnify [the Trustee Defendants] for any compensatory relief they are required to pay;"

WHEREAS Plaintiffs and Defendants Alliance Entities reached and executed an agreement in principle on February 12, 2014, which set forth the general terms on which Plaintiffs would settle their claims against the Trustee Defendants, and contemplated, among other things, that Plaintiffs and Defendants Alliance Entities would enter into a formal settlement agreement to be submitted to the Court for approval;

WHEREAS, on February 18, 2014, the Court preliminarily approved Plaintiffs' settlements with the Trustee Defendants and the Alliance Entities, and scheduled the Final Approval and Fairness Hearing for June 17, 2014;

WHEREAS Plaintiffs and the Fenkell Defendants entered into a partial settlement on March 28, 2014, which set forth the general terms on which Plaintiffs would partially settle their claims against the Fenkell Defendants;

WHEREAS Plaintiffs and the Alpha Defendants reached and executed an Agreement in Principle on March 28, 2014, which set forth the general terms on which Plaintiffs would settle their claims against the Alpha Defendants, and contemplated, among other things, that Plaintiffs and the Alpha Defendants would enter into a formal Settlement Agreement to be submitted to the Court for approval;

WHEREAS, on April 9, 2014, the Court preliminarily approved the March 28, 2014 partial settlement between Plaintiffs and the Fenkell Defendants and the settlement between Plaintiffs and the Alpha Defendants, and rescheduled the previously scheduled Final Approval and Fairness Hearing for July 24, 2014.

WHEREAS Class Counsel represents that, absent this Settlement, Plaintiffs, on behalf of themselves and the Class, would appeal the dismissal of their claims against the Alpha Defendants;

WHEREAS the Alpha Defendants represent that upon entry of judgment in this case, the Alpha Defendants would seek the costs of defending this litigation which could be up to $40,000;

WHEREAS the Alpha Defendants made a number of representations about their financial situation in the Settlement in Principle, which they reaffirm and incorporate in this Agreement and acknowledge that Counsel and Plaintiffs have represented that they have relied on the foregoing representations in deciding to enter into this Settlement on behalf of the Class;

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby mutually agree as follows:

## III.   DEFINITIONS

As used in this Settlement Agreement, the following terms have the following meanings, unless a section or subsection of this Settlement Agreement specifically provides otherwise:

1.   The "2007 Transaction" means the transaction described in the Complaint with the Trachte ESOP occurring on or about August 29, 2007.

2.   "Action" or "Litigation" means *Chesemore, et al. v. Alliance Holdings, Inc. et al.*, No. 09-cv-413, filed in the United States District Court for the Western District of Wisconsin.

3.   "Agreement in Principle" means the Agreement that the Parties to this Agreement executed on March 28, 2014.

-5-

4.     "Alliance Defendants" means the Alliance Entities and the Fenkell Defendants.

5.     "Alliance Entities" means Defendants Alliance Holdings, Inc., A.H.I., Inc. ("AHI"), and AH Transition Corporation ("AH Transition").

6.     "Alliance ESOP" means the Alliance Holdings, Inc. Employee Stock Ownership Plan.

7.     "Alpha Defendants" means the Alpha Investment Consulting Group, LLC and John Michael Maier.

8.     "Chubb" means the Chubb Group of Insurance Companies.

9.     "Claims" means any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known, unknown, or unsuspected in law or equity, as well as of any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise arising out of the 2007 Transaction.

10.     "Class" means the Class certified under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) by the District Court's Order on September 22, 2011 as modified by the Court's Order of March 5, 2014.

11.     "Class Counsel" means Cohen Milstein Sellers & Toll, P.L.L.C. and Hurley, Burish & Stanton, S.C.

12.     "Class Notice" means the Notice of Pendency of Class Action and Proposed Class Settlement issued to the Class.

-6-

13.    "Class Representatives" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

14.    "Defendants" means anyone named as a Defendant in the Third Amended Complaint.

15.    "District Court" means the United States District Court for the Western District of Wisconsin.

16.    "Effective Date of Settlement" means the date defined in Part IX, section 3.

17.    "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*

18.    "Fenkell Defendants" means David B. Fenkell and Karen Fenkell.

19.    "Final Approval and Fairness Hearing" means a hearing by the District Court to (a) review this Settlement Agreement and determine whether the Court should give final approval to this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (b) consider any timely objections to this Settlement Agreement, and all responses by the Parties; (c) consider the request for attorneys' fees and expenses submitted by Class Counsel; and (d) consider the Class Representatives' requests for a Service Award.

20.    "Final Judgment" or "Final Approval Order" means the District Court's Final Order and entry of judgment finally approving this Settlement and dismissing the Action as to the Alpha Defendants.

21.    "Lead Class Counsel" means Cohen Milstein Sellers & Toll PLLC.

22.    "Non-Alpha Defendants" mean any of the Defendants other that the Alpha Defendants, including Alliance Holdings, Inc., A.H.I., Inc., AH Transition Corp., David B.

Fenkell, Karen Fenkell, Pamela Klute, James Mastrangelo, Jeffrey A. Seefeldt, and Stephen W. Pagelow

23.     "Parties" mean Plaintiffs and each member of the Class, and the Alpha Defendants.

24.     "Plaintiffs" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

25.     "Preliminary Approval" means the order from the District Court granting the motion for preliminary approval of the Settlement set forth in Section XII.

26.     "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement, including any exhibits attached hereto.

27.     "Settlement Class" means members of the Class, except for those persons who have are excluded from the Class.

28.     "Settlement Administrator" means the Administrator that will be responsible for administering the Settlement Fund(s) from other settlements.

29.     "Settling Parties" means the Alpha Defendants and Plaintiffs and each member of the Class.

30.     "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the

-8-

nature of excise, withholding, ad valorem, stamp, transfer, value added, or gains taxes; license,

registration and documentation fees; and customs' duties, tariffs, and similar charges.

  31. "Trachte" means Trachte Building Systems, Inc.

  32. "Trachte ESOP" or "the Plan" means the Trachte Building Systems, Inc.

Employee Stock Ownership Plan established in 2007.

  33. "Trustee Defendants" means Pamela Klute, James Mastrangelo, and Jeffrey A.

Seefeldt.

## IV. REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT

  1. **Statements of Assets and Liabilities of the Alpha Defendants**.  As a material

condition of this Settlement, the Alpha Defendants have provided written statements under oath

to Class Counsel about their assets and liabilities as well as supporting documentation necessary

to verify such representations as set forth below:

    a. Defendant John Michael Maier has provided statements under oath

averring and hereby represents that his personal non-exempt assets (i.e. assets minus

liabilities in excess of the homestead exemption and other exemptions under Wisconsin

law or federal law that protect certain types of debtor's property and assets from creditor

collection actions and exclusive of retirement plan and IRA accounts) do not exceed

$50,000 as of the date of this Agreement;

    b. Defendant John Michael Maier has provided a copy of his Pre-Marital

Property Agreement and Abridgement of Pre-Marital Property Agreement and represents

that such documents are true and correct copies and to the best of his knowledge are

valid;

    c. Alpha Investment Consulting Group hereby represents that it has provided

Class Counsel with a true and correct copy of its balance sheet as of December 31, 2013,

-9-

and that balance sheet correctly and accurately reflects that Alpha had assets of less than $6,100.00 and liabilities of more than $23,000.00 as of December 31, 2013, and that its financial situation has not materially improved between December 31, 2013 and the date of this Agreement;

       d.     The Alpha Defendants represented in the Settlement in Principle and hereby represent that they collectively have had non-exempt assets not in excess of $100,000.00 since the commencement of this Litigation;

       e.     The Alpha Defendants represent that there are no affiliates or subsidiaries of Alpha Investment Consulting Group;

       f.     The written financial statements of the Alpha Defendants' assets and liabilities, as well as other materials including their supporting documentation and Maier's Pre-Marital Property Agreement and Abridgment of Pre-Marital Property Agreement, have been provided to Class Counsel on an attorneys' eyes only basis. Such statements and materials may be provided to the District Court under seal if requested by the Court or will be produced to any other person whom the District Court orders on the conditions specified by it.

       2.     **Representations Regarding Insurance Coverage**.  As a material condition of this Settlement, the Alpha Defendants and counsel for the Alpha Defendants make the following representations regarding the availability of insurance coverage or their indemnification concerning the claims against them in this Litigation:

       a.     The only insurance policy of which they are aware that could potentially cover the claims asserted in this Litigation by Plaintiffs on behalf of the Class against the Alpha Defendants is Chubb Group of Insurance Policy No. 8207 6630, which has a

policy limit of $2,000,000.00, and the Alpha Defendants are unaware of any other insurance policies that may provide potential coverage for the claims against the Alpha Defendants that have been or could have been asserted by the Plaintiffs themselves or on behalf of the Class in this Litigation;

      b.     The amount of total insurance available to satisfy the claims against the Alpha Defendants in this Litigation was $2 million at the initiation of this Litigation;

      c.     The Chubb Group of Insurance Policy No. 8207 6630 contains the following exclusion on which Chubb has relied for its reservation rights:

          (i)     Policy Paragraph 11(e)(ii), Exclusions Applicable to any Investment Advisers Errors or Omissions Claim, provides that Federal shall not be liable for Loss on account of any Investment Advisers Errors or Omissions Claim based upon, arising from, or inconsequence of:

          ii. the rendering of advice or recommendations regarding any actual, attempted or threatened merger, acquisition, divestiture, tender offer, proxy contest, leveraged buy-out, going private transaction, insolvency proceeding, reorganization, capital restructuring, recapitalization, spin-off, primary or secondary offering of debt or equity securities or other evidence of indebtedness, dissolution or sale of all or substantially all of the assets or stock of a business entity or any effort to raise or furnish capital or financing for any enterprise or entity;

      d.     At least $902,000.00 has been expended on the costs of defense of this Litigation by the Alpha Defendants and to the best of their knowledge and information, the amount of insurance remaining to satisfy the claims against the Alpha Defendants is $1.1 million or less;

      e.     Neither Trachte, the Trachte ESOP, nor any other Defendant, has paid any of their attorneys' fees or expenses in this Litigation (except for amounts subject to the deductible under the policies); and

-11-

f.      No person (other than Chubb) has agreed to indemnify or reimburse the Alpha Defendants for any fees, expenses or agreed to indemnify them or satisfy any judgment.

3.      **Effect of Untrue Information or Representations.**  The Alpha Defendants acknowledge that Plaintiffs and Class Counsel consider the statements contained in this Section and the underlying documents provided to Class Counsel referenced in this Section to be material representations that Plaintiffs and Class Counsel have represented they have relied on to enter into this Settlement Agreement on behalf of the Class and to recommend that the Court approve this Settlement on behalf of the Class.  The Alpha Defendants also acknowledge that Plaintiffs and Class Counsel have represented they would not have agreed to enter into this Settlement or recommend this Settlement to be approved by the Court if the foregoing statements and representations were not materially true and agree and that if any such statements or representations are materially untrue, that Plaintiffs or Class Counsel will be entitled to seek to void this Settlement.

## V.      SETTLEMENT CLASS

1.      The Settlement Class will be the Class certified by the District Court under Federal Rules of Civil Procedure 23(b)(1) and (b)(2), in the Court's Order of September 22, 2011 as modified by the Court's Order of March 5, 2014, defined as follows (except for the Excluded Persons set forth below):

> Participants in the Trachte ESOP at any time from August 29, 2007 to the present who had an account or received an allocation which they did not subsequently forfeit under the terms of the Plan and the beneficiaries of such participants,

2.      The following persons shall be excluded from the Settlement Class: any person named as a Defendant in this Litigation and their beneficiaries, any fiduciary of the Trachte

ESOP or the Alliance ESOP during the 2007 Transaction and any member of the immediate family, the legal representatives, heirs, successors or assigns of any excluded persons (the "Excluded Persons").

3.      The Alpha Defendants will not object to or oppose final certification of the Settlement Class.

## VI.   CLASS NOTICE

1.      After the District Court's preliminary approval of this Settlement Agreement, Class Counsel provided Notice to the Class as directed by the Court.  The Alpha Defendants believe that the Class Notice satisfies the Court's Preliminary Approval Order and the requirements of Rule 23 of the Federal Rules of Civil Procedure.

2.      All costs and expenses for provision of Class Notice, including the costs to retain a Settlement Administrator, will be an expense paid out of other settlements in this Litigation.

## VII.  ATTORNEYS' FEES, EXPENSES & SERVICE AWARD

1.      **Plaintiffs' Attorneys' Fees & Costs:**  Nothing in this Agreement will be construed to limit any ability of Plaintiffs to seek an award of attorneys' fees or reimbursement of expenses or costs from any Non-Alpha Defendants.

2.      **Class Counsel's Request for Attorneys' Fees & Reimbursement of Expenses:** Nothing in this Agreement will be construed to limit the ability of Class Counsel to seek an award of attorneys' fees and reimbursement of expenses/costs paid out of or pursuant to any other settlements in this Litigation with any of the non-Alpha Defendants, subject to and in an amount determined by the Court.

3.      **Service Award:**  Class Counsel will be entitled to seek a Service Award to be paid out of other settlements in this Litigation with any of the non-Alpha Defendants, for Plaintiffs in recognition of their service and/or for reimbursement of their time and expenses

-13-

subject to the approval of and in an amount to be determined by the Court.

4. **Alpha Defendants' Non-Opposition:** The Alpha Defendants shall not take any position on any request by Plaintiffs or Class Counsel for any request for award of attorneys' fees, whether pursuant to ERISA § 502(g), Rule 23(h), the common fund or other doctrine or any reimbursement of expenses or any request regarding the Service Awards to be paid to Class Representatives out of any settlements with any of the non-Alpha Defendants.

5. **Alpha Defendants' Attorneys' Fees & Expenses:** Alpha Defendants will bear their own attorneys' fees, expenses and costs in this Litigation.

## VIII.  NON-CASH SETTLEMENT CONSIDERATION BY ALPHA DEFENDANTS

1. **Assignment of Claims:** Upon the Effective Date of Settlement, the Alpha Defendants shall and do release or assign to Plaintiffs, at Class Counsel's option, any claims or rights that the Alpha Defendants have asserted or could assert for contribution, indemnity, or any other claims or rights against any Non-Alpha Defendant (including each of the Nominal Defendants).

2. **Waiver of Other Claims for Contribution or Indemnity:** Except to the extent that the Alpha Defendants have assigned their claims to Plaintiffs and the Class, the Alpha Defendants hereby waive any right, whether in law, contract or otherwise, to seek indemnification or contribution from (a) Trachte, (b) the Trachte ESOP or (c) any other Defendant.

3. **Forfeiture of Rights to Receive Proceeds of Other Settlement:** The Alpha Defendants agree to and hereby relinquish any right or claim that they could assert against any of the Settlement Funds paid by any settlement with any Non-Alpha Defendant.

4. **Agreement Not to Serve as Fiduciaries:** The Alpha Defendants and the current principals of Alpha Investment Consulting agree that none of them will ever serve as a fiduciary

-14-

of any ERISA-covered employee benefit plan sponsored by Trachte or any of the Alliance Entities.

## IX.     APPROVAL OF THE SETTLEMENT

1.     **Preliminary Approval of the Settlement:**   On behalf of Plaintiffs and the Class, Class Counsel filed a motion with the Court seeking preliminary approval of the Settlement pursuant to Rule 23(e) ("Preliminary Approval Motion"), which the Court granted by order dated April 9, 2014, the Court granted preliminary approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e), and approval of the Notice to members of the Class, which included the settlement with the Alpha Defendants.

2.     **Final Approval of the Settlement:**   On behalf of Plaintiffs and the Class, Class Counsel, by July 10, 2014 or a later date as ordered by the Court, will file a motion requesting that the District Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) (the "Final Approval Motion").  The Alpha Defendants will either join in or not oppose the Final Approval Motion.  The Final Approval Motion will seek and the proposed Final Approval Order will provide for, among other things: (a) Final Approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e); (b) Entry of Final Judgment as to the Settling Parties in this Action; and (c) the District Court's retention and continuing jurisdiction pending implementation, interpretation, administration, and consummation of the Settlement.

3.     **Effective Date of Settlement:** The Effective Date of Settlement shall occur only when each of the following events has occurred and shall be the date on which the last (in time) of the following events occurs: (a) each and every Condition in this Settlement Agreement has been satisfied or waived; (b) the District Court has entered a Final Order; (c) the time for appeal of the Final Order has expired (if no appeal is filed) or all appeals have been concluded with the affirmance of the Final Order approving this Settlement Agreement; and (d) the District Court

-15-

has entered an Final Order approving the Settlements with each and every of the Non-Alpha Defendants and the Effective Date of those settlements have occurred.

4. **Settlement Agreement Conditioned Upon Final Approval of Other Settlements:** This Agreement is conditioned upon the final approval of the settlements with all non-Alpha Defendants (exclusive of any claim for attorneys' fees and expenses against Defendant David Fenkell) and the exhaustion of all appeals of those settlements. In the event that any of those settlements does not become final, either Class Counsel or counsel for the Alpha Defendants may choose to withdraw from this Settlement.

5. **Alpha Defendants' Non-Opposition to Final Approval of Other Settlements:** The Alpha Defendants will not take any position that interferes with the final approval of any settlements with any Non-Alpha Defendants.

## X.   RELEASES

1. **Release by Plaintiffs & the Class:** Upon the Effective Date, Plaintiffs and each member of the Class shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and discharged the Alpha Defendants and their heirs, representatives, successors, assigns, insurers, employees, agents, and officers, from each and every Claim or Unknown Claim against the Alpha Defendants relating to the 2007 Transaction that has been asserted or could have been asserted in this Action, including any claims for attorney's fees, costs or expenses, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise insofar as the Claim or Unknown Claim relates to the 2007 Transaction, except to the extent that such claim can serve as the basis of claim for indemnity or contribution or otherwise that has been assigned by the Alpha Defendants to Plaintiffs as part of this Agreement.

2. **Release By Defendants:** Upon the Effective Date, the Alpha Defendants shall be

-16-

deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiffs, each member of the Class, and Class Counsel from each and every Claim or Unknown Claim relating to the 2007 Transaction, Trachte, the Trachte ESOP, or this Litigation (including the filing, prosecution or settlement of this Litigation) including any claims for attorney's fees, costs, expenses or sanctions, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

4.    **Non-Released Claims:**  Notwithstanding the foregoing or any other language in this Settlement Agreement, the Settling Parties are not releasing claims to enforce this Settlement Agreement.  Notwithstanding any language in this Section or any other language in this Settlement Agreement, Plaintiffs and the Class are not releasing claims based on the representations made by any of the Alpha Defendants set forth in this Agreement or the Agreement in Principle.  Nothing in this Settlement Agreement shall be interpreted to or does release any claims by Plaintiffs or the Class against any Defendant other than the Alpha Defendants.   Nothing in this Settlement Agreement shall be interpreted to or does release any claims that have been assigned to Plaintiffs or the Class by the Alpha Defendants as part of this Agreement.

## XI.    ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

1.    Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the filing of the Preliminary Approval Motion, the Alpha Defendants, at their own expense, prepared and provided notices and materials required by CAFA, as set forth in 28 U.S.C. § 1715(b)(1)-(8), to the Attorney General of the United States and the Attorneys General of all states in which any members of the Class reside or any other Appropriate Federal Official or

-17-

Appropriate State Official identified by the Court ("the Appropriate State and Federal Officials").

2.      At the time that the Alpha Defendants transmitted their CAFA Notice, the Alpha Defendants represented that they identified to the best of their knowledge and ability, the states in which any Class members reside.  As the time of the Final Approval and Fairness Hearing, the Alpha Defendants will request that the Court determine that the Attorney General of the United States and the Attorneys General of the states in which the Alpha Defendants have identified as being the residence of the members of the Class are the Appropriate Federal and State Officials pursuant to CAFA, 28 U.S.C. § 1715(a) & (b).

3.      The Alpha Defendants represent that they have provided Class Counsel with a copy of the notice and materials that the Alpha Defendants sent to the Appropriate Federal and State Officials.

4.      In accordance with CAFA, 28 U.S.C. § 1715(d), the Settling Parties will request that the Court set the Final Approval Hearing for the later of sixty (60) days from the date on which Notice was provided to Class Members or ninety (90) days from the date on which Defendants are required to provide notice under 28 U.S.C. § 1715(b) and Paragraph XII § 1.

## XII.   EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

1.      In the event that the District Court refuses to grant the Final Approval Motion or the Final Approval Order is reversed on appeal:  (a) the Settling Parties will not be released from the claims asserted in this Action, and (b) both this Agreement and the Agreement in Principle shall be void *ab initio*, and (c) the Parties' positions, rights, and responsibilities shall be as if neither this Agreement nor the Agreement in Principle ever existed

2.      In the event that the District Court refuses to enter the Final Approval Order or approval of one or more of the Settlements with one or more of the Non-Alpha Defendants, in

-18-

the absence of written notice by both Class Counsel and the Alpha Defendants within fourteen (14) days of the order (a) the Settling Parties will not be released from the claims asserted in this Action, and (b) both this Agreement and the Agreement in Principle shall be void *ab initio*, and (c) the Parties' positions, rights, and responsibilities shall be as if neither this Agreement nor the Agreement in Principle ever existed.

## XIII.   MISCELLANEOUS PROVISIONS

1.   **No Party Is the Drafter:**  This Settlement Agreement is drafted by all Parties, and is the result of arm's-length negotiations between competent legal counsel; therefore, it shall not be construed more strictly against one party than any other.

2.   **Headings:**  The headings in this Settlement Agreement are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Settlement Agreement in any way.

3.   **Modification:**  This Settlement Agreement may be amended or modified only by written instrument signed by, or on behalf of, all Settling Parties affected by the amendment or their successors in interest.

4.   **Representations:**  This Settlement Agreement constitutes the entire agreement among the Settling Parties related to the Settlement, and no representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or the Agreement in Principle, other than (a) the representations, warranties, and covenants contained and memorialized in this Agreement and (b) those representations, warranties, and covenants set forth in the Agreement in Principle, all of which shall be incorporated as set forth herein.

5.   **Authorization:** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective parties he or

-19-

she represents and as to Alpha Investment Consulting Group, on behalf of all of the principals of Alpha Investment Consulting Group.

6. **Counterparts:**  This Settlement Agreement may be executed in one or more original counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

7. **Binding Effect:**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party shall operate to relieve such party of its obligations hereunder.

8. **Governing Law:**  All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Wisconsin without regard to its rules of conflicts of law, to the extent not preempted by ERISA, and in accordance with the laws of the United States.

9. **Waiver:**  The waiver of one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or Counsel for that party, or orally on the record in court proceedings.

10. **Continuing Jurisdiction:** The Settling Parties agree to submit to the jurisdiction of the District Court regarding any disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement.   Any and all disputes related to this Settlement that are not satisfactorily resolved by the Settling Parties shall be submitted to the District Court for resolution.  The Final Approval Order will provide that the District Court will have continuing jurisdiction over this Settlement.

11.      **Extensions:**  The Settling Parties reserve the right, subject to the District Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

12.      **Notice:**  Whenever this Settlement Agreement provides for notice to be given to the Parties, such notice shall be served on the Parties through their respective Counsel listed on the signature page of this Agreement.

13.      **No Admission of Liability:**  Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement, or the Settlement, even if this Settlement Agreement is canceled or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any Settled Claims, or of any wrongdoing, negligence, misrepresentation, breach of any duty, violation or liability of the Alpha Defendants; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Claims asserted by Plaintiffs and members of the Class; or (c) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Party hereto in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including in this Action.  This Settlement Agreement and Settlement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the Settlement, or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue

-21-

preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

14.     **Final and Complete Resolution:**  The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between the Settling Parties with respect to this Action and that the terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have caused this Class Action Settlement Agreement to be executed by them or their duly authorized Counsel, on the dates set forth below.

1901099.1

Dated: July _18_, 2014:

_____

R. Joseph Barton
Monya M. Bunch
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934
(202) 408-4600
Fax: (202) 408-4699
jbarton@cohenmilstein.com
mbunch@cohenmilstein.com

Andrew W. Erlandson
**Hurley, Burish & Stanton, S.C.**
33 East Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
Fax: (608) 257-5764
aerlandson@hbslawfirm.com

*Counsel for the Class*

Dated: July _18_, 2014:

_____

James J. Convery
**Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.**
515 North State Street
Suite 2800
Chicago, IL 60654
312-467-9800
312-467-9479 (fax)
jconvery@lanermuchin.com

*Counsel for the Alpha Defendants*

-23-

1901099.1