# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE,  DANIEL
DONKLE, THOMAS GIECK, MARTIN
ROBBINS, and NANNETTE STOFLET, on
behalf of themselves, Individually, and on
Behalf of All Others Similarly Situated,

       Plaintiffs,

       v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, KAREN FENKELL, A.H.I INC.,
AH TRANSITION CORP., PAMELA
KLUTE, JAMES MASTRANGELO,
STEPHEN  W. PAGELOW, and JEFFREY
A. SEEFELDT, ALPHA INVESTMENT
CONSULTING GROUP, LLC and JOHN
MICHAEL MAIER,

       Defendants,

and

TRACHTE BUILDING SYSTEMS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
and ALLIANCE HOLDINGS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN
AND TRUST,

       Nominal Defendants.

Judge William M. Conley

Magistrate Judge Stephen L. Crocker

Case No. 09-CV-00413

**PARTIAL SETTLEMENT AGREEMENT
BETWEEN PLAINTIFFS, DAVID B.
FENKELL AND KAREN G. FENKELL,
TRACHTE BUILDING SYSTEMS, INC.,
AND TRACHTE BUILDING SYSTEMS
INC. EMPLOYEE STOCK OWNERSHIP
PLAN**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.    RECITALS .......................................................................................... 1

III.   DEFINITIONS .................................................................................... 7

IV.   REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT ................................ 12

V.    SETTLEMENT CLASS .................................................................... 15

VI.   CLASS NOTICE ............................................................................. 15

VII.  SETTLEMENT FUND ..................................................................... 16

VIII. DISTRIBUTIONS FROM THE SETTLEMENT FUND ................................ 17

IX.   ATTORNEYS' FEES, EXPENSES & SERVICE AWARD ......................... 20

X.    SETTLEMENT ADMINISTRATION ............................................... 23

XI.   NON-CASH SETTLEMENT CONSIDERATION BY FENKELL
DEFENDANTS .................................................................................. 24

XII.  APPROVAL OF THE SETTLEMENT ............................................. 26

XIII. RELEASES ...................................................................................... 27

XIV. ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT .............. 32

XV.  EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION ..................... 32

XVI. MISCELLANEOUS PROVISIONS ................................................. 33

-i-

## I.      INTRODUCTION

Subject to the approval of the United States District Court for the Western District of Wisconsin pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement (this "Settlement Agreement") is made and entered into by, between and among Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet (collectively "Plaintiffs"), on behalf of themselves, individually, and on behalf of the certified Class and Subclass, and Defendants David B. Fenkell and Karen G. Fenkell (the "Fenkell Defendants"), Trachte Building Systems, Inc ("Trachte") and the Trachte Building Systems, Inc. Employee Stock Ownership Plan and Trust (the "Trachte ESOP"), and to settle all claims against Karen G. Fenkell in this Class Action and certain, but not all, claims against David B. Fenkell, and only the Fenkell Defendants, in *Chesemore et al. v. Alliance Holdings, Inc. et al.,* No. 09-cv-413 (W.D. Wis.) on, and subject to, the terms and conditions below.

## II.     RECITALS

WHEREAS, on June 30, 2009, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, and Martin Robbins filed a Class Action Complaint in the United States District Court for the Western District of Wisconsin on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP, asserting claims for relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), for alleged violations in connection with the transfer of their accounts in the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust ("Alliance ESOP") to the Trachte ESOP and the 2007 sale of Trachte to the Trachte ESOP ("the 2007 Transaction");

WHEREAS, Defendant David B. Fenkell along with Alliance Holdings, Inc., A.H.I., Inc. ("AHI"), AH Transition Corporation ("AH Transition") filed a Motion to Dismiss Plaintiffs' Class Action Complaint on October 5, 2009;

WHEREAS, on January 25, 2010, Plaintiffs Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet filed an Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP, including claims against Defendant David B. Fenkell;

WHEREAS, Defendant David B. Fenkell along with Alliance Holdings, Inc., AHI, and AH Transition filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint on March 1, 2010;

WHEREAS, on February 17, 2011, this Court granted Defendant AHI's motion to dismiss and other than dismissing two of Plaintiffs' three theories of liability in Count I against Defendant Alliance, denied Defendants' Motions to Dismiss in all other respects;

WHEREAS, Plaintiffs filed a Motion for Class Certification on March 17, 2011;

WHEREAS, Plaintiffs filed a Second Amended Class Action Complaint for alleged violations of ERISA, asserting claims on behalf of themselves and a class of participants and beneficiaries in the Trachte ESOP on May 27, 2011;

WHEREAS, this Court ordered bifurcated trials on liability and equitable relief on May 27, 2011;

WHEREAS, David B. Fenkell, along with Alliance Holdings, Inc., AHI, AH Transition filed a Motion for Summary Judgment and Plaintiffs filed Motions for Partial Summary Judgment on June 27, 2011;

WHEREAS, on September 22, 2011, this Court granted Plaintiffs' Motion for Class Certification, certifying a Class and Subclass, appointing Plaintiffs as representatives of the Class and the Subclass, and appointing the law firms of Cohen, Milstein, Sellers & Toll, PLLC and Hurley, Burish & Stanton, S.C. as Class Counsel;

WHEREAS, on October 6, 2011, this Court held oral argument regarding various cross-motions for Summary Judgment, and at that hearing, among other things, orally granted in part and denied in part both the Motion for Summary Judgment filed by the Alliance Entities and David B. Fenkell and certain of Plaintiffs' Motions for Partial Summary Judgment;

WHEREAS, this Court held the Phase One Liability Trial from October 11, 2011, through October 19, 2011;

WHEREAS, on March 28, 2012, this Court memorialized a number of rulings made from the bench on October 6, 2011, including granting in part and denying in part both the Alliance Entities' Motion for Summary Judgment and the Plaintiffs' Motion for Partial Summary Judgment;

WHEREAS, Plaintiffs filed a Motion to Amend the Amended Complaint to add Defendant David B. Fenkell's wife, Karen G. Fenkell, as a defendant and to assert a cause of action that Karen G. Fenkell is liable under ERISA as a gratuitous transferee on May 3, 2012;

WHEREAS, on July 24, 2012, this Court issued its Opinion and Order regarding the Phase One Liability Trial, holding that the Alliance Entities, David B. Fenkell and the Trustee Defendants breached their ERISA fiduciary duties in connection with the 2007 Transaction, and finding that Plaintiffs could proceed to the Phase Two Relief Trial against these Defendants;

WHEREAS, this Court held the Phase Two Relief Trial from July 25, 2012 through July 30, 2012;

WHEREAS, this Court issued its Order granting Plaintiffs' Motion to Amend the Amended Complaint to add Karen G. Fenkell as a defendant and to assert a cause of action under ERISA against Karen G. Fenkell as a gratuitous transferee on July 25, 2012;

WHEREAS, on August 23, 2012, the Third Amended Class Action Complaint asserting claims on behalf of Plaintiffs and a class of participants and beneficiaries in the Trachte ESOP, including claims against Defendant Karen G. Fenkell, was filed;

WHEREAS, Counsel for Plaintiffs and the Class and all Defendants, including counsel for David B. Fenkell and Karen G. Fenkell engaged in mediation before Magistrate Judge Peter A. Oppeneer on September 28, 2012, but did not reach a final settlement;

WHEREAS, Plaintiffs, on behalf of themselves and the Class, the Trustee Defendants, and Stephen W. Pagelow reached and executed an Agreement in Principle on May 27, 2013, which set forth the general terms on which Plaintiffs would settle claims on behalf of the Class against the Trustee Defendants and Stephen W. Pagelow;

WHEREAS, on June 4, 2013, this Court issued its Opinion and Order regarding the Phase Two Trial and, among other things, ordered the following relief: (1) the Alliance Entities and David B. Fenkell "jointly and severally to restore to the Alliance ESOP $7,803,543 plus prejudgment interest, which shall be allocated to the accounts of the members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29, 2007, with exclusion of the [Trustee Defendants]," (2) Defendant David B. Fenkell to "restore to Trachte Building Systems Inc., the $2,896,000 he received as part of [the 2007 Transaction], if Trachte will agree to restore Fenkell's phantom stock plan" and (3) the Trustee Defendants to "pay to the Trachte ESOP $6,473,856.82 plus prejudgment interest which shall be allocated to the class members' accounts according to their current shares as of the date of this judgment, with the exclusion of

-4-

1914990.2

the [Trustee Defendants]" and (4) the Alliance Entities and David B. Fenkell Fenkell to

"indemnify [the Trustee Defendants] for any compensatory relief they are required to pay;"

WHEREAS, Defendant the Alliance ESOP filed a Motion for Clarification of the June 4,

2013 Order on July 1, 2013;

WHEREAS, Defendant Karen G. Fenkell filed a motion to dismiss Plaintiffs' claim

against her on July 5, 2013;

WHEREAS, this Court issued an Order on October 16, 2013 (D.E. 824) denying

Defendant Karen G. Fenkell's motion to dismiss in its entirety and on the Alliance Holdings'

ESOP motion for clarification ordered, among other things, that each member of the Subclass

"should be given the option of receiving his or her respective allotment" to be restored to their

Alliance ESOP accounts "in cash or Alliance stock;"

WHEREAS, in the October 16, 2013, Order, this Court stated that it was "inclined to

direct the clerk of court to enter judgment" that, among other things, the Alliance Entities and

David B. Fenkell were jointly and severally liable to restore to the Alliance ESOP the sum of

$7,803,543, plus prejudgment interest, distributed in cash according to the accounts of the

members of the subclass in proportion to their holdings in the Alliance ESOP as of August 29,

2007, with the exclusion of the Trustee Defendants, unless any member of the class should elect

their *pro rata* share in stock in lieu of cash, in which case the stock allocation shall be made by

an independent fiduciary;

WHEREAS, the Plaintiffs and the Fenkell Defendants executed a Partial Settlement

Term Sheet on November 29, 2013, which set forth the general terms on which the Plaintiffs

would settle only their claims against the Fenkell Defendants with respect to the Phantom Stock

Plan Proceeds and contemplated the parties entering into a formal Settlement Agreement to be submitted to this Court for approval;

WHEREAS, Defendant Karen G. Fenkell filed an unopposed motion to stay proceedings pending partial settlement on November 29, 2013;

WHEREAS, this Court granted Defendant Karen G. Fenkell's unopposed motion to stay proceedings, subject to the parties filing a settlement term sheet under seal on or before December 6, 2013;

WHEREAS, the Fenkell Defendants filed the Phantom Stock Plan Proceeds Partial Settlement Term Sheet under seal on December 5, 2013;

WHEREAS, Plaintiffs filed a Motion for an Order that David B. Fenkell's Alliance ESOP account may be used to satisfy his liability in the June 4, 2013, Order on December 6, 2013;

WHEREAS, on January 29, 2014, this Court granted in part and denied in part Plaintiffs' Motion for an Order that Defendant David B. Fenkell's Alliance ESOP account may be used to satisfy the award against him, and preliminarily enjoined the Alliance ESOP "from transferring any of Defendant David Fenkell's benefits provided under its Plan pending anticipation of entry of a final judgment and order of execution authorizing the application of Fenkell's participant benefits to satisfy the judgment against him in the amount of $7,803,543" (D.E. 866).

WHEREAS, David B. Fenkell represents that he intends to appeal this Court's January 29, 2014, Order as well as this Court's October 16, 2013, Order and this Court's June 4, 2013, Order, among other orders;

WHEREAS the Fenkell Defendants made a number of representations about their financial situation in the Partial Settlement Terms Sheets, on which Plaintiffs, Class Counsel,

-6-

Trachte and the Trachte ESOP have relied in deciding to enter into this Settlement Agreement on behalf themselves and/or of the Class and Subclass

WHEREAS, the terms of this Settlement Agreement were negotiated in good faith and at arm's length by the Parties, and reflect a settlement that was reached voluntarily after consultation with legal counsel;

WHEREAS, each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below:

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby mutually agree as follows:

## III.   DEFINITIONS

As used in this Settlement Agreement, the following terms have the following meanings, unless a section or subsection of this Settlement Agreement specifically provides otherwise:

1.     The "2007 Transaction" means the multi-step transaction described in the Complaint involving Defendants, the Alliance ESOP, the Trachte ESOP and Trachte occurring on or about August 29, 2007.

2.     "Action" or "Litigation" means *Chesemore, et al. v. Alliance Holdings, Inc. et al.,* No. 09-cv-413, filed in the United States District Court for the Western District of Wisconsin.

3.     "Alliance Entities" means Defendants Alliance Holdings, Inc., AHI, Inc. and AH Transition Corporation;

4.     "Alliance ESOP" means the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust.

-7-

5.    "Alliance Sellers Note" means the promissory note dated August 29, 2007, that the Alliance Entities received as part of the 2007 Transaction.

6.    "Claims" means any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, injunction, disgorgement, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known, unknown, or unsuspected in law or equity, as well as of any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise.

7.    "Class" means the Class certified under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) by this Court's Order issued on September 22, 2011, as modified by this Court's Order of March 5, 2014.

8.    "Class Counsel" means Cohen Milstein Sellers & Toll, P.L.L.C. and Hurley, Burish & Stanton, S.C.

9.    "Class Notice" means the Notice of Pendency of Class Action and Proposed Class Settlement.

10.   "Class Representatives" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

11.   "Defendants" means anyone named as a Defendant in the Third Amended Complaint.

12.   "District Court" or "this Court" means the United States District Court for the Western District of Wisconsin.

13.   "Effective Date of this Settlement" means the date defined in Part XII, section 2.

-8-

14.     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq.

15.     "Fenkell Defendants" means Defendants David B. Fenkell and Karen G. Fenkell.

16.     "Final Approval Motion" means the motion filed by Class Counsel requesting that the District Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

17.     "Final Approval and Fairness Hearing" means a hearing by the District Court to (a) review this Settlement Agreement and determine whether the Court should give final approval to this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (b) consider any timely objections to this Settlement Agreement, and all responses by the Parties; (c) consider the request for attorneys' fees and expenses submitted by Class Counsel; and (d) consider the Class Representatives' requests for a Service Award.

18.     "Final Approval Date" means the date upon which the District Court enters an order granting final approval of the Settlement Agreement.

19.     "Final Judgment" or "Final Approval Order" means the District Court's Final Order and entry of judgment finally approving this Settlement and dismissing the Action with prejudice as to the Fenkell Defendants only with respect to the claims that are compromised and released by this Settlement Agreement, but may include judgment against David B. Fenkell as to any claims not compromised or released by this Settlement Agreement.

20.     "Lead Class Counsel" means Cohen Milstein Sellers & Toll PLLC.

21.     "Non-Fenkell Defendants" means any of the Defendants other that the Fenkell Defendants, including Alliance Holdings, Inc., A.H.I., Inc., AH Transition Corp., Alpha Investment Consulting Group, LLC, John Michael Maier, Pamela Klute, James Mastrangelo, Stephen W. Pagelow, and Jeffrey A. Seefeldt.

-9-

22. "Pagelow" means Defendant Stephen W. Pagelow.

23. "Partial Settlement Term Sheets" means the Phantom Stock Plan Proceeds Partial Settlement Term Sheet between Plaintiffs and the Fenkell Defendants executed on November 29, 2013, and the Partial Settlement Term Sheet Regarding Claims Against David B. Fenkell's Alliance ESOP Account executed on March 28, 2014.

24. "Phantom Stock Plan Proceeds" means the $2,896,000 payment pursuant to the Trachte Phantom Stock Plan for Alliance Employment received by David B. Fenkell on or about August 29, 2007, in connection with the 2007 Transaction, which was subsequently transferred to Defendant Karen G. Fenkell and any earnings or proceeds thereon from August 29, 2007, through the present.

25. "Plaintiffs" means Carol Chesemore, Daniel Donkle, Thomas Gieck, Martin Robbins and Nannette Stoflet.

26. "Plan of Allocation" means the plan for distribution of the proceeds of the Settlement Fund submitted by Class Counsel and approved by the District Court.

27. "Preliminary Approval" means the order from the District Court granting the motion for preliminary approval of this Settlement.

28. "Preliminary Approval Motion" means the motion filed by Class Counsel seeking preliminary approval of the Settlement pursuant to Rule 23(e).

29. "Released Parties" means any person or persons who receive a release by any party to this Settlement Agreement.

30. "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement.

31. "Settlement Administrator" means a person or entity designated by Class Counsel to administer the Settlement Fund.

32. "Settlement Class" means the Class and Subclass, except for those persons who have agreed to be excluded from the Class and/or from the Subclass.

33. "Settlement Class Representatives" means the Class Representatives.

34. "Settlement Funds" means the Phantom Stock Proceeds Settlement Fund described in Section VII.2 and the Fenkell ESOP Account Settlement Fund described in Section VII.4.

35. "Settling Parties" collectively means the Fenkell Defendants, Trachte, the Trachte ESOP, and Plaintiffs, on behalf of themselves, individually, and on behalf of the Subclass.

36. "Settling Party" may refer to either or both of the Fenkell Defendants, Trachte and the Trachte ESOP collectively, Plaintiffs, on behalf of themselves individually and on behalf of the Class and the Subclass.

37. "Subclass" means the Subclass certified under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) by the District Court's Order on September 22, 2011 as modified by the Court's Order of March 5, 2014.

38. "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the

nature of excise, withholding, ad valorem, stamp, transfer, value added, or gains taxes; license, registration and documentation fees; and customs' duties, tariffs, and similar charges.

39.    "Trachte" means Trachte Building Systems, Inc.

40.    "Trachte ESOP" means the Trachte Building Systems, Inc. Employee Stock Ownership Plan and Trust established in 2007.

41.    "Trustee Defendants" means Pamela Klute, James Mastrangelo, and Jeffrey A. Seefeldt.

## IV.    REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT

1.    **Representations Regarding the Phantom Stock Plan Proceeds**. As a material condition of this Settlement, the Fenkell Defendants previously made and confirm the following representations:

(a)    The Fenkell Defendants paid at least $1,212,316.00 in Taxes on and out of the Phantom Stock Plan Payment;

(b)    The earnings attributable to the Phantom Stock Plan Payment and the Phantom Stock Plan Proceeds were $25,000 or less between August 29, 2007, and November 29, 2013.

(c)    The investments attributable or traceable to Phantom Stock Plan Proceeds did not increase in value by more than $65,000 between August 29, 2007 and the date of this Agreement;

(d)    The Fenkell Defendants have provided to Class Counsel a declaration under oath by David B. Fenkell as to amount of taxes paid by the Fenkell Defendants with respect to the Phantom Stock Plan Payment (the "Fenkell Tax Declaration") that confirms the

-12-

representation regarding the Taxes paid on the Phantom Stock Plan Payment and which .
to the best of their respective knowledge is authentic and materially accurate.

(e)     The Fenkell Defendants have provided to Class Counsel a declaration under oath
by David B. Fenkell regarding the investment of the Phantom Stock Plan Payment and
the Phantom Stock Plan Proceeds, the earnings thereon and the increase in the value of
the Phantom Stock Plan Proceeds (the "Fenkell Earnings Declaration") and a declaration
under oath from Harvey Josephson, C.P.A. of Josephson, Luxemberg, Kance & Dolinger,
CPA's PC, who reviewed the Fenkell Earnings Declaration, the monthly investment
statements for Karen G. Fenkell from October 2007 through October 2013 and confirmed
the representations regarding the earnings and increase in value (the "Josephson
Declaration").  The Fenkell Defendants represent to the best of their respective
knowledge that the Fenkell Earnings Declaration and the Josephson Declaration are
authentic and materially accurate.

2.      **Representations Regarding David Fenkell's Alliance ESOP Account.** As a
material condition of this Settlement, David B. Fenkell makes the following representations:

(a)     The Fenkell Defendants have provided Class Counsel with a true and correct copy
David B. Fenkell's account in the Alliance ESOP as of December 31, 2012, that shows a
fair market value of $ 502,619.91.

(b)     The Fenkell Defendants have provided Class Counsel with a true and correct copy
David B. Fenkell's account in the Alliance ESOP as of December 31, 2013, that shows a
fair market value of $395,708.10.

3.      **Representations Regarding Consultation with Counsel.** The Fenkell
Defendants represent that they had the opportunity to and did consult with their counsel in this

-13-

Litigation, Jackson Lewis P.C., prior to entering into this Settlement Agreement or entering into the Partial Settlement Term Sheets.

4.     **Effect of Untrue Information or Representations.**  The Fenkell Defendants acknowledge that Plaintiffs and Class Counsel consider the statements contained in this Section and the underlying documents provided to Class Counsel referenced in this Section to be material representations that Plaintiffs and Class Counsel have relied on to enter into this Settlement Agreement on behalf of the Subclass and to recommend that the Court approve this Settlement on behalf of the Subclass.  The Fenkell Defendants also acknowledges that Plaintiffs and Class Counsel would not have agreed to enter into this Settlement or recommend this Settlement to be approved by the Court if the foregoing statements and representations and the underlying documents were not materially true and accurate.  In the event that Class Counsel discovers that the Fenkell Defendants have withheld information or misstated information such that any of the statements and representations set forth in this Section or the underlying documents provided and relied upon are not materially true, Plaintiffs or Class Counsel will be entitled to void this Settlement and resume the Litigation as if neither this Settlement Agreement nor the Partial Term Sheets were never entered.

5.     **Court Approval of Class Settlement**. This Settlement Agreement is conditioned upon this Court approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable and adequate on behalf of the Settlement Class, including the allocation between the Subclass and Trachte regarding the Phantom Stock Proceeds Settlement.  Exclusion of the Trustee Defendants and Pagelow and their heirs, beneficiaries, assigns, and spouses from the Class and Subclass is a material condition of this Settlement.

-14-

## V.  SETTLEMENT CLASS

1.      The Settlement Class will be the Class and Subclass certified by the District Court under Federal Rules of Civil Procedure 23(b)(1) and (b)(2), in the Court's Order of September 22, 2011, as modified by this Court's Order of March 5, 2014.

2.      The following persons will be excluded from the Settlement Class: (a) any person named as a Defendant in this Litigation and their beneficiaries, (b) any fiduciary of the Trachte ESOP or Alliance ESOP, and (c) any member of the immediate family, legal representative, heirs, successors, beneficiaries of assigns of any excluded persons.

3.      The Fenkell Defendants will not object to or oppose final certification of the Settlement Class at the District Court or on appeal.

4.      Trachte and the Trachte ESOP will not object to or oppose final certification of the Settlement Class at the District Court or on appeal.

## VI.  CLASS NOTICE

1.      **Preliminary Approval.** Class Counsel prepared a motion for preliminary approval of this Settlement.

2.      **Notice Provided.** After this Court granted Preliminary Approval of this Settlement Agreement, Class Counsel provided the Class Notice to the Class as directed by the Court.  The Settling Parties agree that the contents of the Class Notice and the manner by which Class Notice was provided satisfies the Preliminary Approval Order, the Requirements of Rule 23 and the requirements of the Partial Settlement Term Sheets.

3.      **Settlement Administrator.** In the sole discretion of Class Counsel, Class Counsel may hire a Settlement Administrator to provide Class Notice to members of the Class and Subclass or otherwise assist with the administration of the Settlement.  The Trachte ESOP

-15-

shall reasonably cooperate with the Settlement Administrator, by providing Class Counsel any information in their custody or control for each known member of the Class and Subclass (including but not limited to the names and last known addresses) within 10 business days after Preliminary Approval of this Settlement Agreement.

       4.    **Costs To Be Paid by Karen Fenkell.**  In addition to the Phantom Stock Cash Settlement Amount and the Fenkell ESOP Account Cash Settlement Amount, Karen G. Fenkell will pay $7500.00 to Lead Class Counsel to cover some of the out-of-pocket expenses incurred in connection with mediation, settlement meetings (and related travel thereto) in connection with this Settlement, within 10 business days of the Effective Date of this Settlement. In the event that Karen G. Fenkell fails to pay this amount, Plaintiffs or Class Counsel may enforce such obligation against either of the Fenkell Defendants.

       5.    **Combined Notice of Settlement.** The Fenkell Defendants will not oppose Class Counsel's request to combine notice of this Settlement Agreement with notice of other settlements in the Litigation.

**VII.   SETTLEMENT FUND**

       1.    **Payment of Phantom Stock Cash Settlement Amount.**  Karen G. Fenkell has paid $1,800,000 (the "Phantom Stock Cash Settlement Amount") in cash into an escrow account established pursuant to the Escrow Agreement dated January 31, 2014, between Lead Class Counsel, Eagle Bank, and Karen Fenkell (the "Phantom Stock Escrow Account").  Upon entry of Final Judgment by the District Court, Karen Fenkell and Lead Class Counsel will notify EagleBank, the Escrow Agent, that Final Judgment has occurred.

       2.    **The Phantom Stock Proceeds Settlement Fund.**  The Phantom Stock Cash Settlement Amount, plus any earnings or interest thereon, and minus any expenses incurred

-16-

while the funds were in escrow (including any reserve for taxes or tax-related filing expenses), will constitute the Phantom Stock Proceeds Settlement Fund.

3. **Fenkell ESOP Account Settlement Payment.** Karen G. Fenkell has paid $375,000 (the "Fenkell ESOP Account Cash Settlement Amount"), in cash, into an escrow account at Eagle Bank (the "Fenkell ESOP Escrow Account") into an escrow account established pursuant to the Escrow Agreement dated April 10, 2014, between Lead Class Counsel, Eagle Bank, and Karen Fenkell.

4. **The Fenkell ESOP Account Settlement Fund.** The Fenkell ESOP Settlement Amount, plus any earnings or interest thereon, and minus any expenses incurred while the funds were in escrow (including any reserve for taxes or tax-related filing expenses), will constitute the Fenkell ESOP Account Settlement Fund.

5. **Management of the Settlement Funds.** Until the Effective Date of Settlement, the Settlement Funds will be held respectively in the Phantom Stock Escrow Account and the Fenkell ESOP Escrow Account  (together, "Escrow Accounts") for which an Escrow Agent will act pursuant to the terms of the respective Escrow Agreement or as ordered by the District Court.

6. **Qualified Settlement Fund:** The Phantom Stock Cash Settlement Amount and the Fenkell ESOP Account Cash Settlement Amount are each intended by the Settling Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1

## VIII. DISTRIBUTIONS FROM THE SETTLEMENT FUNDS

1. **Administration Expenses Before the Effective Date:** Prior to the Effective Date, Class Counsel will be authorized to pay from the Settlement Funds any and all costs or expenses related to payment of any actual or estimated taxes on any income earned on the Settlement Funds and, upon notice to counsel for the Fenkell Defendants, all costs and expenses

related to the preparation of such tax filings or payments.  Any dispute regarding the

reasonableness of any expense incurred, paid or owing will be adjudicated by the District Court,

but in no event will the Settling Parties cause or allow the Settlement Funds to fail to make a tax

payment in a timely manner.

      2.      **Attorneys' Fees, Expenses/Costs and Service Awards.** Pursuant to any deadline

set by the District Court, Class Counsel may file any motion with the District Court requesting

the payment of attorneys' fees, reimbursement of litigation expenses and costs, and/or service

awards to the Settlement Class Representatives out of the Settlement Funds, which shall be paid

from of the Settlement Funds on or after the Effective Date of Settlement but before Distribution

to the Subclass or to Trachte.

      3.      **Expenses After the Effective Date**:  Following the Effective Date of Settlement,

Class Counsel will be authorized to establish a reserve from the Settlement Funds to pay any

taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes,

filing of tax returns or other costs of administration of the Settlement.

      4.      **Distribution of the Phantom Stock Proceeds Settlement Fund**:  Subject to

approval by the District Court, the Phantom Stock Proceeds Settlement Fund (before deduction

of any attorneys' fees or reimbursement of expenses other than those incurred by the Fund while

the proceeds were in Escrow) will be split evenly between Trachte and the Subclass and paid as

follows:

      (a)      **Distribution of Phantom Stock Proceeds Settlement Fund to Trachte**.

Out of the amount of the Phantom Stock Proceeds Settlement to be paid to Trachte

pursuant to this Agreement, Class Counsel will be entitled to deduct attorneys' fees and

reimbursement of expenses in an amount as provided in Section IX.  After deduction of

-18-

attorneys' fees and expenses, Class Counsel will cause the net amount of Trachte's share of Phantom Stock Proceeds Settlement Fund to be paid to Trachte within 10 business days after the Effective Date of Settlement.

(b)      **Distribution of the Phantom Stock Proceeds Settlement Fund to the Subclass.**  Out of the amount of the Phantom Stock Proceeds Settlement to be paid to the Subclass, Class Counsel will be entitled to seek an award of attorneys' fees and reimbursement of other expenses from the District Court in an amount to be awarded by the District Court as provided in Section IX.   After deduction of any attorneys' fees, reimbursement of expenses, and any Service Awards to the Class Representatives awarded by the District Court, the net amount of the Subclass's share of the Phantom Stock Proceeds Settlement will be distributed to the Subclsas pursuant to a Plan of Allocation proposed by Class Counsel and approved by the Court as set forth in this Section.

5.      **Distribution of the Alliance ESOP Account Settlement**:  Out of the Alliance ESOP Account Settlement Fund, Class Counsel will be entitled to seek an award of attorneys' fees and reimbursements of other expenses from the District Court in an amount to be awarded by the District Court as provided in Section IX.  The Fenkell ESOP Account Settlement Fund will be distributed to Settlement Class Members after the payment of any award of attorneys' fees, reimbursement of any expenses, any Service Awards to the Class Representatives, the deduction of any expenses for Class Notice or administration of the Settlement, the payment of any taxes or tax-related expenses and the creation of any reserve for future expenses (as described above)

-19-

6.    **Plan of Allocation.** Class Counsel has submitted a proposed Plan of Allocation to the Court as to the recommended method of determining and distributing the proceeds of the Settlement Funds (net of attorneys' fees, expenses, and any Service Awards approved by the District Court) to members of the Settlement Class.

(a)    The Fenkell Defendants, Trachte and the Trachte ESOP have had and shall have no input and shall take no position on the Plan of Allocation, the method of allocation, or the distribution of the Settlement Fund.

(b)    In the event that the proposed Plan of Allocation is rejected or modified by the District Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement, except that the Plan of Allocation must exclude the Fenkell Defendants, the Trustee Defendants, and Pagelow and the beneficiaries, heirs, assigns, and spouses of each of them from receiving any distribution or allocations from these Settlement Funds.

**IX.    ATTORNEYS' FEES, EXPENSES & SERVICE AWARD**

1.    **Attorneys' Fees & Reimbursement of Expenses Out of the Settlement Funds.**

(a)    **Attorneys' Fees & Expenses Paid By Trachte.**  Out of the amount of the Phantom Stock Proceeds Settlement Fund to be paid to Trachte pursuant to this Agreement, Class Counsel shall be entitled to deduct and be paid 30% of the 50% of the Phantom Stock Proceeds Settlement Fund for attorneys' fees plus be reimbursed for expenses of up to $25,000 incurred in prosecuting the claims against Karen G. Fenkell and necessary to finalize the Phantom Stock Plan Proceeds Partial Settlement Term Sheet with the Fenkell Defendants.

-20-

(b)     **Attorneys' Fees & Expenses Paid Out of Settlement Funds to the Subclass.**  Out of the amount of the Phantom Stock Proceeds Settlement Fund to be paid to the Subclass and the amount of the Fenkell ESOP Account Settlement Fund, Class Counsel will be entitled to seek an award of attorneys' fees and reimbursement of other expenses from the Court in an amount to be awarded by the Court.

2.     **Service Award.**  Class Counsel will be entitled to seek a Service Award to be paid to the Class Representatives out of the Subclass' share of the Phantom Stock Proceeds Settlement Fund and out of the Fenkell ESOP Account Settlement Fund in recognition of the Plaintiffs' service and/or for reimbursement of their time and expenses subject to the approval of and in an amount to be determined by the Court.

3.     **Payment of Attorneys' Fees, Expenses and Service Award.**  All amounts to be paid pursuant to this Section shall be paid into an account designated by Lead Class Counsel and then distributed to other Class Counsel or the Class Representatives as appropriate.

4.     **Timing of Payment of Attorneys' Fees & Reimbursement of Expenses.**  Class Counsel shall be entitled to deduct and be paid the 30% of Trachte's 50% share of the Net Phantom Stock Proceeds Settlement Fund on the Effective Date of Settlement.  In the event that this Court grants any request for attorneys' fees, reimbursement of expenses or a Service Award as part of or at the same time as Final Judgment, disbursement of such payments may be made on the Effective Date of Settlement.  In the event that there is no appeal of the Final Judgment of the Settlement, but an appeal solely of an award of attorneys' fees, reimbursement of expenses or any service award, Class Counsel will be entitled to a disbursement from the Settlement Funds of such amount of attorneys' fees and/or such amount of expenses/costs or as to which there is no appeal.

-21-

5.      **Non-Opposition.**  The Fenkell Defendants will not take any position regarding Class Counsel's request for attorneys' fees or reimbursement of expenses or a request for a Service Award for the Class Representatives to be paid from the Settlement Funds paid pursuant to this Settlement Agreement or any position on Class Counsel's request for attorneys' fees or reimbursement of expenses or any Service Award for the Class Representatives to be paid from the Settlement Funds pursuant to settlements with other Defendants.  Trachte and the Trachte ESOP will not any position on Class Counsel's request for attorneys' fees, reimbursement of expenses or any request for a Service Award for the Class Representatives

6.      **Requests for Additional Attorneys' Fees & Expenses.**

(a)      Nothing in this Settlement Agreement will be construed to limit any ability of Plaintiffs or Class Counsel to seek an award of attorneys' fees or reimbursement of expenses or costs pursuant to any settlement with or any judgment against any non-Fenkell Defendants. Nothing in this Agreement will be or construed to limit or extinguish any ability of Plaintiffs or Class Counsel to seek an award of attorneys' fees, costs or expenses from David B. Fenkell based on a right or claim to attorneys' fees and costs/expenses, including pursuant to ERISA § 502(g).  As Plaintiffs' claim for attorneys' fees and costs pursuant to ERISA § 502(g) have not been resolved or compromised by this Settlement Agreement, it is expressly contemplated that Plaintiffs will request an award of attorneys' fees and costs pursuant to ERISA § 502(g) against David B. Fenkell and that David B. Fenkell retains all rights to oppose and object to such request and appeal any order by this Court in this respect, except as expressly provided in this Settlement Agreement.

(b)      In the event that Plaintiffs are awarded attorneys' fees or costs pursuant to ERISA § 502(g) against David B. Fenkell, Plaintiffs  will not seek to attach nor use David B. Fenkell's

-22-

Alliance ESOP Account to satisfy any such attorneys' fees or costs awarded in this Litigation.

Plaintiffs have not filed and will not file a motion for fees or costs pursuant to ERISA § 502(g)

against Karen B. Fenkell in this Litigation.

7.    **Non-Materiality of Award of Attorneys' Fees, Reimbursement of Expenses or Service Award to Settlement.** In the event that this Court refuses to award attorneys' fees, allow any reimbursement of expenses/costs or permit a service award, in whole or in part, or any such award is rejected on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement.

8.    **Fenkell Defendants' Attorneys' Fees & Expenses.**   The Settling Defendants will bear their own attorneys' fees, expenses and costs in this Litigation; however, the Fenkell Defendants shall retain all of their rights to pursue Claims against any Defendant who is not released pursuant to this Settlement Agreement.

9.    **Trachte & the Trachte ESOP's Attorneys' Fees & Expenses.**  To the extent that Trachte or the Trachte ESOP incurred any attorneys' fees, expenses or costs as a result of this Litigation or in connection with these Settlements, Trachte and the Trachte ESOP will bear their own attorneys' fees, expenses and costs.

## X.    SETTLEMENT ADMINISTRATION

1.    **Appointment of Settlement Administrator.** Class Counsel, at its option, may retain a Settlement Administrator to administer the Settlement.  The Fenkell Defendants, Trachte, and the Trachte ESOP will have no input on the selection of the Settlement Administrator.

1914990.2

2.      **Settlement Administrator Functions.** The Settlement Administrator may undertake the following tasks to administer this Settlement Fund consistent with the terms of this Settlement and the Plan of Allocation as approved by the District Court:  (a) sending the Class Notice to the Class and Subclass Members in a manner consistent with any applicable District Court order; (b) providing Counsel for the Parties with copies of all written objections to the Settlement Agreement; (c) responding to questions from Class and Subclass members; (d) establishing and managing a Qualified Settlement Fund and Bank Account after the Effective Date of Settlement; (e) coordinating any distribution, including with the Trustee or administrator of the ESOP; and (f) any other responsibilities assigned by Class Counsel related to administration of the Settlement and consistent with the orders of the Court.

3.      **Favorable Tax Treatment of Settlement Proceeds.**  The Fenkell Defendants will not take any action that impedes the payment or distribution of the Settlement Funds in a manner that enables the Subclass to obtain tax favorable treatment of the proceeds of the Settlement Proceeds, including by paying the proceeds through a qualified retirement plan, and will cooperate with Class Counsel to enable the Subclass to obtain such favorable tax treatment if the Fenkell Defendants' cooperation is necessary.  The Fenkell Defendants have provided no tax advice, and the Subclass does not rely upon any representations concerning any tax advice by the Fenkell Defendants related to the Settlement Funds.

## XI.    NON-CASH SETTLEMENT CONSIDERATION

1.      **Forfeiture of Rights to Receive Proceeds From This Settlement:**  Neither the Fenkell Defendants nor any of their beneficiaries will receive, either directly or through allocations to their Alliance Holdings, Inc. ESOP accounts, any of the proceeds from this Settlement or the settlement with or recovery from any other Defendant.   To the extent that any

-24-

portion of the proceeds from any settlement in this Litigation is paid into the Alliance ESOP or some other qualified retirement plan, the Fenkell Defendants and any other person who receives a release in this Settlement Agreement agree not to receive any allocation of any amount from the proceeds of any of those settlements and will obtain an authorization from any current or former spouse or other beneficiary necessary to forego any such allocation.

2.      **Consent to Removal as Fiduciary:** The Fenkell Defendants will not challenge or appeal this Court's order removing David B. Fenkell as a fiduciary of the Alliance ESOP and David B. Fenkell will not seek to serve, nor will serve, or act as a fiduciary of the Alliance ESOP so long as any member of the Subclass is a participant in the Alliance ESOP.

3.      **Alliance Sellers' Note.** As part of the Settlement with the Alliance Entities, Plaintiffs and the Class have received an assignment of the Alliance Settlement Note which Class Counsel has proposed as part of the Plan of Allocation to be transferred to the Trachte ESOP.  In the event that the District Court approves the transfer of the Alliance Sellers' Note to the Trachte ESOP, Trachte and the Trachte ESOP hereby agree that the Alliance Sellers Note shall be used only for the exclusive benefit of the Class and agree to abide by all other terms of the Plan of Allocation regarding the Alliance Sellers Note as submitted by Class Counsel and approved by the District Court.  Trachte and the Trachte ESOP agree that upon receipt, the Alliance Sellers Note shall be held in trust and shall be a "Plan Asset" of the Trachte ESOP plan subject to the requirements of ERISA and the Alliance Sellers Note and any of its proceeds may not be sold, transferred, loaned, or assigned unless (1) the terms of the transaction, including the value of the Note in the transaction and the manner of calculating the value, are disclosed to Class Counsel in advance of the transaction, and (2) the terms of the transaction, including the value of the Note

-25-

and the manner of calculating the value, are disclosed to any participant in the Trachte ESOP within 30 days upon written request to Trachte or the Plan Administrator.

## XII.   APPROVAL OF THE SETTLEMENT

1.      **Final Approval of the Settlement:**  Class Counsel has filed a Final Approval Motion requesting that the District Court grant final approval of the Settlement on behalf of the Subclass pursuant to Fed. R. Civ. P. 23(e).  The Fenkell Defendants, Trachte, and the Trachte ESOP will not take any action to oppose the Final Approval of this Settlement Agreement at the District Court or on appeal; however, David B. Fenkell reserves all of his rights to appeal any of the Court's Orders unrelated to this Settlement Agreement to the extent that such rights do not interfere with Final Approval of this Settlement.  The Final Approval Order will provide for, among other things: (a) Final Approval of this Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e); (b) Entry of Final Judgment as to the Settling Parties in this Action; and (c) the District Court's retention and continuing jurisdiction pending implementation, interpretation, administration, and consummation of this Settlement and this Settlement Agreement.

2.      **Effective Date of Settlement:** The Effective Date of Settlement shall occur only when each of the following events has occurred and shall be the date on which the last (in time) of the following events occurs: (a) each and every Condition in this Settlement Agreement has been satisfied or waived; (b) the District Court has entered a Preliminary Approval Order; (c) the District Court has entered a Final Approval Order; and (d) the time for appeal of the Final Approval Order has expired (if no appeal is filed) or all appeals have been concluded with the affirmance of the Final Approval Order in all material respects.

-26-

## XIII.   RELEASES

1.      **Limited Release of David B. Fenkell As to the Phantom Stock Plan Proceeds.**

Upon the Effective Date of this Settlement, Plaintiffs, Trachte, and the Subclass shall be deemed

to have, and by operation of the Final Order shall have released, relinquished, and discharged

David B. Fenkell from each and every Claim against him solely with respect to the $2,896,000

that David B. Fenkell received in the 2007 Transaction, plus any earnings and prejudgment

interest thereon, the transfer of any portion of those proceeds to Karen G. Fenkell, and any claim

for attorneys' fees or expenses related solely to or incurred specifically in pursuit of the claims

against Karen G. Fenkell related to her receipt of the Phantom Stock Plan Proceeds.  The Final

Approval Order of this Settlement Agreement will contain a dismissal with prejudice of these

Claims and only these Claims brought against David B. Fenkell pursuant to the Third Amended

Class Action Complaint, and will specifically provide that no other Claims against David B.

Fenkell have been settled or compromised as a result of this Settlement Agreement, including the

Claims for which the Court has found that David B. Fenkell is jointly liable with the Alliance

Entities and the claims for indemnification as set forth in the October 16, 2013 Order.  The

release of David B. Fenkell in this Section shall inure to the benefit of David B. Fenkell's heirs

and assigns.

2.      **Full Release of Karen G. Fenkell As to the  2007 Transaction.**  Upon the

Effective Date of this Settlement, Plaintiffs, the Class and the Subclass, and Trachte, shall be

deemed to have, and by operation of the Final Order shall have, fully, finally, and forever

released, relinquished, and discharged Karen G. Fenkell from each and every Claim or Unknown

Claim that were brought or could have been brought against Karen Fenkell in this Litigation

related to the 2007 Transaction. The Final Approval Order of this Settlement Agreement will

-27-

contain a dismissal with prejudice of these Claims and only these Claims brought against Karen

G. Fenkell pursuant to the Third Amended Class Action Complaint. The release of Karen G.

Fenkell in this Section shall inure to the benefit of Karen G. Fenkell's heirs and assigns.

3.     **Limited Release of David B. Fenkell as to the Fenkell Alliance ESOP**

**Account.** Upon the Effective Date of this Settlement, Plaintiffs shall be deemed to have, and by

operation of the Final Order will release David B. Fenkell solely with respect to Plaintiffs'

Claims that David B. Fenkell's Alliance ESOP account should be applied to satisfy any portion

of David B. Fenkell's liability as set forth in this Court's October 16, 2013 Order. Plaintiffs will

not seek to attach nor use David B. Fenkell's Alliance ESOP Account to satisfy any judgment

awarded in this Litigation.  Except as to the Claims released in Section XIII.1 , nothing in this

Settlement Agreement shall be construed as releasing, discharging, relinquishing, dismissing or

compromising any Claims against David B. Fenkell for relief above the amount in his Alliance

ESOP Account  or any Claims for attorneys' fees, expenses or costs including any such award

pursuant to ERISA § 502(g).  The Final Approval Order will contain a dismissal of Plaintiff's

Claims with prejudice solely against David B. Fenkell's Alliance ESOP account, and will

expressly provide that any Claims by Plaintiffs, the Subclass or the Class for relief above that

amount against David B. Fenkell (other than with respect to the Phantom Stock Plan Proceeds)

or any award of attorneys' fees, expenses or costs (other than any claim for attorneys' fees or

expenses related solely to or incurred specifically in pursuit of the Claims against Karen G.

Fenkell related to her receipt of the Phantom Stock Plan Proceeds) are not released, discharged,

relinquished, dismissed or compromised.   The releases contemplated by this Section shall inure

to the benefit of David B. Fenkell's heirs and assigns.

-28-

4.      **Explicit Limitation on Scope of Release by Plaintiffs; Non-Released Claims.**

Nothing in this Settlement Agreement will release or be construed to release, any other Claims, remedies or relief that Plaintiffs, the Subclass or the Class, their predecessors in interest, or their assignees have against David B. Fenkell. The Final Approval Order will specifically provide that no other Claims against David B. Fenkell have been dismissed and that no other Claims or relief has been settled or compromised as a result of this Settlement Agreement, including the Claims for which this Court has found that David B. Fenkell is jointly liable with the Alliance Entities and the Claims for indemnification as set forth in the Court's October 16, 2013 Order, which Plaintiffs have agreed to assign to Alliance Holdings, Inc. as part of Plaintiffs' settlement with the Alliance Entities (and which assignment David Fenkell contests as invalid under applicable law and as the result of this Settlement Agreement and the Settlement of the Class with the Trustee Defendants). Notwithstanding the foregoing or any other language in this Settlement Agreement, the Settling Parties are not releasing Claims to enforce this Settlement Agreement

5.      **No Release of Claims for Attorneys' Fees, Expenses and/or Costs.** No Claim for an award of attorneys' fees, expenses and/or costs against David B. Fenkell is being released by this Settlement Agreement and any Claims for attorneys' fees, expenses or costs are specifically being retained by Plaintiffs and/or Class Counsel except for any Claim for attorneys' fees, expenses or costs that are specifically and explicitly released as set forth in Section XIII.1 of this Settlement Agreement.

6.      **Releases By the Fenkell Defendants**

(a)      **Release of Trachte & the Trachte ESOP.** Upon the Effective Date of this Settlement, the Fenkell Defendants will be deemed to have, and by operation of the Final Order shall have, released from each and every Claim or Unknown Claim that the Fenkell

-29-

Defendants may have against Trachte or the Trachte ESOP or Trachte Trustee, including any Claims related to the Phantom Stock Plan Proceeds or the return of any units of Phantom Stock as contemplated by the June 4, 2013, Order and/or October 16, 2013, Order, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

(b)      **Release or Assignment of Claims Against Other Defendants.** Upon the Effective Date of this Settlement and the Effective Date of Settlement between Plaintiffs and each of the following Defendants, the Fenkell Defendants will be deemed to have, and by operation of the Final Order shall have, released from each and every Claim or Unknown Claim that the Fenkell Defendants may have against the Alpha Defendants (i.e., John Michael Maier and Alpha Investment Consulting), the Trustee Defendants and Stephen W. Pagelow.  In the event that the Effective Date of Settlement with one or more of the Non-Fenkell Defendants does not occur, then the Fenkell Defendants will have and by operation of the Final Order shall be deemed to have assigned any Claims that the Fenkell Defendants to Plaintiffs.

(c)      **Release of Plaintiffs, the Class & Class Counsel.** Upon the Effective Date of this Settlement, the Fenkell Defendants shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiffs, each member of the Class, and Class Counsel from each and every Claim or Unknown Claim, including any Claims for attorneys' fees, costs, expenses or sanctions, relating to the filing, commencement, prosecution or settlement of this Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

-30-

1914990.2

7.     **Release By Trachte.**  Upon the Effective Date of this Settlement, Trachte will be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released relinquished and discharged any Claims against Plaintiffs or Class Counsel related to the filing, commencement, prosecution or settlement of this Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

8.     **Reservation of Rights by the Fenkell Defendants.** Except as explicitly set forth in this Settlement Agreement, the Fenkell Defendants' release of Claims against Plaintiffs and assignment of Claims to Plaintiffs pursuant to this Settlement Agreement are not intended to impede or impair the Fenkell Defendants' ability to do any of the following: (a) challenge the validity of the assignment of any Claims by Plaintiffs, on behalf of the Class or Subclass, against the Fenkell Defendants to the Alliance Entities or any others; (b) defend against any assigned Claims or any Claims that have not been released in the Litigation, including any Claims held by Plaintiffs or any other defendants, and any and all defenses, counterclaims, crossclaims and/or third-party claims that the Fenkell Defendants may have and have not been released; (c) challenge any Claim or motion for an award of attorneys' fees and/or expenses filed by Plaintiffs (except that the Fenkell Defendants will not challenge payment of attorneys' fees or expenses paid out of the proceeds of the Settlement Funds from this Settlement); (d) appeal any judgment and/or orders that this Court has issued in the past or will issue in the Litigation other than (1) any orders approving any settlement between Plaintiffs and the Fenkell Defendants, or (2) any orders to the extent they concern Claims that the Fenkell Defendants have agreed to settle, release or assign.

-31-

## XIV.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

1.      Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the filing of the Preliminary Approval Motion, the Fenkell Defendants represent that they have provided notices and materials required by CAFA, as set forth in 28 U.S.C. § 1715(b)(1)-(8), to the Attorney General of the United States and the Attorneys General of all states in which any members of the Class or Subclass reside or any other Federal or State Official ordered by the Court ("the Appropriate State and Federal Officials").

2.      The Fenkell Defendants represent that they have provided Class Counsel with a copy of the proposed notice and materials sent to the Appropriate Federal and State Officials.

3.      In accordance with CAFA, 28 U.S.C. § 1715(d), the Settling Parties will request that this Court set the Final Approval Hearing for the later of sixty (60) days from the date on which Notice was provided to Class and Subclass Members or ninety (90) days from the date on which Defendants are required to provide notice under 28 U.S.C. § 1715(b).

## XV.   EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

1.      **Effect of Disapproval of the Phantom Stock Proceeds Settlement.** In the event that the District Court refuses to enter a Final Approval Order granting final approval as to the settlement related to the Phantom Stock Plan Proceeds or such Order is reversed on appeal, Class Counsel, counsel for Trachte or the Fenkell Defendants may void this Settlement Agreement as to the Phantom Stock Plan Proceeds so long as the Settling Party exercising such right provides written notice to counsel for all other Settling Parties to the Settlement Agreement within fourteen (14) days of the order that such Settling Party relies upon in exercising its rights under this Section.

-32-

2.      **Effect of Disapproval of the Fenkell Alliance ESOP Account Settlement.**  In the event that the District Court refuses to enter a Final Approval Order granting final approval of the settlement as to the Fenkell Alliance ESOP Account, Class Counsel or the Fenkell Defendants may void this Settlement Agreement as to the Fenkell Alliance ESOP Settlement so long as the Settling Party exercising such right provides written notice to counsel for all other Settling Parties to the Settlement Agreement within fourteen (14) days of the order that such Settling Party relies upon in exercising its rights under this Section.

3.      **Effect of Withdrawal.**  In the event that the District Court refuses to grant the Final Approval Motion or the Final Approval Order is reversed on appeal and one of the Settling Parties exercises its right to withdraw from the Settlement Agreement within the time specified above in this Section,  (a) the Settlement Fund (including any interest/earnings, but less any amount paid or owing for taxes or other expenses incurred in connection with administering the Settlement, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator) shall be returned to the Fenkell Defendants within ten (10) business days of a written request by the Fenkell Defendants' counsel to Lead Class Counsel; (b) the Settling Parties will not be released from the Claims set forth in Section XIII of this Settlement Agreement; (c) this Agreement and the Partial Settlement Term Sheets shall be void *ab initio*; and (d) the Parties' positions, rights and responsibilities shall be as if neither this Agreement nor the Partial Settlement Term Sheets ever existed.

## XVI.   MISCELLANEOUS PROVISIONS

1.      **No Party Is the Drafter:**  This Settlement Agreement is drafted by all of the Settling Parties, is the result of arm's-length negotiations between competent legal counsel for

-33-

the Settling Parties and, therefore, shall not be construed more strictly against one Settling Party

than any other Settling Party.

2.    **Headings:**  The headings in this Settlement Agreement are used for purposes of

convenience and ease of reference only and are not meant to have any legal effect, nor are they

intended to influence the construction of this Settlement Agreement in any way.

3.    **Good Faith:**  The Settling Parties agree that the amount paid to the Settlement

Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the

Settling Parties, and reflect a settlement that was reached voluntarily after consultation with

competent legal counsel.

4.    **Modification:**  This Settlement Agreement may be amended or modified only by

written instrument signed by, or on behalf of, all Settling Parties affected by the amendment or

their successors in interest.

5.    **Representations:**  This Settlement Agreement constitutes the entire agreement

among the Settling Parties regarding settlement of Claims related to the Phantom Stock Proceeds

as to the Fenkell Defendants, and related to David B. Fenkell's Alliance ESOP Account (but

exclusive of other Claims and any Claims for attorneys' fees, costs or expenses except as

explicitly set forth herein), and no representations, warranties or inducements have been made to

any Settling Party concerning this Settlement Agreement or the Partial Settlement Term Sheets,

other than (a) the representations, warranties, and covenants contained and memorialized in this

Settlement Agreement, and (b) those representations, warranties, and covenants set forth in the

Partial Settlement Term Sheets, all of which shall be incorporated as set forth herein.  In the

event of any conflict between this Settlement Agreement and one of the Partial Settlement Term

Sheets, this Settlement Agreement shall control.

-34-

1914990.2

6.      **Authorization:** Each signatory to this Settlement Agreement represents that he or she or it is authorized to enter into this Settlement Agreement on behalf of the respective Settling Parties he or she or it represents.

7.      **Binding Effect:** This Settlement Agreement, after Final Approval and subject to any Order of the Court, shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party shall operate to relieve such party of its obligations hereunder.

8.      **Governing Law:** All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Wisconsin without regard to its rules of conflicts of law, to the extent not preempted by ERISA, and in accordance with the laws of the United States.

9.      **Waiver:** The waiver of one Settling Party of any breach of this Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other breach of this Settlement Agreement.  The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected Settling Party, or Counsel for that Settling Party, or orally on the record in court proceedings.

10.     **Continuing Jurisdiction:** The Settling Parties agree to submit to the jurisdiction of the District Court regarding any disputes between or among any of the Settling Parties related to implementing and enforcing the Settlement embodied in this Settlement Agreement or any disputes between or among any of the Settling Parties regarding the construction of the terms of this Settlement Agreement.   Any and all disputes related to this Settlement Agreement that are not satisfactorily resolved by the Settling Parties shall be submitted to the District Court for

-35-

resolution.  The Final Approval Order will provide that the District Court will have continuing jurisdiction over this Settlement Agreement.

11.     **Extensions:**  The Settling Parties reserve the right, subject to the District Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

12.     **Notice:**  Whenever this Settlement Agreement provides for notice to be given to the Settling Parties, such notice shall be served on the Settling Parties through their respective Counsel listed on the signature page of this Agreement.

13.     **No Rights to Alliance Entities.**  Nothing in this Settlement Agreement provides the Alliance Entities with any independent rights with respect to the Fenkell Defendants.

14.     **No Admission of Liability:**  Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement, or the Settlement, even if this Settlement Agreement is canceled, invalidated, or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any settled Claims, or of any act or wrongdoing, negligence, misrepresentation, breach of any duty, violation or liability of the Fenkell Defendants, Trachte, the Trachte ESOP, Plaintiffs or any member of the Class, or Class Counsel; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Claims asserted by Plaintiffs or the Class and Subclass; or (c) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Settling Party hereto in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including in this Action.  This Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the

-36-

Settlement, or the Final Order, and any Settling Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or settlement bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Class Action Settlement Agreement to be executed by them or their duly authorized Counsel, on the dates set forth below.

Dated: August 25, 2014:

By: _____
R. Joseph Barton
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934

*On Behalf of & As Counsel for Plaintiffs and the Class and Subclass*

Dated: August ___, 2014

By: _____
Brian L. Anderson
**DeWitt Ross & Stevens**
2 E Mifflin St, Suite 600
Madison, WI 53703

*On Behalf of & As Counsel for Trachte Building Systems, Inc. & the Trachte Building Systems Employee Stock Ownership Plan*

Dated: August 25, 2014:

By: _____
David B. Fenkell

Dated: August 25, _____, 2014

By: _____
Karen G. Fenkell

Dated: August 25, 2014

Approved as to Form Only:

By: _____
David R. Johanson
**Jackson Lewis P.C.**
725 South Figueroa Street
25th Floor
Los Angeles, CA 90017

*Counsel for Defendants David and Karen Fenkell*

-37-