IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                    Plaintiffs,                ORDER

    v.

                                          09-cv-413-wmc

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                    Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                    Cross Claimants,

    v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                    Cross Defendants.

---

       The court is now in receipt of an unopposed motion by plaintiffs, nominal defendant Alliance Holdings, Inc. ESOP, and defendant Alliance Holdings, Inc. to permit registration of judgment for enforcement against co-defendant Fenkell in other districts

pursuant to 28 U.S.C. § 1963.  (Dkt. #1006.)  Fenkell has filed no objection to this motion.  Having provided good grounds, the court will grant the motion.

On September 8, 2014, the court entered judgment against David. C. Fenkell, requiring him to (1) restore $2,044.014.42 to the Alliance Holdings, Inc. ESOP, (2) indemnify certain co-defendants for compensatory damages they are required to pay, and (3) pay plaintiffs' counsel $1,854,008.50 in attorneys' fees. (Dkt. #986.)[1]

As a result of various settlements and assignment of claims between other co-defendants, the Alliance ESOP and Alliance together now appear to be judgment creditors of Fenkell in the amount of $7,148,022.92 plus post-judgment interest.  (Mot. (dkt. #1006) 5-6.).  On October 3, 2014, Fenkell filed a notice of appeal, which was then amended on October 31, 2014.  In both cases, he neglected to post a supersedeas bond in support of a stay pursuant to Fed. R. Civ. P. 62(d).

Title 28 U.S.C. § 1963 provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . , when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

---

[1] The judgment was amended on October 16, 2014, to clarify that the $1,854,008.50 award was for attorneys' fees (not attorneys' fees and costs).  (Dkt. #999.)

The moving parties have demonstrated that Fenkell has (1) insufficient property in this district; (2) substantial assets elsewhere; and (3) elected not to post a bond. *See Chicago Downs Assoc., Inc. v. Chase*, 944 F.2d 366, 371-72 (7th Cir. 1992) (assessing these factors in affirming a district court's finding of good cause under § 1963). While these findings alone would appear to constitute good cause for relief under § 1963, this court would be remiss not to note, as further reasons to permit the Alliance defendants to attempt to execute on Fenkell's assets without a supersedeas bond on appeal, the following: (1) the financial sophistication of Mr. Fenkell; (2) past steps he has taken to move assets outside the reach of defendants, including transferring funds to his wife; and (3) the likelihood that he will take other steps to avoid payment of the judgment, even if upheld on appeal. (*See* 6/3/14 Opinion & Order (dkt. #790) 30 (describing Fenkell as "far and away the most culpable party"); 10/16/13 Opinion 7 Order (dkt. #824) (describing allegations that Fenkell transferred phantom stock proceeds to his wife Karen Fenkell).) Accordingly,

IT IS ORDERED that plaintiffs, nominal defendant Alliance Holdings, Inc. ESOP, and defendant Alliance Holdings, Inc.'s motion to permit registration of judgment for enforcement in other districts pursuant to 28 U.S.C. § 1963 (dkt. #1006) is GRANTED.

Entered this 17th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge