IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                       Plaintiffs,

    v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                       Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                     Cross Claimants,

    v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                   Cross Defendants.

OPINION AND ORDER

09-cv-413-wmc

---

Before the court are two motions to compel -- one by plaintiffs and the other by defendant Alliance Holdings Inc. and nominal defendant Alliance Holdings, Inc. ESOP -- both seeking post-judgment discovery from defendant David B. Fenkell. (Dkt. ##1023,

1025.) For the reasons that follow, the court will grant both motions, ordering Fenkell to respond to discovery requests and sit for a deposition, and will further award reasonable attorneys' fees and costs in bringing both motions.

## BACKGROUND

This court previously entered judgment against defendant David Fenkell. As a result of various settlements and assignment of claims with other co-defendants, the Alliance ESOP is owed over $2 million and Alliance is owed $3.25 million as the holder of the trustee defendants' right to indemnification making both judgment creditors of Fenkell. (Judgment (dkt. #986); Am. Judgment (dkt. #999); Joint Mot. to Permit Registration (dkt. #1006) 5-6.) While plaintiffs also assigned some of portions of the judgment against Fenkell to Alliance, plaintiffs retained the judgment awarding them attorneys' fees in the amount of $1,854,008.50. (*Id.*) All of these debts are exclusive of post-judgment interest that continues to run.

Recently, the court granted an unopposed join motion by Alliance and plaintiffs to register the judgment for enforcement against Fenkell's property in other districts pursuant to 28 U.S.C. § 1963. (11/17/14 Order (dkt. #1017).) Defendant Fenkell has yet to seek a stay of execution of the judgment in this court or in the Seventh Circuit Court of Appeals, where several appeals are pending.

## OPINION

In response to the motions to compel, Fenkell represents that he has agreed to: (1) produce discovery responses *to plaintiffs*; and (2) sit for a deposition (presumably, also

for plaintiffs' benefit only). As for the Alliance defendants' requests, however, Fenkell would cast them both as "non-parties," for whom no discovery is owed. (Fenkell's Opp'n (dkt. #1028) 3.) Unfortunately, Federal Rule of Civil Procedure 69, which governs execution of judgments, is not limited to parties: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person -- including the judgment debtor -- as provided in these rules and in the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Wisconsin Statute § 806.18 also permits the assignment of judgments, while Chapter 816 sets forth certain discovery mechanisms for executing on judgments similar to Rule 69.

In an apparent attempt to avoid Rule 69 and § 806.418, Fenkell challenges the legitimacy of plaintiffs' assignment of their claim to Alliance. But the court need not find that the assignment is permissible to decide the present motion, because part of the court's judgment orders Fenkell to restore to nominal defendant Alliance ESOP over $2 million, and as mentioned above, has joined defendant Alliance Holdings, Inc. in bringing the motion to compel. Moreover, Alliance Holdings, Inc., as the administrator of the Plan, also has a sound basis for seeking post-judgment discovery. As such, the court rejects any objection to Alliance Holdings, Inc. and Alliance ESOP's request for discovery.

Fenkell also takes issue with some of the discovery requests as irrelevant and beyond the scope of permissible discovery, and specifically challenges any requests for discovery of his wife Karen Fenkell's assets or assets held jointly. Again, the language of

3

Rule 69(a)(2), which allows discovery from "any person," largely answers this challenge as well. Moreover, courts have recognized that discovery into a third-party's assets is allowed where the "relationship between the judgment debtor and the [third-party] is sufficient to raise a reasonably doubt about the *bona fides* of the transfer of assets between them." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561-62 (S.D.N.Y. 1977). Not only are such situations common in the spousal context (*see* Alliance's Reply (dkt. #1029) 5 (citing numerous cases finding discovery of spouse's assets appropriate)), but are particularly so here, given Mr. Fenkell's previous transfer of funds to his wife in an attempt to move assets beyond the reach of plaintiffs. (11/17/14 Order (dkt. #1017) 3.)

Finally, Fenkell contends that Alliance is simply trying to get discovery here that has been denied in a pending, related case in the Eastern District of Pennsylvania. Fenkell's characterization of discovery efforts in the other case appears to be at odds with recent developments, as Alliance notes in its reply that the Eastern District of Pennsylvania recently allowed subpoenas to be served on the Fenkells' banks. (Alliance's Reply (dkt. #1029) 3 n.2.) Regardless, the discovery status in that ongoing case is of little or no relevance to the post-judgment status of this lawsuit. Alliance and plaintiffs have a right as judgment creditors to determine the location and extent of Fenkell's assets. Whether or not this touches on matters at issue in the Eastern District of Pennsylvania action does not change their independent right to post-judgment discovery here.

Accordingly, the court will order Fenkell to: (1) provide full and complete responses to interrogatories and document requests on or before February 17, 2015, and

(2) sit for a deposition concerning his assets and transfer of assets on or before March 17, 2015.

In addition to seeking an order compelling Fenkell to respond to discovery requests and sit for a deposition, Alliance and plaintiffs also seek attorneys' fees and costs for having to bring this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). That provision provides in pertinent part that:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> . . .
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified[.]

Fed. R. Civ. P. 37(a)(5)(A)(ii).

In response to the movant's request, Fenkell simply reiterates his argument that his position is substantially justified because "[p]laintiffs have no economic interest in the alleged judgment [and] the Alliance Defendants are not entitled to post-judgment discovery." (Fenkell's Opp'n (dkt. #1028) 9.) For reasons outlined above, however, Fenkell's objections have no reasonable basis. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Alliance defendants are judgment creditors in light of the court's judgment ordering Fenkell to restore over $2 million to the Alliance ESOP, regardless of the status of any assignment. Also, regardless of any assignment plaintiffs made to Alliance as part

5

of their settlement, plaintiffs retain an interest in the judgment awarding them attorneys' fees of over $1.8 million. Accordingly, the court will award reasonable attorneys' fees and costs incurred by plaintiffs and defendants Alliance Holdings, Inc. and Alliance Holdings, Inc. ESOP in bringing the present motions, to be paid by David Fenkell.

## ORDER

IT IS ORDERED that:

1) plaintiffs' motion to compel (dkt. #1023) and Alliance Holdings, Inc. and Alliance Holdings, Inc. ESOP's motion to compel (dkt. #1025) are both GRANTED. Defendant David Fenkell is ordered to (1) provide full and complete responses to interrogatories and document requests on or before February 17, 2015, and (2) sit for a deposition concerning his assets and transfer of assets on or before March 17, 2015; and

2) the movants' requests for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) is GRANTED. Movants shall submit their respective requests with all necessary supporting materials on or before February 17, 2015; Fenkell may respond on or before March 3, 2015.

Entered this 3rd day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge