IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

              Plaintiffs,

   v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

              Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

              Cross Claimants,

   v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

              Cross Defendants.

ORDER

09-cv-413-wmc

In the latest of a string of disputes about the appropriate scope of post-judgment discovery, defendant David B. Fenkell seeks a motion to quash plaintiffs' subpoenas *duces tecum* served on Barclays Capital, Inc. and Morgan Stanley, arguing that these subpoenas "inappropriately seek to obtain private and confidential records of Karen Fenkell, the Fenkell

Children and Mr. Fenkell's Mother." (Fenkell's Mot. (dkt. #1043) 1.)[1] The court will deny this motion for the same reasons it granted plaintiffs and Alliance Holdings, Inc.'s previously filed motions to compel. (2/3/2015 Op. & Order (dkt. #1031).)

While the discovery at issue in this motion extends beyond Mrs. Fenkell to the Fenkell children and Mr. Fenkell's mother, the discovery is nonetheless permissible under Federal Rule of Civil Procedure 69. "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person -- including the judgment debtor -- as provided in these rules and in the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also* *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561-62 (S.D.N.Y. 1977) (recognizing that discovery into a third-party's assets is allowed where the "relationship between the judgment debtor and the [third-party] is sufficient to raise a reasonably doubt about the *bona fides* of the transfer of assets between them."). Throughout this case, plaintiffs have submitted sufficient evidence of financial manipulation and transfer of moneys under Mr. Fenkell's control to justify the discovery sought here.

If Mr. and Mrs. Fenkell's recent deposition testimony is credited that "no assets were transferred to the Fenkell Children or Mr. Fenkell's Mother in an effort to evade the Judgement herein" (Fenkell's Mot. (dkt.#1043) 6), then the discovery will prove a dead end. If not, then plaintiff were wholly justified in seeking information from financial institutions. Regardless, plaintiffs are entitled to know.

---

[1] The Fenkells have standing to seek an order quashing the subpoenas because they have a personal right or privilege in the underlying financial information sought by the subpoenas.  *See generally* 9A Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2459 at p.436 n.7 (3d ed. 2008) (citing cases).

Finally, Fenkell contends that the subpoenas must be quashed because they seek private and confidential financial information. Rule 45 contemplates quashing of subpoenas which seek disclosure of a privileged matter, but provide no basis for quashing a subpoena seeking confidential or private information. *See* Fed. R. Civ. P. 45(d)(3)(A). Instead, Fenkell's argument seems to be that the disclosure of this information poses an undue burden on his wife, children and mother. For the reasons articulated above and in its prior order, the court has already found that this financial information is necessary for plaintiffs and Alliance Holdings to execute on the court's judgment. Moreover, there is no basis for finding that the information is available from another source; nor would accessing it from another source allay Fenkell's privacy concerns. As such, "even if such information were considered confidential, the fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered." *Andrews v. Raphaelson*, No. 5:09-cv-077-JBC, 2009 WL 1211136, at *4 (E.D. Ky. Apr. 30, 2009).

ORDER

IT IS ORDERED that defendants David B. Fenkell and Karen Fenkell's motion to quash plaintiffs' subpoenas to financial institutions (dkt. #1042) is DENIED.

Entered this 7th day of July, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge