IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                Plaintiffs,

    v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                Cross Claimants,

    v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                Cross Defendants.

ORDER

09-cv-413-wmc

In a previous order concerning post-judgment discovery, the court granted motions to compel discovery from David and Karen Fenkell by plaintiffs and Alliance Holdings, Inc. and Alliance Holdings, Inc. Employee Stock Option Plan (referred to

collectively as "Alliance"). (2/3/15 Op. & Order (dkt. #1031).) In that same order, the court also granted Alliance and plaintiffs' requests for attorneys' fees and costs in having to bring these motions, finding that David Fenkell had no reasonable basis for objecting to the discovery requests. (*Id.* at 5-6 (discussing standard under Fed. R. Civ. P. 37(a)(5)(A)(ii).) Having reviewed plaintiffs' and Alliance's respective requests for fees and Fenkell's opposition, the court will award plaintiffs $17,599.81 in attorneys' fees and will award Alliance $31,740.54.[1]

OPINION

Plaintiffs seek $20,730.00 in attorneys' fees, which plaintiffs' counsel represents reflects the lodestar value of their legal services in preparing the motion to compel, reply in support of the motion and a fee petition. In support, plaintiffs submit detailed time records, reflecting 48.4 hours of work at an hourly rate of $400.00 for one attorney and $635.00 for the other attorney. (Pls.' Submission, Ex. A (dkt. #1033-1).)

Alliance seeks $42,938.42 in attorneys' fees, which Alliance represents reflects the lodestar value of their legal services in preparing the motion to compel and the fee petition. In support of this request, Alliance also submits detailed time records and the hourly rates for each attorney and paralegal who worked on the motion and fee petition. (Alliance's Submission, Exs. A, B (dkt. ##1034-1, 1034-2).) Those records reflect 103.30 hours of legal services. Further, Alliance Holdings, Inc., was invoiced for the fees

---

[1] Alliance sought leave to file a reply brief. Finding further briefing unnecessary to resolve the pending motions, the court will deny the request. (Alliance's Mot. to File Reply Br. (dkt. #1038).)

associated with the motion to compel and rely brief in support of that motion. (*Id.*, Ex. K (dkt. #1034-11).)   Alliance also submitted declarations in support of the reasonableness of the hourly rates, explaining that the rates requested were actually reduced and are competitive with attorneys of comparable experience at other large law firms in the Chicago market. (*See, e.g.*, Declaration of Charles C. Jackson (dkt. #1034-3) ¶ 9.)  The hourly rates requested range from $165.00 for a paralegal, $375.00 for an associate, and up to $600.00 for a senior partner.

In response to these submissions, Fenkell raises two core objections. *First*, Fenkell challenges the court's finding that Fenkell's objections have no reasonable basis, effectively seeking reconsideration of that decision. (Fenkell's Resp. (dkt. #1037 3-6.) Fenkell already asserted these arguments in his opposition to the motions to compel (Fenkell's Opp'n (dkt. #l028) 8-9), and the court finds no reason to address those arguments further, nor to explain further the court's reasons for rejecting them, nor to defend the court's ultimate conclusion that Fenkell's objections had no reasonable basis.

*Second*, Fenkell challenges whether the fees requested are reasonable, raising issues with respect to: (a) the amount of time Alliance and plaintiffs' spent on the motions to compel; (b) plaintiffs' counsel's lack of substantiation for their rates; and (c) the inclusion of time spent preparing the fee petition. The court will address each challenge in turn. Fenkell's primary argument is that the amount of pages produced for both the motions to compel and the reply briefs in support of the motions do not justify the time spent on those filings. The court rejects this overarching, general challenge, but agrees with Fenkell that any fees associated with the parties' coordination on these motions (*see, e.g.*,

3

dkt. #1034-1 at p.2 (12/4/14 Jackson entry describing "Conference with Joe Barton regarding Fenkell court filing, motion to compel discovery, strategy")) should not be awarded in light of the fact that the parties chose to file separate, overlapping motions and to incur fees associated with activities that could have been avoided. Similarly, the court will exclude from the fee petition those activities that would have been incurred anyway for reasons independent of the motion to compel (*see, e.g.*, dkt. #1033-1 (12/9/14 Erlandson entry describing "Review Spear discovery order from Pennsylvania action")). Accordingly, the court has deducted fees associated with a number of time entries or portions of entries from each parties' requested fees as duplicative.

Fenkell also challenges the parties' inclusion of time and fees incurred in preparing their fee petitions. In support, Fenkell cites to a single district court case. *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 329 (N.D. Ill. 2009).[2] In *Lorillard*, the court did not consider whether fees associated with preparing a fee petition are allowed under Rule 37(a)(5)(A). *Id*. Instead, the court considered whether the parties' preparation of an "Agreed Order" fell within the scope of the "effort expended in bringing the motion itself." Instead, as Alliance points out, "attorney's fees incurred in litigating and establishing an attorney's entitlement to fees are generally compensable." *Holmstrom v. Metro. Life Ins.*, Co., No. 07-CV-6044, 2011 WL 2149353, at *8 (N.D. Ill. May 31, 2011) (citing *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir.

---

[2] Fenkell contends in his opposition to Alliance's motion to file a reply brief that Alliance failed to mention this case or otherwise contest Fenkell's position in its proposed reply. However, Fenkell fails to acknowledge that Alliance *did* brief the issue of whether fees associated with the filing of a fee petition are allowable in its opening brief. (Alliance's Submission (dkt. #1034) 7.)

1980)). While the court will award the parties' fees associated with preparing the fee petition, the court finds the time Alliance spent on preparing the fee petition -- 33 hours -- to be excessive. Accordingly, the court will significantly reduce the amount associated with those efforts by 75%.

Finally, Fenkell notes that plaintiffs' counsel fails to provide any support for the reasonableness of their hourly rates. (Fenkell's Resp. (dkt. #1037) 10.) Such a showing was not necessary in light of plaintiffs' counsel's prior submissions and the court's finding that plaintiffs' counsel's "hourly rates are on par with the market rates charged by other plaintiffs' firms handling ERISA breach of fiduciary duty cases, recognizing ERISA cases involve a national rate standard." (9/5/14 Op. & Order (dkt. #985) 13 (citing Pls.' Br. (dkt. #928) 36-27).) This argument might have gained more traction had Fenkell's counsel disclosed its time and fees in opposing the motion to compel. Instead, the decision not to do so is telling.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for attorneys' fees on motion to compel (dkt. #1032) is GRANTED. David Fenkell is ordered to pay plaintiffs $17,599.81 in attorneys' fees.

2) Alliance Holdings, Inc. and Alliance Holdings, Inc. Employee Stock Ownership Plan's motion for attorneys' fees (dkt. #1034) is GRANTED. David Fenkell is ordered to pay Alliance Holdings, Inc. and Alliance Holdings, Inc. Employee Stock Ownership Plan $31,740.54 in attorneys' fees.

3) Alliance Holdings, Inc. and Alliance Holdings, Inc. Employee Stock Ownership Plan's motion to file a reply (dkt. #1038) is DENIED as unnecessary.

Entered this 27th day of August, 2015.

        BY THE COURT:

        /s/

        WILLIAM M. CONLEY
        District Judge