IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                Plaintiffs,

v.

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                Cross Claimants,

v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                Cross Defendants.

ORDER

09-cv-413-wmc

---

In yet another post-judgment discovery dispute, plaintiffs Alliance Holdings, Inc. and the Alliance Holdings, Inc. Employee Stock Option -- all judgment creditors of defendant David B. Fenkell -- move to compel David Fenkell's deposition, specifically

requiring him to fully answer questions concerning communications with his wife, Karen Fenkell, about the transferring and titling of assets. (Dkt. #1050.) While the court has to date ordered Fenkell to respond to discovery requests and sit for a deposition, as well as denied his efforts to quash the judgment creditors' discovery requests, this motion goes too far by seeking information before Fenkell has put it in issue. Accordingly, the court will deny this motion, though the court will require Fenkell to disclose the time and place of the communications at issue (to the extent that he recalls) and state whether any other individuals were involved in the discussions.

As required by this court, David Fenkell sat for a deposition during which he refused at times, on privilege grounds at the instruction of his counsel, to answer questions about communications he had with his wife concerning the couple's assets. The judgment creditors ask the court to overrule these objections, offering three core bases for doing so, all of which the court rejects.

*First*, the judgment creditors contend that "[t]he marital privilege does not extend to a judgment debtors' efforts to frustrate judgment creditors." (Judgment Creditors' Br. (dkt. #1051) 13.) While the court agrees with defendants that discovery into the Fenkells' marital assets and Karen Fenkell's own assets is permissible -- and has supported their efforts to date to secure that discovery -- the request here goes beyond reasonable limitations. As evidenced by the judgment creditors' submission, Fenkell has disclosed significant information about the location of his and his wife's assets, both held jointly and separately, and has provided a reason for the decision to place a significant portion of the marital assets in his wife's name. The judgment creditors have also

2

discovered powers of attorney documents granting David Fenkell significant control over those assets titled in his wife's name. While the judgment creditors focus on what they do not know -- the specific details of Fenkell's communications with his wife about transferring of assets -- the record reflects that Fenkell has invoked the privilege in a limited and appropriate (at least for now) manner.

*Second*, the judgment creditors contend that Fenkell has waived the privilege by failing to provide information sufficient to permit the judgment creditors to assess his privilege claim. Federal Rule of Civil Procedure 26(b)(5)(A) requires the party invoking privilege to

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Here, Fenkell acknowledged having communications with his wife about his decision to title marital assets in her name only, but then asserted that the communications were privileged. It is difficult to understand what else the judgment creditors would need to assess the claim. Nonetheless, the court will order Fenkell to provide the time and place of those discussions, to the extent that he can recall, and disclose whether any other individuals were involved in or made aware of those discussions.

*Third*, the judgment creditors contend that Fenkell has also waived the privilege by making affirmative claims concerning his reasons for titling assets in his wife's name. At some point, this argument may have merit, but it remains premature. David Fenkell has simply invoked the privilege to protect communications he had with his wife about the

3

titling and transfer of his assets. If the judgment creditors seek to execute assets titled in Karen Fenkell's name to satisfy the judgment on the basis that those assets consist of marital property and David Fenkell controls those assets, and Fenkell then invokes a defense that rests at least in part on privileged communications with his wife, then the appropriate court may wish to reconsider the validity of Fenkell's privilege claim.

Accordingly, IT IS ORDERED that plaintiffs, Alliance Holdings, Inc. and the Alliance Holdings, Inc. Employee Stock Option's motion to compel (dkt. #1050) is DENIED, except that David Fenkell is required on or before September 10, 2015 to disclose the time and place of the communications at issue (to the extent that he recalls) and state whether any other individuals were involved in or may be aware of any of those discussions.

Entered this 27th day of August, 2015.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge