UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROL CHESEMORE, et al., *Plaintiffs*, v. ALLIANCE HOLDINGS, et al., *Defendants*. | Case No. 09-cv-000413 Hon. Judge William M. Conley |

### AGREED CONSENT ORDER REGARDING DAVID B. FENKELL'S EMERGENCY MOTION TO STAY AND TO RECONSIDER AMOUNT OF *SUPERSEDEAS* BOND

Upon consideration of defendant David B. Fenkell's ("Mr. Fenkell's") Emergency Motion to Stay and Reconsider Amount of *Supersedeas* Bond and Reply In Support (Dkt. Nos. 1122, 1123 & 1126), the judgment creditors' joint Opposition and Sur-reply (Dkt. Nos. 1125 & 1129-1), the discussion of the parties with the Court during the status conference held on December 4, 2015, on December 7, 2015, and again on December 8, 2015, and the parties' agreement to the entry of an Agreed Consent Order containing the terms and agreements recited below, the Court hereby orders as follows:

1. On September 8, 2014, the Court entered final judgment "in favor of plaintiffs against defendant David Fenkell on the unsettled claims as follows: a. David Fenkell is liable to restore to the Alliance ESOP $2,044,014.42; b. David Fenkell shall indemnify defendants Mastrangelo, Seefeldt and Klute for any compensatory relief they are required to pay; c. David Fenkell shall be barred from continuing as trustee of the Alliance ESOP; and d. David Fenkell is liable to plaintiffs for attorney's fees and costs in the total amount of $1,854,008.50." Dkt. No. 986. On October 16, 2014, the Court issued its Amended Final Judgment, clarifying that Mr. Fenkell is "liable to plaintiffs for attorney's fees on all claims not part of the settlement

1

agreement in the amount of $1,854,008.50." Dkt. No. 999, at 2. All other orders in the September 8, 2014, Judgment (Dkt. No. 986) remained the same and were not changed by the Court's Amended Final Judgment (Dkt. No. 999).

2. While Mr. Fenkell has appealed the Amended Final Judgment and other orders (*e.g.*, Dkt. No. 988 & 1005), to date he has not posted a *supersedeas* bond pending appeal. *See* Fed. R. Civ. P. 62(d). On November 18, 2015, the Court held Mr. Fenkell in contempt for failure to pay the Amended Final Judgment ordering Mr. Fenkell "to restore $2,044,014.42 to the Alliance ESOP or provide a bond assuring the payment of this sum pending appeal" or to post a *supersedeas* bond assuring the ordered restoration. Dkt. No. 1121. The Court ordered penalties that would apply in the event of Mr. Fenkell's failure to comply with the November 18, 2015, opinion and order by December 9, 2015. *Id.* The Court also stated that if Mr. Fenkell pledged his unencumbered interest in his Alliance ESOP account in a way that is "legally binding," Mr. Fenkell could reduce the amount of the bond by the value of his Alliance ESOP account. *Id.*

3. Mr. Fenkell's Emergency Motion (Dkt. No. 1123 at p. 21) recites that he desires to pledge his interest in his Alliance ESOP account so as to reduce the amount of a *supersedeas* bond that he would otherwise be required to post to comply with the Court's November 18, 2015, Opinion and Order. Mr. Fenkell represents that these assets are unencumbered. Mr. Fenkell agrees to execute the attached "Collateral Pledge of Assets" which is incorporated into this Order. Mr. Fenkell represents that he will never pursue or authorize any claim that this Collateral Pledge of Assets has deprived him of the rights provided to a participant under the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust, or is not permitted under the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust or any state or federal law. Mr. Fenkell intends to waive all claims related to this Collateral Pledge of Assets, and agrees that

the judgment creditors have no responsibility or liability for Mr. Fenkell's pledge. The Court orders that Mr. Fenkell's Alliance ESOP account pledge is effective notwithstanding any provision in the Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust or state or federal law to the contrary.

    4.  The Court further accepts the judgment creditors' offer to allow Mr. Fenkell to reduce the amount of the *supersedeas* bond by pledging all of his rights to receive phantom stock payments under The Spencer Turbine Company Phantom Stock Agreement and The Spencer Turbine Company Phantom Stock Plan ("Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights") to Alliance. Mr. Fenkell represents that Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights are unencumbered. Mr. Fenkell also agrees to execute the attached Collateral Pledge of Assets (including Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights), which is incorporated into this Order. Mr. Fenkell represents that he will never pursue or authorize any claim that this Collateral Pledge of Assets has deprived him of the rights provided to a participant under the Spencer Turbine Company Phantom Stock Agreement signed by Mr. Fenkell and/or The Spencer Turbine Company Phantom Stock Plan, or is not permitted under the Spencer Turbine Company Phantom Stock Agreement signed by Mr. Fenkell and/or The Spencer Turbine Company Phantom Stock Plan or any state or federal law. Mr. Fenkell intends to waive all claims related to this Collateral Pledge of Assets, and agrees that the judgment creditors, The Spencer Turbine Company and The Spencer Turbine Company Phantom Stock Plan have no responsibility or liability for Mr. Fenkell's pledge. The Court orders that Mr. Fenkell's pledge of Mr. Fenkell's Spencer Turbine Phantom Stock Rights is effective notwithstanding any provision in The Spencer Turbine Company Phantom Stock Agreement

signed by Mr. Fenkell or The Spencer Turbine Company Phantom Stock Plan or state or federal law to the contrary.

5. The terms of the Collateral Pledge of Assets, which are incorporated into this Order, shall apply following the outcome of Mr. Fenkell's appeal to the U.S. Court of Appeals for the Seventh Circuit.

6. Should the U.S. Court of Appeals for the Seventh Circuit issue an opinion affirming this Court's judgment requiring Mr. Fenkell to restore $2,044,014.42 to the Alliance ESOP, or a lesser amount, Mr. Fenkell agrees, and this Court orders, that the *supersedeas* bond shall be immediately payable to the Alliance ESOP, Mr. Fenkell's Alliance ESOP Account shall be forfeited to the Alliance ESOP, and Mr. Fenkell will forfeit all rights to Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights and Alliance will pay $600,000 to the Alliance ESOP; provided, however, that for seven (7) calendar days after the issuance of the Seventh Circuit's opinion, Mr. Fenkell shall have the option of paying the differential between the *supersedeas* bond and the $2,044,014.42 restoration ordered by the Court in cash rather than with his pledged Alliance ESOP account assets and Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights.

7. The Court also orders that Mr. Fenkell will be responsible for all tax consequences or liabilities related to Mr. Fenkell's Alliance ESOP account pledge and the pledge of Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights, and that he will be held immediately responsible for any shortfall that results. The Court also orders that neither Alliance, the Alliance ESOP, nor The Spencer Turbine Company and The Spencer Turbine Company Phantom Stock Plan shall be charged or assessed any responsibility for any tax consequences or liabilities that Mr. Fenkell might incur.

8.  In consideration of the foregoing, the amount of the *supersedeas* bond to be posted shall be $995,345.78 ($2,044,014.42 less $448,668.64 less $600,000).

9.  This Court retains jurisdiction to resolve any dispute related to this order except as otherwise ordered by the U.S. Court of Appeals for the Seventh Circuit.

10. Accordingly, to enforce the Court's judgment and amended judgments (Dkt. Nos. 986 & 999), it is hereby ORDERED AND ADJUDGED AS FOLLOWS:

   i.   Mr. Fenkell's motion for a stay is denied.

   ii.  Mr. Fenkell's Pledge of Collateral Assets (his Alliance ESOP account and Mr. Fenkell's Spencer Turbine Company Phantom Stock Rights) are enforceable.

   iii. By December 9, 2015, Mr. Fenkell is hereby ordered to post a *supersedeas* bond in the amount of $995,345.78.

   iv.  If Mr. Fenkell does not post a *supersedeas* bond in the required amount by December 9, 2015, fines will be imposed consistent with the Court's November 18, 2015 Opinion and Order (Dkt. No. 1121).

BY THE COURT:

/s/ William M. Conley
WILLIAM M. CONLEY
U.S. District Judge

AGREED AS TO FORM AND SUBSTANCE:

/s/David R. Johanson
David R. Johanson, Counsel for Mr. Fenkell

/s/Charles Jackson
Charles Jackson, Counsel for Alliance Holdings, Inc.

/s/Lars Golumbic
Lars Golumbic, Counsel for the Alliance Holdings, Inc. ESOP