IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                       Plaintiffs,                      OPINION AND ORDER

    v.

                                                               09-cv-413-wmc

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                       Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                       Cross Claimants,

    v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                       Cross Defendants.

---

The court is in receipt of "Alliance Parties' Motion that the Sanctions Stipulated in the Court's November 18, 2015 Order (Dkt. #1121) Commence Immediately" (dkt. #1138), and defendant David Fenkell's opposition (dkt. #1141), both of which demonstrate once again that nothing in this case is simple (not that *any* further

demonstration was necessary). First, the Alliance defendants seek to challenge Fenkell's ability to appeal from the court's consent order, essentially on the grounds that having consented to its entry, he lacks standing to appeal it and the Seventh Circuit jurisdiction to consider it. To the extent that Fenkell's unnecessarily complicated notice of appeal from the court's post-judgment rulings could be read to challenge the terms of the consent order itself or of the attached pledge of assets, this court would be inclined to agree. The court, however, sees no necessity to intervene, since it construes the notice of appeal to seek review of the court's earlier orders with regard to restoration of funds to the Alliance ESOP, as well as its imposition of sanctions if that is not done promptly or if a *supersedeas* bond is not filed to assure performance pending appeal. In his response brief, counsel for Fenkell confirms that was his intent. (Fenkell's Resp. (dkt. #1141) 5-9.) Regardless, the Seventh Circuit is certainly capable of discerning its own jurisdiction over any challenge to the consent order, should that have been Fenkell's original intent.

More troubling in the latest notice of appeal is express language suggesting that Fenkell intends to challenge the enforceability of his own pledge of assets, should Alliance be forced to resort to execution on those assets at a later date. To the extent this is a jurisdictional question with regard to the scope of the appeal, the court is again disinclined to interfere. To the extent it is a repudiation of the agreed upon enforceability of the pledge itself, the court cannot ignore possible efforts by Fenkell to repudiate or fail to comply with the court's consent order as just entered, whether intentional or not.

In particular, the Alliance defendants rightly point out that the language of the *supersedeas* bond filed by Fenkell and his surety and the language of his pledge agreement

2

appear different in a material respect, which might allow the surety to withdraw its backing of the *supersedeas* bond even if the Seventh Circuit upholds the basic substance of this court's order for the restoration of funds to the Alliance ESOP. Fenkell, however, swiftly responded to this concern by filing a General Surety Rider which appears to assuage the Alliance defendants' concern. (Dkt. #1140-1.)

As to the possible suggestion that the pledge itself is not enforceable, the court will treat that as an issue for another day, except to note that it was clearly the parties' intent that these pledged assets be fully executable, just as if Fenkell had posted a *supersedeas* bond in the full amount of $2,044,014.42. Any attempt by Fenkell to later dispute the enforceability of the pledge of assets for this purpose would, in the court's view, be both inconsistent with its terms and show bad faith, although in fairness, the current record does not suggest that this was Fenkell's intent.

## ORDER

IT IS ORDERED that defendants Alliance Holdings, Inc. and Alliance Holdings, Inc. Employee Stock Ownership Plan's motion for sanctions (dkt. #1138) is DENIED without fees or costs related to this motion accorded to either side.

Entered this 15th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge